IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TECHNOLOGY PATENTS LLC<br>(Maryland Corporation located in Montgomery<br>County; address on page 4)<br><br>     Plaintiff<br><br>     vs.<br><br>DEUTSCHE TELEKOM AG;<br>T-MOBILE INTERNATIONAL AG & CO.<br>KG; T-MOBILE USA, INC.; T-MOBILE<br>DEUTSCHLAND GMBH; T-MOBILE (UK),<br>LTD.; T-MOBILE AUSTRIA GMBH; T-<br>MOBILE NETHERLANDS B.V.; T-MOBILE<br>CZECH REPUBLIC A.S.; T-MOBILE<br>SLOVENSKO A.S.; T-MOBILE HUNGARY<br>CO. LTD.; VODAFONE GROUP PLC;<br>VODAFONE LIMITED (a.k.a. VODAFONE<br>UK); VODAFONE D2 GMBH (a.k.a.<br>VODAFONE GERMANY); CELLCO<br>PARTNERSHIP d/b/a VERIZON WIRELESS;<br>VODAFONE AUSTRALIA LTD.;<br>VODAFONE NEW ZEALAND LTD.;<br>VODAFONE TELEKOMUNIKASYON A.S.<br>(a.k.a. VODAFONE TURKEY); VODAFONE<br>IRELAND LTD.; VODAFONE PORTUGAL,<br>COMUNICACOES PESSOAIS, S.A.;<br>VODAFONE HUNGARY MOBILE<br>TELECOMMUNICATIONS LTD.;<br>VODAFONE ESPANA S.A.;  VODAFONE<br>LIBERTEL B.V.; VODAFONE OMNITEL<br>N.V.; VODAFONE CZECH REPUBLIC A.S.;<br>VODAFONE-PANAFON HELLENIC<br>TELECOMMUNICATIONS COMPANY S.A.<br>(a.k.a. VODAFONE-PANAFON S.A.); SFR<br>(a.k.a. SOCIETE FRANCAISE DE<br>RADIOTELEPHONE S.A.); VODAFONE<br>ESSAR LTD.; FRANCE TELECOM S.A.;<br>ORANGE S.A.; ORANGE FRANCE S.A.;<br>ORANGE PLC (a.k.a. ORANGE U.K.);<br>ORANGE COMMUNICATIONS S.A. (a.k.a.<br>ORANGE SWITZERLAND); ORANGE<br>SLOVENSKO N.V.; MOBISTAR N.V.; VOX<br>MOBILE S.A.; FRANCE TELECOM<br>ESPANA S.A. (a.k.a. ORANGE SPAIN); | Civil Action No. _____<br><br>**COMPLAINT FOR PATENT<br>INFRINGEMENT**<br><br>(Jury Trial) |

(Continued)                                          )
                                                     )
ORANGE NEDERLAND N.V.;                               )
TELEFONICA, S.A.; TELEFONICA O2                      )
EUROPE PLC (a.k.a. O2 PLC); O2 (UK)                  )
LIMITED; O2 COMMUNICATIONS                           )
(IRELAND) LTD.; O2 (GERMANY) GMBH                    )
& CO. OHG; TELEFONICA O2 CZECH                       )
REPUBLIC, A.S.; TELEFONICA MOVILES                   )
ESPANA, S.A.U.; TELEFONICA MOVILES                   )
MEXICO, S.A. DE C.V.; TELEFONICA                     )
MOVILES ARGENTINA, S.A.; VIVO                        )
PARTICIPACOES, S.A.; VIVO, S.A.;                     )
TELECOM ITALIA S.P.A.; TIM                           )
PARTICIPACOES S.A. (a.k.a. TIM BRAZIL);              )
TIM CELULAR S.A.; AMERICA MOVIL,                     )
S.A.B. DE C.V.; RADIOMOVIL DIPSA, S.A. DE            )
C.V. (a.k.a. TELCEL); BCP S.A. (a.k.a. CLARO         )
BRAZIL); CTI PCS, S.A. (a.k.a. CTI MOVIL); CTI)
COMPANIA DE TELEFONOS DEL INTERIOR,                  )
S.A. (a.k.a. CTI MOVIL); TELECOM PERSONAL )
S.A.; TNL PCS S.A. (a.k.a. OI); LUXGSM S.A.;         )
TDC A/S; TDC SWITZERLAND AG (a.k.a.                  )
SUNRISE); BELGACOM MOBILE S.A. (a.k.a.               )
PROXIMUS); SWISSCOM MOBILE A.G.;                     )
MOBILKOM AUSTRIA AG; ONE GMBH;                       )
BOUYGUES TELECOM S.A.; WIND                          )
TELECOMUNICAZIONI SPA; WIND HELLAS                   )
TELECOMMUNICATIONS S.A.; KONINKLIJKE )
KPN N.V.; KPN MOBILE N.V.; E-PLUS                    )
MOBILFUNK GMBH & CO. KG; BASE                        )
N.V./S.A.; TELENOR MOBILE                            )
COMMUNICATIONS A.S.; TELENOR MOBIL                   )
A.S.; PANNON GSM TELECOMMUNICATIONS )
LTD.; SONOFON A/S; TOTAL ACCESS                      )
COMMUNICATION PLC (a.k.a. DTAC);                     )
NETCOM AS; TANGO S.A.; TURKCELL                      )
ILETISIM HIZMETLERI A.S.; TELIA                      )
DENMARK A/S; HUTCHISON WHAMPOA                       )
LIMITED; HUTCHISON 3G AUSTRIA GMBH;                  )
HUTCHISON 3G UK LIMITED; H3G S.P.A.                  )
(a.k.a. 3 ITALIA); HUTCHISON                         )
TELECOMMUNICATIONS INTERNATIONAL                     )
LIMITED; HUTCHISON                                   )
TELECOMMUNICATIONS (HONG KONG)                       )
LIMITED; BHARTI AIRTEL LIMITED;                      )
                                                     )
                                                     )

(Continued)                                          )
                                                     )
CHINA RESOURCES PEOPLES TELEPHONE                    )
COMPANY LIMITED (a.k.a. PEOPLES); PCCW               )
LIMITED; KABUSHIKI KAISHA NTT DOCOMO;)
TELSTRA CORPORATION LIMITED; CSL NEW )
WORLD MOBILITY LIMITED; IDEA                         )
CELLULAR LIMITED; CHUNGHWA TELECOM )
CO., LTD.; KDDI CORPORATION; SOFTBANK                )
MOBILE CORP.; TMN – TELECOMUNICACOES )
MOVEIS NACIONAIS, S.A.; OPTIMUS                      )
TELECOMUNICACOES, S.A.; AVEA ILETISIM )
HIZMETLERI A.S.; SMARTONE MOBILE                     )
COMMUNICATIONS LIMITED; SINGAPORE                    )
TELECOMMUNICATIONS LIMITED (a.k.a.                   )
SINGTEL); SINGTEL OPTUS PTY LIMITED;                 )
SINGAPORE TELECOM MOBILE PRIVATE                     )
LIMITED; ADVANCED INFO SERVICE PLC                   )
(a.k.a. AIS); TRUE MOVE COMPANY LIMITED;             )
MOBILEONE LTD.; STARHUB MOBILE PTE                   )
LTD; FAR EASTONE TELECOMMUNICATIONS )
CO. LTD.; TAIWAN MOBILE CO., LTD.; KT                )
FREETEL CO., LTD.; BELL MOBILITY INC.;               )
ROGERS WIRELESS INC.; TELE-MOBILE                    )
COMPANY (a.k.a. TELUS MOBILITY); M3                  )
WIRELESS LTD.; BERMUDA DIGITAL                       )
COMMUNICATIONS LTD.; TELECOM MOBILE )
LIMITED; AT&T MOBILITY LLC; CINCINNATI )
BELL WIRELESS LLC; DIGICEL GROUP                     )
LIMITED;  MICROSOFT CORPORATION;                     )
YAHOO! INC.; SPRINT NEXTEL                           )
CORPORATION; MOTOROLA, INC.; PALM,                   )
INC.; SAMSUNG ELECTRONICS CO., LTD.;                 )
SAMSUNG TELECOMMUNICATIONS                           )
AMERICA LLP; LG ELECTRONICS                          )
MOBILECOMM U.S.A., INC.; HELIO, LLC;                 )
CLICKATELL (PTY) LTD; AND UPSIDE                     )
WIRELESS INC. (a.k.a. IPIPI).                        )
                                                     )
[Note:  Defendant addresses on pages 4-31]           )
                                                     )
                  Defendants                         )

Now comes the above named plaintiff and avers against the defendants as the Complaint that:

## I. THE PARTIES

1.  Plaintiff, Technology Patents LLC, is a corporation organized under the laws of the State of Maryland and having a principal place of business in Potomac, Maryland (hereinafter referred to as "TPLLC").  TPLLC has a mailing address of P.O. Box 61220, Potomac, Maryland  20859-1220.

2.  On information and belief, defendant Deutsche Telekom AG is a corporation organized and existing under the laws of Germany, with a place of business at Friedrich Ebert Allee 140, 53113, Bonn, Germany.  Defendant Deutsche Telekom AG controls, and is jointly and severally liable for, the infringing activities of its codefendant subsidiaries:  T-Mobile International AG & Co. KG, T-Mobile USA, Inc., T-Mobile Deutschland GmbH, T-Mobile (UK), Ltd., T-Mobile Austria GmbH, T-Mobile Netherlands B.V., T-Mobile Czech Republic a.s., T-Mobile Slovensko a.s., and T-Mobile Hungary Co. Ltd.  There is an overlapping business relationship with respect to infringing activities between defendant Deutsche Telekom AG and its above listed subsidiaries, which relationship is controlled by Deutsche Telekom AG.

3.  On information and belief, defendant T-Mobile International AG & Co. KG is a German corporation with a place of business at Landgrabenweg 151, 53227 Bonn, Germany.  Defendant T-Mobile International AG & Co. KG is a wholly owned subsidiary of defendant Deutsche Telekom AG.  Defendant T-Mobile International AG & Co. KG controls, and is jointly and severally liable for, the infringing activities of its codefendant subsidiaries:  T-Mobile USA, Inc., T-Mobile Deutschland GmbH, T-Mobile (UK), Ltd., T-Mobile Austria GmbH, T-Mobile Netherlands B.V.,

and T-Mobile Czech Republic a.s.  There is an overlapping business relationship with respect to infringing activities between defendant T-Mobile International AG & Co. KG and its above listed subsidiaries, which relationship is controlled by T-Mobile International AG & Co. KG.

4.   On information and belief, defendant T-Mobile USA, Inc. is a Delaware corporation having a principal place of business at 12920 S.E. 38th Street, Bellevue, WA  98006.  Defendant T-Mobile USA, Inc. is a part of, and a wholly owned subsidiary of, defendant T-Mobile International which in turn is a wholly owned subsidiary of defendant Deutsche Telekom AG.

5.   On information and belief, defendant T-Mobile Deutschland GmbH is a German corporation with a place of business at Landgrabenweg 151, D-300463 Bonn, Germany.  Defendant T-Mobile Deutschland GmbH is a wholly owned subsidiary of defendant T-Mobile International AG & Co. KG  which in turn is a wholly owned subsidiary of defendant Deutsche Telekom AG.

6. On information and belief, defendant T-Mobile (UK), Ltd. has a place of business at Hatfield Business Park, Hatfield, Hertfordshire, AL10 9BW, United Kingdom.  Defendant T-Mobile (UK), Ltd. is a wholly owned subsidiary of defendant T-Mobile International AG & Co. KG which in turn is a wholly owned subsidiary of defendant Deutsche Telekom AG.

7.   On information and belief, defendant T-Mobile Austria GmbH has a place of business at Rennweg 97-99, Vienna, A-1030 Austria.  Defendant T-Mobile Austria GmbH is a wholly owned subsidiary of defendant T-Mobile International AG & Co. KG which in turn is a wholly owned subsidiary of defendant Deutsche Telekom AG.

8.   On information and belief, defendant T-Mobile Netherlands B.V. has a place of business at Waldorpstraat 60, 2521 CC, Den Haag, Netherlands.  Defendant T-Mobile Netherlands B.V. is a wholly owned subsidiary of defendant T-Mobile International AG & Co. KG which in turn is a

wholly owned subsidiary of defendant Deutsche Telekom AG.

9.   On information and belief, defendant T-Mobile Czech Republic a.s. has a place of business at Tomickova 2144/1, Prague 4, 149 00, Czech Republic.  Defendant T-Mobile Czech Republic a.s. is a subsidiary of defendant T-Mobile International AG & Co. KG which in turn is a wholly owned subsidiary of defendant Deutsche Telekom AG.

10.   On information and belief, defendant T-Mobile Slovensko a.s. has a place of business at Vajnorska 100A, Bratislava, 83103  Slovakia.  Defendant T-Mobile Slovensko a.s. is a subsidiary of defendant Deutsche Telekom AG.

11.   On information and belief, defendant T-Mobile Hungary Co. Ltd. has a principal place of business at Kaposvar u 5-7, Budapest, 1117, Hungary.  Defendant T-Mobile Hungary Co. Ltd. is a subsidiary of defendant Deutsche Telekom AG.

12.   On information and belief, defendant Vodafone Group Public Limited Company is a corporation organized and existing under the laws of England, with a principal place of business at Vodafone House, The Connection, Newbury, Berkshire RG14 2FN, United Kingdom.  Defendant Vodafone Group Public Limited Company controls, and is jointly and severally liable for, the infringing activities of its codefendant subsidiaries:  Vodafone Limited (a.k.a. Vodafone UK); Vodafone D2 GmbH (a.k.a. Vodafone Germany); Vodafone Australia Ltd.; Vodafone New Zealand Ltd.; Vodafone Telekomunikasyon A.S. (a.k.a. Vodafone Turkey); Vodafone Ireland Limited; Vodafone Portugal, Comunicacoes Pessoais, S.A.; Vodafone Hungary Mobile Telecommunications Limited; Vodafone Espana S.A. (a.k.a. Vodafone Spain); Vodafone Libertel B.V. (a.k.a. Vodafone Netherlands); Vodafone Omnitel N.V. (a.k.a. Vodafone Italy); Vodafone Czech Republic A.S.; Vodafone-Panafon Hellenic Telecommunications Company S.A. (a.k.a. Vodafone Greece); and

Vodafone Essar Ltd.  There is an overlapping business relationship with respect to infringing activities between defendant Vodafone Group Public Limited Company and its above listed subsidiaries, which relationship is controlled by Vodafone Group Public Limited Company.

13.  On information and belief, defendant Vodafone Limited (a.k.a. Vodafone UK) is a corporation organized and existing under the laws of England, with a principal place of business at Vodafone House, The Connection, Newbury, Berkshire, RG13 1LK, United Kingdom.  Defendant Vodafone Limited is a wholly owned subsidiary of defendant Vodafone Group Public Limited Company (Vodafone Group Plc).

14.  On information and belief, defendant Vodafone D2 GmbH (a.k.a. Vodafone Germany) is a corporation organized and existing under the laws of Germany, with a principal place of business at Am Seestern 1, Dusseldorf, D-40547, Germany.  Defendant Vodafone D2 GmbH (a.k.a. Vodafone Germany) is a wholly owned subsidiary of defendant Vodafone Group Public Limited Company.

15.  On information and belief, defendant Cellco Partnership d/b/a Verizon Wireless is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920.  Defendant Cellco Partnership d/b/a Verizon Wireless is a joint venture between defendant Vodafone Group Public Limited Company and Verizon Communications.

16.  On information and belief, defendant Vodafone Australia Ltd. is a corporation organized and existing under the laws of Australia, with a principal place of business at Tower A, 799 Pacific Highway, Chatswood, NSW, 2057, Australia.  Defendant Vodafone Australia Ltd. is a wholly owned subsidiary of defendant Vodafone Group Public Limited Company.

17.  On information and belief, defendant Vodafone New Zealand Ltd. is a corporation organized and existing under the laws of New Zealand, with a principal place of business at Level 5, 21 Pitt Street, Private Bag 92161, Aukland, 1020, New Zealand.  Defendant Vodafone New Zealand Ltd. is a wholly owned subsidiary of defendant Vodafone Group Public Limited Company.

18.  On information and belief, defendant Vodafone Telekomunikasyon A.S. (a.k.a. Vodafone Turkey) is a corporation organized and existing under the laws of Turkey, with a principal place of business at Rumeli Plaza, Mehmet Akif Mh, Inonu Cad 2, Ikitelli, Istanbul, 34303, Turkey. Defendant Vodafone Telekomunikasyon A.S. (a.k.a. Vodafone Turkey) is a wholly owned subsidiary of defendant Vodafone Group Public Limited Company.

19.  On information and belief, defendant Vodafone Ireland Ltd. is a corporation organized and existing under the laws of Ireland, with a principal place of business at Mountain View, Leopardstown, IRL-Dublin, 18 Ireland.  Defendant Vodafone Ireland Ltd. is a wholly owned subsidiary of defendant Vodafone Group Public Limited Company.

20.  On information and belief, defendant Vodafone Portugal, Comunicacoes Pessoais, S.A. is a corporation organized and existing under the laws of Portugal, with a principal place of business at Parque das Nacoes, Avenida d. Joao II – Lote 1.04.01, Piso 8 – Ala Sul, Lisbon, P-1990-093, Portugal.  Defendant Vodafone Portugal, Comunicacoes Pessoais, S.A. is a wholly owned subsidiary of defendant Vodafone Group Public Limited Company.

21.  On information and belief, defendant Vodafone Hungary Mobile Telecommunications Limited is a corporation organized and existing under the laws of Hungary, with a principal place of business at Vaci u. 1-3, Budapest, H-1062, Hungary.  Defendant Vodafone Hungary Mobile Telecommunications Limited is a wholly owned subsidiary of defendant Vodafone Group Public

Limited Company.

22.  On information and belief, defendant Vodafone Espana S.A. (a.k.a. Vodafone Spain) is a corporation organized and existing under the laws of Spain, with a principal place of business at Avenida de Europa 1, Parque Empresarial la Moralejela, Alcobendas, Madrid, E-28108, Spain. Defendant Vodafone Espana S.A. (a.k.a. Vodafone Spain) is a wholly owned subsidiary of defendant Vodafone Group Public Limited Company.

23.  On information and belief, defendant Vodafone Libertel B.V. (a.k.a. Vodafone Netherlands) is a corporation organized and existing under the laws of The Netherlands, with a principal place of business at Avenue Ceramique 300, KX Maastricht, NL-6221, Netherlands. Defendant Vodafone Libertel B.V. (a.k.a. Vodafone Netherlands) is a wholly owned subsidiary of defendant Vodafone Group Public Limited Company.

24.  On information and belief, defendant Vodafone Omnitel N.V. (a.k.a. Vodafone Italy) is a corporation organized and existing under the laws of Italy, with a principal place of business at Via Caboto 15, Milan, I-20094, Italy.  Defendant Vodafone Omnitel N.V. (a.k.a. Vodafone Italy) is a subsidiary of defendant Vodafone Group Public Limited Company.

25.  On information and belief, defendant Vodafone Czech Republic A.S. is a corporation organized and existing under the laws of the Czech Republic, with a principal place of business at Vinohradska 167, Prague 10, 100 00, Czech Republic.  Defendant Vodafone Czech Republic A.S. is a wholly owned subsidiary of defendant Vodafone Group Public Limited Company.

26.  On information and belief, defendant Vodafone-Panafon Hellenic Telecommunications Company S.A. (a.k.a. Vodafone-Panafon S.A.) is a corporation organized and existing under the laws of Greece, with a principal place of business at 1-3 Tzavella str., 152 31 Halandri, Greece.

Defendant Vodafone-Panafon Hellenic Telecommunications Company S.A. (a.k.a. Vodafone-Panafon S.A.) is a subsidiary of defendant Vodafone Group Public Limited Company, with defendant Vodafone Group Public Limited Company owning over 99% of defendant Vodafone-Panafon Hellenic Telecommunications Company S.A. (a.k.a. Vodafone-Panafon S.A.).

27. On information and belief, defendant SFR (a.k.a. Societe Francaise de Radiotelephone S.A.) is a corporation organized and existing under the laws of France, with a principal place of business at 1 place Carpeaux, La Defense Cedex, Paris, 92915, France. Defendant SFR (a.k.a. Societe Francaise de Radiotelephone S.A.) is a subsidiary of defendant Vodafone Group Public Limited Company.

28. On information and belief, defendant Vodafone Essar Ltd. (formerly Hutchison Essar Ltd.) is a corporation organized and existing under the laws of India, with a principal place of business at Hutch House, Peninsula Corporate Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai, 400013, India. Defendant Vodafone Essar Ltd. is a subsidiary of defendant Vodafone Group Public Limited Company.

29. On information and belief, defendant France Telecom S.A. is a corporation organized and existing under the laws of France, with a place of business at 6 Place D'Alleray, Paris Cedex 15, Paris, 75505, France. Defendant France Telecom S.A. owns and controls, and is jointly and severally liable for, the infringing activities of its codefendant subsidiaries: Orange S.A.; Orange France S.A.; Orange Plc (a.k.a. Orange U.K.); Orange Communications S.A. (a.k.a. Orange Switzerland); Orange Slovensko A.S.; Mobistar N.V.; Vox Mobile S.A.; France Telecom Espana S.A. (a.k.a. Orange Spain); and Orange Nederland N.V. There is an overlapping business relationship with respect to infringing activities between defendant France Telecom S.A. and its

above listed subsidiaries, which relationship is controlled by France Telecom S.A.

30.  On information and belief, defendant Orange S.A. is a corporation organized and existing under the laws of France, with a place of business at 6 Place D'Alleray, Paris Cedex 15, Paris, 75505, France.  Defendant Orange S.A. controls, and is jointly and severally liable for, the infringing activities of its codefendant subsidiaries:  Orange France S.A.; Orange Plc (a.k.a. Orange U.K.); Orange Communications S.A. (a.k.a. Orange Switzerland); Orange Slovensko A.S.; Mobistar N.V.; Vox Mobile S.A.; and Orange Nederland N.V.  There is an overlapping business relationship with respect to infringing activities between defendant Orange S.A. and its above listed subsidiaries, which relationship is controlled by Orange S.A.

31.  On information and belief, defendant Orange France S.A. is a corporation organized and existing under the laws of France, with a place of business at 6 Place D'Alleray, Paris Cedex, F-75505, France.  Defendant Orange France S.A. is a wholly owned subsidiary of defendant Orange S.A.

32.  On information and belief, defendant Orange Plc (a.k.a. Orange U.K.) is a corporation organized and existing under the laws of England, with a place of business at 50 George Street, London, W1U 7DZ, United Kingdom.  Defendant Orange Plc (a.k.a. Orange U.K.) is a wholly owned subsidiary of defendant Orange S.A.

33.  On information and belief, defendant Orange Communications S.A. (a.k.a. Orange Switzerland) is a corporation organized and existing under the laws of Switzerland, with a place of business at World Trade Centre, Avenue Gratta-Paille 2, Case postale 455, 1000 Lausanne 30 Grey, Switzerland.  Defendant Orange Communications S.A. (a.k.a. Orange Switzerland) is a wholly owned subsidiary of defendant Orange S.A.

34.   On information and belief, defendant Orange Slovensko A.S. is a corporation organized and existing under the laws of Slovakia, with a place of business at Prievozska 6A, Bratislava, 82109, Slovakia.  Defendant Orange Slovensko A.S. is a wholly owned subsidiary of defendant Orange S.A.

35.   On information and belief, defendant Mobistar N.V. is a corporation organized and existing under the laws of Belgium, with a place of business at Rue Colonel Bourg 149, 1140 Brussels, Belgium.  Defendant Mobistar N.V. is a subsidiary of defendant Orange S.A.  Defendant Mobistar N.V. controls, and is jointly and severally liable for, the infringing activities of its codefendant subsidiary Vox Mobile S.A.  There is an overlapping business relationship with respect to infringing activities between defendant Mobistar N.V. and its above listed subsidiary Vox Mobile S.A., which relationship is controlled by Mobistar N.V.

36.   On information and belief, defendant Vox Mobile S.A. is a corporation organized and existing under the laws of Luxembourg, with a place of business at 8 Z.A.I. Bourmicht, Bertrange, L-8070, Luxembourg.  Defendant Vox Mobile S.A. is a subsidiary of Mobistar N.V., which in turn is a subsidiary of defendant Orange S.A.

37.   On information and belief, defendant France Telecom Espana S.A. (a.k.a. Orange Spain) is a corporation organized and existing under the laws of Spain, with a place of business at Parque Empresarial La Finca, Pasco del Club Deportivo, 1 Edif. 8 y 9, Pozuelo de Alarcon  28223, Madrid, Spain.  Defendant France Telecom Espana S.A. (a.k.a. Orange Spain) is a subsidiary of France Telecom which in turn owns defendant Orange S.A.

38.   On information and belief, defendant Orange Nederland N.V. is a corporation organized and existing under the laws of The Netherlands, with a place of business at Groenhovenstraat 2,

2596 HT Den Haag, Postbus 95313 2509 CH Den Haag, The Netherlands.  Defendant Orange

Nederland N.V. is a wholly owned subsidiary of defendant Orange S.A.

39.  On information and belief, defendant Telefonica, S.A. is a corporation organized and

existing under the laws of Spain, with a principal place of business at Gran Via 28, planta 3a,

Madrid, E-28013, Spain.  Defendant Telefonica, S.A. owns and controls, and is jointly and severally

liable for, the infringing activities of its codefendant subsidiaries:  Telefonica O2 Europe Plc (a.k.a.

O2 Plc); O2 (UK) Limited; O2 Communications (Ireland) Ltd.; O2 (Germany) GmbH & Co. OHG;

Telefonica O2 Czech Republic, a.s.; Telefonica Moviles Espana, S.A.U.; Telefonica Moviles

Mexico, S.A. de C.V.;  Telefonica Moviles Argentina, S.A.; Vivo Participacoes, S.A.; and Vivo S.A.

There is an overlapping business relationship with respect to infringing activities between defendant

Telefonica, S.A. and its above listed subsidiaries, which relationship is controlled by Telefonica,

S.A.

40.  On information and belief, defendant Telefonica O2 Europe Plc (a.k.a. O2 Plc) is a

corporation organized and existing under the laws of the United Kingdom, with a principal place of

business at 2007 Wellington Street, Slough, Berkshire SL1 1YP, United Kingdom.  Defendant

Telefonica O2 Europe Plc (a.k.a. O2 Plc) is a wholly owned subsidiary of defendant Telefonica, S.A.

Defendant Telefonica O2 Europe Plc (a.k.a. O2 Plc) owns and controls, and is jointly and severally

liable for, the infringing activities of its codefendant subsidiaries:  O2 (UK) Limited; O2

Communications (Ireland) Ltd.; and O2 (Germany) GmbH & Co. OHG.  There is an overlapping

business relationship with respect to infringing activities between defendant Telefonica O2 Europe

Plc (a.k.a. O2 Plc) and its above listed subsidiaries, which relationship is controlled by Telefonica

O2 Europe Plc (a.k.a. O2 Plc).

41.  On information and belief, defendant O2 (UK) Limited is a corporation organized and existing under the laws of the United Kingdom, with a principal place of business at 260 Bath Road, Slough, Berkshire SL1 4DX, United Kingdom.  Defendant O2 (UK) Limited is a wholly owned subsidiary of defendant Telefonica O2 Europe Plc (a.k.a. O2 Plc) which in turn is wholly owned by defendant Telefonica, S.A.

42.  On information and belief, defendant O2 Communications (Ireland) Ltd. is a corporation organized and existing under the laws of Ireland, with a principal place of business at 28/29 Sir John Rogerson's Quay, Dublin 2, Ireland.  Defendant O2 Communications (Ireland) Ltd. is a wholly owned subsidiary of defendant Telefonica O2 Europe Plc (a.k.a. O2 Plc) which in turn is wholly owned by defendant Telefonica, S.A.

43.  On information and belief, defendant O2 (Germany) GmbH & Co. OHG is a corporation organized and existing under the laws of Germany, with a principal place of business at Georg Brauchle Ring 23-25, Munich, D-80992, Germany.  Defendant O2 (Germany) GmbH & Co. OHG is a wholly owned subsidiary of defendant Telefonica O2 Europe Plc (a.k.a. O2 Plc) which in turn is wholly owned by defendant Telefonica, S.A.

44.  On information and belief, defendant Telefonica O2 Czech Republic, a.s. is a corporation organized and existing under the laws of the Czech Republic, with a principal place of business at Olsanska 5, Prague 3, 130 34, Czech Republic.  Defendant Telefonica O2 Czech Republic, a.s. is a subsidiary of defendant Telefonica, S.A.

45.  On information and belief, defendant Telefonica Moviles Espana, S.A.U. is a corporation organized and existing under the laws of Spain, with a principal place of business at Plaza de la Independencia, 6, Madrid, E-28001, Spain.  Defendant Telefonica Moviles Espana,

S.A.U. is a wholly owned subsidiary of defendant Telefonica, S.A.

46.  On information and belief, defendant Telefonica Moviles Mexico, S.A. de C.V. is a corporation organized and existing under the laws of Mexico, with a principal place of business at Prolongacion Paseo de la Reforma 1200 Col. Cruz Manca, Mexico City, 05349, Mexico.  Defendant Telefonica Moviles Mexico, S.A. de C.V. is a wholly owned subsidiary of defendant Telefonica, S.A.

47.  On information and belief, defendant Telefonica Moviles Argentina, S.A. (a.k.a. Movistar) (formerly known as Telefonica Comunicaciones Personales S.A.) is a corporation organized and existing under the laws of Argentina, with a principal place of business at Ing. Enrique Butty 240, Piso 20, (C1001AFB) – Ciudad Autonoma de Buenos Aires, Argentina. Defendant Telefonica Moviles Argentina, S.A. is a wholly owned subsidiary, directly or indirectly, of defendant Telefonica, S.A.

48.  On information and belief, defendant Vivo Participacoes, S.A. is a corporation organized and existing under the laws of Brazil, with a principal place of business at Av. Roque Petroni Jr., no. 1464, 6th Floor, 04707-000, Sao Paulo, Brazil.  Defendant Vivo Participacoes, S.A. is an indirect subsidiary of defendant Telefonica, S.A.  Defendant Vivo Participacoes, S.A. owns and controls, and is jointly and severally liable for, the infringing activities of its wholly owned codefendant subsidiary Vivo A.S.

49.  On information and belief, defendant Vivo S.A. is a corporation organized and existing under the laws of Brazil, with a principal place of business at Avenida Higienopolis, 1365, Centro, Londrina/PR, Brazil.  Defendant Vivo S.A. is a wholly owned subsidiary of defendant Vivo Participacoes, S.A. which in turn is an indirect subsidiary of defendant Telefonica, S.A.

50.   On information and belief, defendant Telecom Italia S.p.A. (a.k.a. TIM) is a corporation organized and existing under the laws of Italy, with a principal place of business at Piazza degli Affari 2, 20123 Milan, Italy.  Defendant Telecom Italia S.p.A. owns and controls, and is jointly and severally liable for, the infringing activities of its codefendant subsidiaries:  Tim Participacoes S.A. (a.k.a. TIM Brazil), and Tim Celular S.A.  There is an overlapping business relationship with respect to infringing activities between defendant Telecom Italia S.p.A. and its above listed subsidiaries, which relationship is controlled by Telecom Italia S.p.A.

51.   On information and belief, defendant Tim Participacoes S.A. (a.k.a. TIM Brazil) is a corporation organized and existing under the laws of Brazil, with a principal place of business at Av. Das Americas, 3434, Bloco 1, 7th floor, Rio de Janeiro,  22640-102, Brazil.  Defendant Tim Participacoes S.A. is an indirect subsidiary of defendant Telecom Italia S.p.A.

52.   On information and belief, defendant Tim Celular S.A. is a corporation organized and existing under the laws of Brazil, with a principal place of business at Av. Giovanni Gronchi, 7143 – Vila Andrade, Sao Paulo, Brazil.  Defendant Tim Celular S.A. is a wholly owned subsidiary of defendant Tim Participacoes S.A. which in turn is an indirect subsidiary of defendant Telecom Italia S.p.A.

53.   On information and belief, defendant America Movil, S.A.B. de C.V. is a corporation organized and existing under the laws of Mexico, with a principal place of business at Lago Alberto 366, Edificio Telcel I, Piso I, Colonia Anahuac, 11320, Mexico D.F., Mexico.  Defendant America Movil, S.A.B. de C.V. owns and controls, and is jointly and severally liable for, the infringing activities of its codefendant subsidiaries:  Radiomovil Dipsa, S.A. de C.V. (a.k.a. Telcel); BCP S.A. (a.k.a. Claro Brazil); CTI PCS, S.A. (a.k.a. CTI Movil); and CTI Compania de Telefonos del Interior,

S.A. (a.k.a. CTI Movil).  There is an overlapping business relationship with respect to infringing

activities between defendant America Movil, S.A.B. de C.V. and its above listed subsidiaries, which

relationship is controlled by America Movil, S.A.B. de C.V.

54.  On information and belief, defendant Radiomovil Dipsa, S.A. de C.V. (a.k.a. Telcel) is a

corporation organized and existing under the laws of Mexico, with a principal place of business at

Lago Alberto 366, Edificio Telcel I, Piso I, Colonia Anahuac, 11320, Mexico D.F., Mexico.

Defendant Radiomovil Dipsa, S.A. de C.V. (a.k.a. Telcel) is a wholly owned subsidiary of defendant

America Movil, S.A.B. de C.V.

55.  On information and belief, defendant BCP S.A. (a.k.a. Claro Brazil) is a corporation

organized and existing under the laws of Brazil, with a principal place of business at Rua Florida

1970, Sao Paulo, Brazil.  Defendant BCP S.A. is a subsidiary of defendant America Movil, S.A.B.

de C.V.

56.  On information and belief, defendant CTI PCS, S.A. (a.k.a. CTI Movil) is a corporation

organized and existing under the laws of Argentina, with a principal place of business at Av.

Figueroa Alcorta 3259, Buenos Aires, 1425, Argentina.  Defendant CTI PCS, S.A. (a.k.a. CTI Movil)

is a wholly owned subsidiary of defendant America Movil, S.A.B. de C.V.

57.  On information and belief, defendant CTI Compania de Telefonos del Interior, S.A.

(a.k.a. CTI Movil) is a corporation organized and existing under the laws of Argentina, with a

principal place of business at Av. Figueroa Alcorta 3259, Buenos Aires, 1425, Argentina.

Defendant CTI Compania de Telefonos del Interior, S.A. (a.k.a. CTI Movil) is a wholly owned

subsidiary of defendant America Movil, S.A.B. de C.V.

58.  On information and belief, defendant Telecom Personal S.A. is a corporation organized

and existing under the laws of Argentina, with a principal place of business at Alicia Moreau de Justo 50, C1103AAB, Buenos Aires, Argentina.

59.  On information and belief, defendant TNL PCS S.A. (a.k.a. Oi) is a corporation organized and existing under the laws of Brazil, with a principal place of business at Rua Jangadeiros 48 – Ipanema, Rio de Janeiro, RJ 22420-010, Brazil.

60.  On information and belief, defendant LUXGSM S.A. (a.k.a. P&T Luxembourg) is a corporation organized and existing under the laws of Luxembourg, with a principal place of business at 90A rue de Strasbourg, Luxembourg, L-1011, Luxembourg.

61.  On information and belief, defendant TDC A/S is a corporation organized and existing under the laws of Denmark, with a principal place of business at Norregade 21, Copenhagen C, DK-0900, Denmark.  TDC A/S, *inter alia*, operates and controls mobile/wireless services based in Denmark.  Defendant TDS A/S owns and controls, and is jointly and severally liable for, the infringing activities of its codefendant subsidiary TDC Switzerland AG (a.k.a. Sunrise).  There is an overlapping business relationship with respect to infringing activities between defendant TDC A/S and its above listed subsidiary TDC Switzerland AG (a.k.a. Sunrise), which relationship is controlled by TDC A/S.

62.  On information and belief, defendant TDC Switzerland AG (a.k.a. Sunrise) is a corporation organized and existing under the laws of Switzerland, with a principal place of business at Hagenholzstrasse 20/22, CH-8050, Zurich, Switzerland.  Defendant TDC Switzerland AG (a.k.a. Sunrise) is a wholly owned subsidiary of defendant TDC A/S.

63.  On information and belief, defendant Belgacom Mobile S.A. (a.k.a. Proximus) is a corporation organized and existing under the laws of Belgium, with a principal place of business at

Rue du Progres 55, Brussels, B-1210, Belgium.

64.   On information and belief, defendant Swisscom Mobile AG is a corporation organized and existing under the laws of Switzerland, with a principal place of business at Waldeggstrasse 51, 3097 Liebefeld, Switzerland.

65.   On information and belief, defendant Mobilkom Austria AG is a corporation organized and existing under the laws of Austria, with a principal place of business at Obere Donaustrasse 29, 1020 Vienna, Austria.

66.   On information and belief, defendant ONE GmbH is a corporation organized and existing under the laws of Austria, with a principal place of business at Brunner Strasse 52, A-1210 Vienna, Austria.

67.   On information and belief, defendant Bouygues Telecom S.A. is a corporation organized and existing under the laws of France, with a principal place of business at 20 quai du Point du Jour, 92100 Boulogne Billancourt, France.

68.   On information and belief, defendant Wind Telecomunicazioni SpA is a corporation organized and existing under the laws of Italy, with a principal place of business at Via C.G. Viola 48, 00148 Rome, Italy.

69.   On information and belief, defendant Wind Hellas Telecommunications S.A. is a corporation organized and existing under the laws of Greece, with a principal place of business at 66 Kifissias Avenue, 15125 Maroussi, Athens, Greece.  Defendants Wind Telecomunicazioni SpA and Wind Hellas Telecommunications S.A. are commonly owned.

70.   On information and belief, defendant Koninklijke KPN N.V. is a corporation organized and existing under the laws of The Netherlands, with a principal place of business at Maanplein 55,

2516 CK The Hague, The Netherlands.  Defendant Koninklijke KPN N.V. owns and controls, and is jointly and severally liable for, the infringing activities of its codefendant subsidiaries:  KPN Mobile N.V.; E-Plus Mobilfunk GmbH & Co. KG; and BASE N.V./S.A.  There is an overlapping business relationship with respect to infringing activities between defendant Koninklijke KPN N.V. and its above listed subsidiaries, which relationship is controlled by Koninklijke KPN N.V.

71.  On information and belief, defendant KPN Mobile N.V. is a corporation organized and existing under the laws of The Netherlands, with a principal place of business at Maanplein 55, 2516 CK The Hague, The Netherlands.  KPN Mobile N.V. is a wholly owned subsidiary of defendant Koninklijke KPN N.V.  Defendant KPN Mobile N.V. owns and controls, and is jointly and severally liable for, the infringing activities of its codefendant subsidiaries:  E-Plus Mobilfunk GmbH & Co. KG; and BASE N.V./S.A.  There is an overlapping business relationship with respect to infringing activities between defendant KPN Mobile N.V. and its above listed subsidiaries, which relationship is controlled by KPN Mobile N.V.

72.  On information and belief, defendant E-Plus Mobilfunk GmbH & Co. KG is a corporation organized and existing under the laws of Germany, with a principal place of business at E-Plus Platz 1, D-40468 Dusseldorf, Germany.  Defendant E-Plus Mobilfunk GmbH & Co. KG is a wholly owned subsidiary of defendant Koninklijke KPN N.V., and is also a subsidiary of defendant KPN Mobile N.V.

73.  On information and belief, defendant BASE N.V./S.A. is a corporation organized and existing under the laws of Belgium, with a principal place of business at rue Neerveldstraat 105, 1200 Brussels, Belgium.  Defendant BASE N.V./S.A. is a wholly owned subsidiary of defendant KPN MOBILE N.V., and is also a wholly owned subsidiary of defendant Koninklijke KPN N.V.

74.  On information and belief, defendant Telenor Mobile Communications A.S. is a corporation organized and existing under the laws of Norway, with a principal place of business at Snaroyveien 30, N-1331 Fornebu, Norway.  Defendant Telenor Mobile Communications A.S. owns and controls, and is jointly and severally liable for, the infringing activities of its codefendant subsidiaries:  Telenor Mobil A.S.; Pannon GSM Telecommunications Ltd.; Sonofon A/S; and Total Access Communication Plc (a.k.a. DTAC).  There is an overlapping business relationship with respect to infringing activities between defendant Telenor Mobile Communications A.S. and its above listed subsidiaries, which relationship is controlled by Telenor Mobile Communications A.S.

75.  On information and belief, defendant Telenor Mobil A.S. is a corporation organized and existing under the laws of Norway, with a principal place of business at Snaroyveien 30, N-1331 Fornebu, Norway.  Telenor Mobil A.S. is a wholly owned subsidiary of defendant Telenor Mobile Communications A.S.

76.  On information and belief, defendant Pannon GSM Telecommunications Ltd. is a corporation organized and existing under the laws of Hungary, with a principal place of business at 2040 Budaors, Baross u. 165, Hungary.  Pannon GSM Telecommunications Ltd. is a wholly owned subsidiary of defendant Telenor Mobile Communications A.S.

77.  On information and belief, defendant Sonofon A/S is a corporation organized and existing under the laws of Denmark, with a principal place of business at Skelagervej 9, 9000 Aalborg, Denmark.  Sonofon A/S is a wholly owned subsidiary of defendant Telenor Mobile Communications A.S.

78.  On information and belief, defendant Total Access Communication Plc (a.k.a. DTAC) is a corporation organized and existing under the laws of Thailand, with a principal place of business

at 333/3 Moo 14 Chai Building, Vibhavadi Rangsit Rd., Chomphon, Chatuchak, Bangkok 10900,

Thailand.  Total Access Communication Plc (a.k.a. DTAC) is a subsidiary of defendant Telenor

Mobile Communications A.S.

79.  On information and belief, defendant NetCom AS is a corporation organized and

existing under the laws of Norway, with a principal place of business at Sandakerveien 140, 0485

Oslo, Norway.

80.  On information and belief, defendant Tango S.A. is a corporation organized and existing

under the laws of Luxembourg, with a principal place of business at 75 route de Longwy, Bertrange

L-8080, Luxembourg.

81.  On information and belief, defendant Turkcell Iletisim Hizmetleri A.S. (a.k.a. Turkcell)

is a corporation organized and existing under the laws of Turkey, with a principal place of business

at Turkcell Plaza, Mesrutiyet Caddesi No. 71, 34430 Tepebasi, Istanbul, Turkey.

82.  On information and belief, defendant Telia Denmark A/S is a corporation organized and

existing under the laws of Denmark, with a principal place of business at Holmbladsgade 139, 2300

Kobenhavn S, Denmark.

83.  On information and belief, defendant Hutchison Whampoa Limited is a corporation

organized and existing under the laws of Hong Kong, with a principal place of business at Hutchison

House 22/F, 10 Harcourt Rd., Central, Hong Kong.  Defendant Hutchison Whampoa Limited owns

and controls, and is jointly and severally liable for, the infringing activities of its codefendant

subsidiaries:  Hutchison 3G Austria GmbH; Hutchison 3G UK Limited; H3G S.p.A. (a.k.a. 3 Italia);

Hutchison Telecommunications International Limited; and Hutchison Telecommunications (Hong

Kong) Limited.  There is an overlapping business relationship with respect to infringing activities

between defendant Hutchison Whampoa Limited and its above listed subsidiaries, which relationship is controlled by Hutchison Whampoa Limited.

84.  On information and belief, defendant Hutchison 3G Austria GmbH is a corporation organized and existing under the laws of Austria, with a principal place of business at Gasometer C, Guglgasse 12/10/3d Floor, 1110 Vienna, Austria.  Hutchison 3G Austria GmbH is a wholly owned subsidiary of defendant Hutchison Whampoa Limited.

85.  On information and belief, defendant Hutchison 3G UK Limited is a corporation organized and existing under the laws of the United Kingdom, with a principal place of business at Hutchison House, 5 Hester Road, London SW11 4AN, United Kingdom.  Hutchison 3G UK Limited is a wholly owned subsidiary of defendant Hutchison Whampoa Limited.

86.  On information and belief, defendant H3G S.p.A. (a.k.a. 3 Italia) is a corporation organized and existing under the laws of Italy, with a principal place of business at Via Leonardo da Vinci, 1-20090 Trezzano Sul Naviglio, Milano, Italy.  H3G S.p.A. (a.k.a. 3 Italia) is a subsidiary of defendant Hutchison Whampoa Limited.

87.  On information and belief, defendant Hutchison Telecommunications International Limited is a corporation organized and existing under the laws of the Cayman Islands, with a principal place of business at 20/F Hutchison Telecom Tower, 99 Cheung Fai Rd., Tsing Yi, Hong Kong.  Hutchison Telecommunications International Limited is a subsidiary of defendant Hutchison Whampoa Limited.  Defendant Hutchison Telecommunications International Limited owns and controls, and is jointly and severally liable for, the infringing activities of at least its codefendant subsidiary Hutchison Telecommunications (Hong Kong) Limited.  There is an overlapping business relationship with respect to infringing activities between defendant Hutchison Telecommunications

International Limited and its above listed subsidiary, which relationship is controlled by Hutchison Telecommunications International Limited.

88.  On information and belief, defendant Hutchison Telecommunications (Hong Kong) Limited is a corporation organized and existing under the laws of Hong Kong, with a principal place of business at 17/F Hutchison Telecom Tower, 99 Cheung Fai Rd., Tsing Yi, Hong Kong. Hutchison Telecommunications (Hong Kong) Limited is a wholly owned subsidiary of defendant Hutchison Telecommunications International Limited which in turn is a subsidiary of defendant Hutchison Whampoa Limited.

89.  On information and belief, defendant Bharti Airtel Limited (a.k.a. Airtel) is corporation organized and existing under the laws of India, with a principal place of business at Qutab Ambience (at Qutab Minar), Mehravli Road, New Delhi – 110 030, India.

90.  On information and belief, defendant China Resources Peoples Telephone Company Limited (a.k.a., Peoples) is a corporation organized and existing under the laws of Hong Kong, with a principal place of business at 8/F Manhattan Centre, 8 Kwai Cheong Road, Kwai Chung, New Territories, Hong Kong.

91.  On information and belief, defendant PCCW Limited is a corporation organized and existing under the laws of Hong Kong, with a principal place of business at 39th Floor, PCCW Tower, TaiKoo Place, 979 Kings Road, Quarry Bay, Hong Kong.

92.  On information and belief, defendant Kabushiki Kaisha NTT DoCoMo is a corporation organized and existing under the laws of Japan, with a principal place of business at Sanno Park Tower, 11-1, Nagata-cho 2-chome, Chiyoda-ku, Tokyo  100-6150, Japan.

93.  On information and belief, defendant Telstra Corporation Limited is a corporation

organized and existing under the laws of Australia, with a place of business at 242 Exhibition Street, Melbourne, Victoria 3000, Australia.  Defendant Telstra Corporation Limited owns and controls, and is jointly and severally liable for, the infringing activities of its codefendant subsidiary CSL New World Mobility Limited.  There is an overlapping business relationship with respect to infringing activities between defendant Telstra Corporation Limited and its above listed subsidiary, which relationship is controlled by Telstra Corporation Limited.

94.   On information and belief, defendant CSL New World Mobility Limited is a corporation organized and existing under the laws of Hong Kong, having a principal place of business at Unit 501-8, 5/F Cyberport 3, 100 Cyberport Road, Hong Kong.  CSL New World Mobility Limited is a subsidiary of defendant Telstra Corporation Limited.

95.   On information and belief, defendant Idea Cellular Limited is a corporation organized and existing under the laws of India, having a principal place of business at Suman Tower, Plot No. 18, Sector 11, Gandhinagar-382 011, Gujarat, India.

96.   On information and belief, defendant Chunghwa Telecom Co., Ltd. is a corporation organized and existing under the laws of Taiwan, having a principal place of business at 21-3 Hsinyi Road, Section 1, Taipei, Taiwan, Republic of China (R.O.C.).

97.   On information and belief, defendant KDDI Corporation is a corporation organized and existing under the laws of Japan, having a principal place of business at Garden Air Tower, 10-10, Iidabashi 3-chome, Chiyoda-ku, Tokyo 102-8460, Japan.

98.   On information and belief, defendant Softbank Mobile Corp. (formerly Vodafone K.K.) is a corporation organized and existing under the laws of Japan, having a principal place of business at 1-9-1 Higashi-shimbashi, Minato-ku, Tokyo, 105-7317, Japan.

99.   On information and belief, defendant TMN – Telecomunicacoes Moveis Nacionais, S.A. is a corporation organized and existing under the laws of Portugal, having a principal place of business at Avenida Alvaro Pais, 2, 1649-041 Lisbon, Portugal.

100.   On information and belief, defendant Optimus Telecomunicacoes, S.A. is a corporation organized and existing under the laws of Portugal, having a principal place of business at Rua Henrique Pousao, 432, 4460-841 Senhora da Hora, Portugal.

101.   On information and belief, defendant Avea Iletisim Hizmetleri A.S. is a corporation organized and existing under the laws of Turkey, having a principal place of business at Abdi Ipekci Cad, 75, Macka, Istanbul, Turkey.

102.   On information and belief, defendant SmarTone Mobile Communications Limited is a corporation organized and existing under the laws of Hong Kong, having a principal place of business at 31/F, JOS Tower, Millenium City 2, 378 Kwun Tong Road, Kwun Tong, Kowloon, Hong Kong.

103.   On information and belief, defendant Singapore Telecommunications Limited (a.k.a. Singtel) is a corporation organized and existing under the laws of Singapore, with a place of business at 31 Exeter Road, Comcentre, Singapore, 239732, Singapore.  Defendant Singapore Telecommunications Limited (a.k.a. Singtel) controls, and is jointly and severally liable for, the infringing activities of its codefendant subsidiaries:  Singtel Optus Pty Limited; and Singapore Telecom Mobile Private Limited.  There is an overlapping business relationship with respect to infringing activities between defendant Singapore Telecommunications Limited (a.k.a. Singtel) and its above listed subsidiaries, which relationship is controlled by Singapore Telecommunications Limited (a.k.a. Singtel).

104.  On information and belief, defendant Singtel Optus Pty Limited is a corporation organized and existing under the laws of Australia, having a principal place of business at Optus Centre, 101 Miller Street, North Sydney, NSW 2060, Australia.  Singtel Optus Pty Limited is a wholly owned subsidiary of Singapore Telecommunications Limited (a.k.a. Singtel).

105.  On information and belief, defendant Singapore Telecom Mobile Private Limited is a corporation organized and existing under the laws of Australia, having a principal place of business at 31 Exeter Road, Comcentre, Singapore, 239732, Singapore.  Singapore Telecom Mobile Private Limited is a wholly owned subsidiary of Singapore Telecommunications Limited (a.k.a. Singtel).

106.  On information and belief, defendant Advanced Info Service Public Company Limited (a.k.a., AIS) is a corporation organized and existing under the laws of Thailand, having a principal place of business at 414 Shinawatra Tower 1, 21st Floor, Phaholyothin Road, Phayathai, Bangkok 10400, Thailand.  Advanced Info Service Public Company Limited (a.k.a., AIS) is a subsidiary of Singapore Telecommunications Limited (a.k.a. Singtel).

107.  On information and belief, defendant True Move Company Limited is a corporation organized and existing under the laws of Thailand, having a principal place of business at 18 True Tower Ratchadapisek Road, Huai Khwang, Bangkok 10310, Thailand.

108.  On information and belief, defendant MobileOne Ltd. (a.k.a. M1) is a corporation organized and existing under the laws of Singapore, having a principal place of business at 10 International Business Park, Singapore 609928, Singapore.

109.  On information and belief, defendant StarHub Mobile Pte Ltd. is a corporation organized and existing under the laws of Singapore, having a principal place of business at 51 Cuppage Road, #07-00 StarHub Centre, Singapore 229469, Singapore.

110.  On information and belief, defendant Far Eastone Telecommunications Co. Ltd. is a corporation organized and existing under the laws of Taiwan, having a principal place of business at 468 Ruei Guang Road, Nei Hu, Taipei 11492, Taiwan, R.O.C.  Far Eastone Telecommunications Co. Ltd.  operates under both the Far Eastone and KG Telecom brands.

111.  On information and belief, defendant Taiwan Mobile Co., Ltd. is a corporation organized and existing under the laws of Taiwan, having a principal place of business at 13F-1, No. 172-1, Sec. 2, Ji-Lung Road, Taipei 106, Taiwan, R.O.C.

112.  On information and belief, defendant KT Freetel Co., Ltd. (a.k.a. KTF Co., Ltd.) is a corporation organized and existing under the laws of Korea, having a principal place of business at 3-7F Lotte Castle Plaza Office Tower, Sincheon-dong Songpa-gu, Seoul, South Korea.

113.  On information and belief, defendant Bell Mobility Inc. is a corporation organized and existing under the laws of Canada, having a principal place of business at 5099 Creekbank Road, Mississauga, Ontario, L4W 5N2 Canada.

114.  On information and belief, defendant Rogers Wireless Inc. is a corporation organized and existing under the laws of Canada, having a principal place of business at 333 Bloor Street East, 10th Floor, Toronto, Ontario, M4W 1G9 Canada.

115.  On information and belief, defendant Tele-Mobile Company (a.k.a. Telus Mobility) is a corporation organized and existing under the laws of Canada, having a principal place of business at 200 Consilium Place, Suite 1600, Scarborough, Ontario, M1H 3J3 Canada.

116.  On information and belief, defendant M3 Wireless Ltd. is a corporation organized and existing under the laws of Bermuda, having a principal place of business at 30 Victoria Street, Hamilton, HM 12 Bermuda.

117.  On information and belief, defendant Bermuda Digital Communications Ltd. (a.k.a. Cellular One) is a corporation organized and existing under the laws of Bermuda, having a principal place of business at 22 Reid Street #3, Hamilton HM 11 Bermuda.

118.  On information and belief, defendant Telecom Mobile Limited is a corporation organized and existing under the laws of New Zealand, having a principal place of business at Telecom House, 68 Jervois Quay, Wellington, New Zealand.

119.  On information and belief, defendant AT&T Mobility LLC (formerly Cingular Wireless) is a Delaware corporation having a principal place of business at 5565 Glenridge Connector, Atlanta, Georgia  30342.

120.  On information and belief, defendant Cincinnati Bell Wireless LLC is an Ohio company having a principal place of business at 221 East Fourth Street, Cincinnati, Ohio  45202.

121.  On information and belief, defendant Digicel Group Limited is organized under the laws of Bermuda and has a principal place of business at Dyoll Building, 40 Knutsford Boulevard, Kingston 5, Jamaica, W.I.

122.  On information and belief, defendant Microsoft Corporation is a Washington corporation having a principal place of business at One Microsoft Way, Redmond, Washington 98052-6339.

123.  On information and belief, defendant Yahoo! Inc. is a Delaware corporation having a principal place of business at 701 First Avenue, Sunnyvale, California  94089.

124.  On information and belief, defendant Sprint Nextel Corporation is a Kansas corporation having a principal place of business at 2001 Edmund Halley Drive, Reston, Virginia 20191.

125.  On information and belief, defendant Motorola, Inc. is a Delaware corporation having a principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois  60196.

126.  On information and belief, defendant Palm, Inc. is a Delaware corporation having a principal place of business at 950 West Maude, Sunnyvale, California  94085.

127.  On information and belief, defendant Samsung Electronics Co., Ltd. is a corporation organized under the laws of Korea, with a principal place of business at 250, Taepyeongno 2-ga, Jung-gu, Seoul, 100-742, Korea.  Defendant Samsung Electronics Co., Ltd. controls, and is jointly and severally liable for, the infringing activities of its codefendant subsidiary Samsung Telecommunications America, LLP.  There is an overlapping business relationship with respect to infringing activities between defendant Samsung Electronics Co., Ltd. and its above listed subsidiary, which relationship is controlled by Samsung Electronics Co., Ltd.

128.  On information and belief, defendant Samsung Telecommunications America, LLP is a limited liability partnership organized under the laws of Delaware, with a principal place of business at 1301 Lookout Drive, Richardson, Texas  75082.  Samsung Telecommunications America, LLP is a subsidiary of defendant Samsung Electronics Co., Ltd.

129.  On information and belief, defendant LG Electronics MobileComm U.S.A., Inc. is a California corporation with a principal place of business at 10101 Old Grove Road, San Diego, California  92131.

130.  On information and belief, defendant Helio, LLC is a Delaware corporation with a principal place of business at 10960 Wilshire Boulevard, Suite 700, Los Angeles, California  90024.

131.  On information and belief, defendant Clickatell (Pty) Ltd. has a principal place of business at 3200 Bridge Parkway, Suite 201, Redwood City, California  94065.

132.  On information and belief, defendant Upside Wireless Inc. (a.k.a., ipipi) has a principal place of business at 535 Thurlow Street, Suite 503, Vancouver, BC, V6E 3L2  Canada.

## II. JURISDICTION AND VENUE

133.  This is an action for patent infringement of United States Reissued Patent No. RE39,870 and United States Patent No. 6,646,542 (collectively "patents in suit"), brought under the provisions of the United States Patent Laws, Title 35, United States Code.

134.  Jurisdiction of this Court is based upon the Patent Laws of the United States, Title 35, United States Code, and by Title 28, United States Code, §1338(a).

135.  Venue lies in this District under 28 U.S.C. §§1391 and 1400(b).

136.  Defendants have made, caused to be made, imported, caused to be imported, used, caused to be used, offered to sell, sold, and caused to be sold systems (including components thereof), processes, services, and/or products in the United States (including in the State of Maryland) which infringe the patents in suit, and all defendants have caused messages (including but not limited to international text messages or SMS messages) to be sent to and from Maryland thereby resulting in infringement of the patents in suit, so that defendants have caused infringing activities to be performed in this district.  For example and without limitation, systems (including components thereof), processes and/or services of defendants have been used to send messages (including but not limited to international text messages or SMS messages) to and from Maryland thereby resulting in infringement of the patents in suit.  Defendants have advertised and promoted to their customers that their systems (including components thereof), processes and/or services can be used in the United States, including in Maryland, in order to send/receive international messages

thereby infringing the patents in suit in the United States and in this district.

137.  The defendants identified above in paragraphs 2-118, 121 and 131-132 have agreements with one or more U.S. carriers (e.g., with one or more of:  AT&T Mobility LLC, T-Mobile USA, Inc., Cellco Partnership d/b/a Verizon Wireless, Cincinnati Bell Wireless LLC, and Sprint Nextel Corporation) for the purpose of, *inter alia*, causing and/or enabling systems, methods and/or services of the defendants identified in paragraphs 2-118, 121 and 131-132 to be used to send and receive messages (including but not limited to international text messages or SMS messages) in the United States, including in Maryland, thereby infringing the patents in suit.  The defendants identified in paragraphs 2-118, 121 and 131-132 have purposefully availed themselves of the United States, and this district, and have derived substantial revenue from infringing activities in this district and in the United States under the agreements referenced in this paragraph.

138.  Defendants T-Mobile USA, Inc., Cellco Partnership d/b/a Verizon Wireless, AT&T Mobility LLC (formerly Cingular Wireless), Cincinnati Bell Wireless LLC, Microsoft Corporation, Yahoo! Inc., Sprint Nextel Corporation, Motorola, Inc., Palm, Inc., Samsung Electronics Co., Ltd., Samsung Telecommunications America, LLP, LG Electronics MobileComm U.S.A., Inc., Helio, LLC, Clickatell (Ptd) Ltd. and Upside Wireless Inc. (a.k.a., ipipi) have used, caused to be used, imported, caused to be imported, offered to sell, caused to be offered for sale, sold and caused to be sold infringing systems, processes and/or services in Maryland thereby infringing the patents in suit. The defendants listed in this paragraph have caused messages (including but not limited to international text messages or SMS messages) to be sent to and from Maryland thereby infringing the patents in suit in this district, and have purposefully availed themselves of this district.  The defendants listed in this paragraph have customers residing in Maryland who have used the

infringing systems, processes and/or services of these defendants in this district.

139.  Defendants have introduced infringing systems, processes and/or services into the stream of commerce, via an established distribution network and a multi-country electronic network, so that a number of such infringing systems, processes and/or services have made their way into and have been used in Maryland.  Thus, defendants have purposefully availed themselves of this district. The infringing systems, processes and/or services of all defendants have (i) been used for infringement in the United States and in Maryland, and/or (ii) been offered for sale and/or sold in Maryland.  All defendants have derived substantial revenue from infringing activities in this district, and have derived substantial revenue from infringing activities in the United States.

## III. THE PATENTS IN SUIT

140.  Plaintiff TPLLC is the holder of the entire right, title, and interest of each of United States Reissued Patent No. RE39,870 [Ex. 1 hereto] and United States Patent No. 6,646,542 [Ex. 2 hereto].

141.  United States Reissued Patent No. RE39,870 [Ex. 1] issued October 9, 2007, and United States Patent No. 6,646,542 [Ex. 2] issued November 11, 2003.  United States Reissued Patent No. RE39,870 is a reissue of United States Patent No. 6,960,983 which issued on November 1, 2005.

## IV. COUNT 1 - THE REISSUED '870 PATENT

142.  Paragraphs 1-141 above are incorporated herein by reference.

143.  On October 9, 2007, United States Reissued Patent No. RE39,870 (the Reissued '870

Patent) was duly and legally issued by the United States Patent and Trademark Office (USPTO) to TPLLC, and since that date the Reissued '870 patent has been assigned in full to TPLLC, and TPLLC has been and still is the sole owner of the entire right, title, and interest in and to the Reissued '870 Patent with all rights pertaining thereto, including the right to bring this action and to collect damages for infringement.

144.  Defendants have been and still are infringing the Reissued '870 Patent under at least 35 U.S.C. §271 (including all subparts) by at least using, causing to be used, importing, causing to be imported, selling, causing to be sold, offering for sale, causing to be offered for sale, making, causing to be made, exporting, causing to be exported, advertising and/or promoting systems (including components thereof), processes and/or services for sending and/or receiving messages (including but not limited to international text messages or SMS messages) covered by the Reissued '870 Patent.

145.  Defendants have been and still are infringing the Reissued '870 Patent under 35 U.S.C. §271(f) by at least, without authority, supplying and/or causing to be supplied in or from the United States components (including but not limited to one or more of messages, servers, transmitters, computers, products, hardware and/or software) of the inventions of the Reissued '870 Patent in a manner so as to actively induce the combination of components of the inventions outside of the United States in an infringing manner and/or knowing that such components are made or adapted and intended to be combined outside of the United States in an infringing manner.

146.  Defendants have been and still are inducing and contributing to infringement of the Reissued '870 Patent under at least § 271(b) and/or (c) via at least their agreements with other defendants and related activities.  For example and without limitation, each of defendants Deutsche

Telekom AG, T-Mobile International AG & Co. KG, T-Mobile USA, Inc., T-Mobile Deutschland

GmbH, T-Mobile (UK), Ltd., T-Mobile Austria GmbH, T-Mobile Netherlands B.V., T-Mobile

Czech Republic a.s., T-Mobile Slovensko a.s., T-Mobile Hungary Co. Ltd., Vodafone Group Public

Limited Company, Vodafone Limited (a.k.a. Vodafone UK), Vodafone D2 GmbH (a.k.a. Vodafone

Germany), Cellco Partnership d/b/a Verizon Wireless, Vodafone Australia Ltd., Vodafone New

Zealand Ltd., Vodafone Telekomunikasyon A.S. (a.k.a. Vodafone Turkey), Vodafone Ireland Ltd.,

Vodafone Portugal, Comunicacoes Pessoais, S.A., Vodafone Hungary Mobile Telecommunications

Limited, Vodafone Espania S.A. (a.k.a. Vodafone Spain), Vodafone Libertel B.V. (a.k.a. Vodafone

Netherlands), Vodafone Omnitel N.V. (a.k.a. Vodafone Italy), Vodafone Czech Republic A.S.,

Vodafone-Panafon Hellenic Telecommunications Company S.A. (a.k.a. Vodafone Greece), SFR

(a.k.a. Societe Francaise de Radiotelephone S.A.), Vodafone Essar Ltd. (formerly Hutchison Essar

Ltd.), France Telecom S.A., Orange S.A., Orange France S.A., Orange Plc (a.k.a. Orange U.K.),

Orange Communications S.A. (a.k.a. Orange Switzerland), Orange Slovensko A.S., Mobistar N.V.,

Vox Mobile S.A., France Telecom Espania S.A. (a.k.a. Orange Spain), Orange Nederland N.V.,

Telefonica, S.A., Telefonica O2 Europe Plc (a.k.a. O2 Plc), O2 (UK) Limited, O2 Communications

(Ireland) Ltd., O2 (Germany) GmbH & Co. OHG, Telefonica O2 Czech Republic, a.s., Telefonica

Moviles Espana, S.A.U., Telefonica Moviles Mexico, S.A. de C.V., Telefonica Moviles Argentina,

S.A. (formerly known as Telefonica Comunicaciones Personales S.A.), Vivo Participacoes, S.A.,

Vivo S.A., Telecom Italia S.p.A. (a.k.a. TIM), Tim Participacoes S.A. (a.k.a. TIM Brazil), Tim

Celular S.A., America Movil, S.A.B. de C.V., Radiomovil Dipsa, S.A. de C.V. (a.k.a. Telcel), BCP

S.A. (a.k.a. Claro Brazil), CTI PCS, S.A. (a.k.a. CTI Movil), CTI Compania de Telefonos del

Interior, S.A. (a.k.a. CTI Movil), Telecom Personal S.A., TNL PCS S.A. (a.k.a. Oi), LUXGSM S.A.,

TDC A/S, TDC Switzerland AG (a.k.a. Sunrise), Belgacom Mobile S.A. (a.k.a. Proximus),

Swisscom Mobile AG, Mobilkom Austria AG, ONE GmbH, Bouygues Telecom S.A., Wind

Telecomunicazioni SpA, Wind Hellas Telecommunications S.A., Koninklijke KPN N.V., KPN

Mobile N.V., E-Plus Mobilfunk GmbH & Co. KG, BASE N.V./S.A., Telenor Mobile

Communications A.S., Telenor Mobil A.S., Pannon GSM Telecommunications Ltd., Sonofon A/S,

Total Access Communication Plc (a.k.a. DTAC), NetCom AS, Tango S.A., Turkcell Iletisim

Hizmetleri A.S. (a.k.a. Turkcell), Telia Denmark A/S, Hutchison Whampoa Limited, Hutchison 3G

Austria GmbH, Hutchison 3G UK Limited, H3G S.p.A. (a.k.a. 3 Italia), Hutchison

Telecommunications International Limited, Hutchison Telecommunications (Hong Kong) Limited,

Bharti Airtel Limited (a.k.a. Airtel), China Resources Peoples Telephone Company Limited (a.k.a.,

Peoples), PCCW Limited, Kabushiki Kaisha NTT DoCoMo, Telstra Corporation Limited, CSL New

World Mobility Limited, Idea Cellular Limited, Chunghwa Telecom Co., Ltd., KDDI Corporation,

Softbank Mobile Corp., TMN – Telecomunicacoes Moveis Nacionais, S.A., Optimus

Telecomunicacoes, S.A., Avea Iletisim Hizmetleri A.S., SmarTone Mobile Communications

Limited, Singapore Telecommunications Limited (a.k.a. Singtel), Singtel Optus Pty Limited,

Singapore Telecom Mobile Private Limited, Advanced Info Service Public Company Limited (a.k.a.,

AIS), True Move Company Limited, MobileOne Ltd. (a.k.a. M1), StarHub Mobile Pte Ltd., Far

Eastone Telecommunications Co. Ltd., Taiwan Mobile Co., Ltd., KT Freetel Co., Ltd. (a.k.a. KTF

Co., Ltd.), Bell Mobility Inc., Rogers Wireless Inc., Tele-Mobile Company (a.k.a. Telus Mobility),

M3 Wireless Ltd., Bermuda Digital Communications Ltd., Telecom Mobile Limited, AT&T

Mobility LLC (formerly Cingular Wireless), Cincinnati Bell Wireless LLC, Digicel Group Limited,

Microsoft Corporation, Yahoo! Inc., Sprint Nextel Corporation, Helio, LLC, Clickatell (Ptd) Ltd.

and Upside Wireless Inc. (a.k.a., ipipi) have agreements with other defendants for the purpose of, *inter alia*, causing and/or enabling systems (including components thereof), methods and/or services of these defendants to be used to send and receive messages (including but not limited to international text messages or SMS messages) in the United States thereby infringing the Reissued '870 Patent.  These defendants have contributed to and/or induced infringement by causing and/or enabling their systems, methods and/or services to be used to send and/or receive messages (including but not limited to international text messages or SMS messages) in the United States thereby infringing the Reissued '870 Patent.  Defendants Motorola, Inc., Palm, Inc., Samsung Electronics Co., Ltd., Samsung Telecommunications America, LLP, LG Electronics MobileComm U.S.A., Inc., have been and still are inducing and contributing to infringement of the Reissued '870 Patent under at least § 271(b) and/or (c) by making, selling, offering for sale, promoting, and advertising mobile devices, processes, messages, systems (including components thereof) and/or products designed to be used for international messaging (e.g., international text messaging or SMS messaging).

147.  Moreover, defendants have been and still are infringing the Reissued '870 Patent under at least 35 U.S.C. §271(a) by at least using, selling, offering for sale, and/or importing systems and/or methods in the United States which are covered by the Reissued '870 Patent.

148.  The infringement of the Reissued '870 Patent is literal and/or under the doctrine of equivalents.

149.  Example infringing systems, methods and/or services include, for purposes of example only and without limitation: (i) websites for sending and/or receiving international messages such as international text messages or SMS mesages (e.g., see www.clickatell.com; www.ipipi.com; T-

Mobile websites; Vodafone websites; Telefonica websites; Orange websites; etc.); (ii) Windows

Live Messenger which is adapted to send and/or receive international messages such as international

text messages or SMS mesages; (iii) Yahoo! Messenger which is adapted to send and/or receive

international messages such as international text messages or SMS mesages; (iv) Yahoo! Mobile

which is adapted to send and/or receive international messages such as international text messages

or SMS mesages; (v) handheld mobile devices of Motorola, Inc., Palm, Inc., Samsung Electronics

Co., Ltd., Samsung Telecommunications America, LLP, and LG Electronics MobileComm U.S.A.,

Inc., especially adapted as sold to use any of (ii)-(iv); (vi) handheld mobile devices of Motorola, Inc.,

Palm, Inc., Samsung Electronics Co., Ltd., Samsung Telecommunications America, LLP, and LG

Electronics MobileComm U.S.A., Inc. adapted for use in international messaging, such as

international text messaging or SMS messaging; and (vii) systems (including components thereof),

methods and/or services for international messaging, such as international text messaging or SMS

messaging, of carrier defendants Deutsche Telekom AG, T-Mobile International AG & Co. KG, T-

Mobile USA, Inc., T-Mobile Deutschland GmbH, T-Mobile (UK), Ltd., T-Mobile Austria GmbH,

T-Mobile Netherlands B.V., T-Mobile Czech Republic a.s., T-Mobile Slovensko a.s., T-Mobile

Hungary Co. Ltd., Vodafone Group Public Limited Company, Vodafone Limited (a.k.a. Vodafone

UK), Vodafone D2 GmbH (a.k.a. Vodafone Germany), Cellco Partnership d/b/a Verizon Wireless,

Vodafone Australia Ltd., Vodafone New Zealand Ltd., Vodafone Telekomunikasyon A.S. (a.k.a.

Vodafone Turkey), Vodafone Ireland Ltd., Vodafone Portugal, Comunicacoes Pessoais, S.A.,

Vodafone Hungary Mobile Telecommunications Limited, Vodafone Espania S.A. (a.k.a. Vodafone

Spain), Vodafone Libertel B.V. (a.k.a. Vodafone Netherlands), Vodafone Omnitel N.V. (a.k.a.

Vodafone Italy), Vodafone Czech Republic A.S., Vodafone-Panafon Hellenic Telecommunications

Company S.A. (a.k.a. Vodafone-Panafon), SFR (a.k.a. Societe Francaise de Radiotelephone S.A.),

Vodafone Essar Ltd. (formerly Hutchison Essar Ltd.), France Telecom S.A., Orange S.A., Orange

France S.A., Orange Plc (a.k.a. Orange U.K.), Orange Communications S.A. (a.k.a. Orange

Switzerland), Orange Slovensko A.S., Mobistar N.V., Vox Mobile S.A., France Telecom Espania

S.A. (a.k.a. Orange Spain), Orange Nederland N.V., Telefonica, S.A., Telefonica O2 Europe Plc

(a.k.a. O2 Plc), O2 (UK) Limited, O2 Communications (Ireland) Ltd., O2 (Germany) GmbH & Co.

OHG, Telefonica O2 Czech Republic, a.s., Telefonica Moviles Espana, S.A.U., Telefonica Moviles

Mexico, S.A. de C.V., Telefonica Moviles Argentina, S.A. (formerly known as Telefonica

Comunicaciones Personales S.A.), Vivo Participacoes, S.A., Vivo S.A., Telecom Italia S.p.A. (a.k.a.

TIM), Tim Participacoes S.A. (a.k.a. TIM Brazil), Tim Celular S.A., America Movil, S.A.B. de C.V.,

Radiomovil Dipsa, S.A. de C.V. (a.k.a. Telcel), BCP S.A. (a.k.a. Claro Brazil), CTI PCS, S.A. (a.k.a.

CTI Movil), CTI Compania de Telefonos del Interior, S.A. (a.k.a. CTI Movil), Telecom Personal

S.A., TNL PCS S.A. (a.k.a. Oi), LUXGSM S.A., TDC A/S, TDC Switzerland AG (a.k.a. Sunrise),

Belgacom Mobile S.A. (a.k.a. Proximus), Swisscom Mobile AG, Mobilkom Austria AG, ONE

GmbH, Bouygues Telecom S.A., Wind Telecomunicazioni SpA, Wind Hellas Telecommunications

S.A., Koninklijke KPN N.V., KPN Mobile N.V., E-Plus Mobilfunk GmbH & Co. KG, BASE

N.V./S.A., Telenor Mobile Communications A.S., Telenor Mobil A.S., Pannon GSM

Telecommunications Ltd., Sonofon A/S, Total Access Communication Plc (a.k.a. DTAC), NetCom

AS, Tango S.A., Turkcell Iletisim Hizmetleri A.S. (a.k.a. Turkcell), Telia Denmark A/S, Hutchison

Whampoa Limited, Hutchison 3G Austria GmbH, Hutchison 3G UK Limited, H3G S.p.A. (a.k.a. 3

Italia), Hutchison Telecommunications International Limited, Hutchison Telecommunications

(Hong Kong) Limited, Bharti Airtel Limited (a.k.a. Airtel), China Resources Peoples Telephone

Company Limited (a.k.a., Peoples), PCCW Limited, Kabushiki Kaisha NTT DoCoMo, Telstra

Corporation Limited, CSL New World Mobility Limited, Idea Cellular Limited, Chunghwa Telecom

Co., Ltd., KDDI Corporation, Softbank Mobile Corp., TMN – Telecomunicacoes Moveis Nacionais,

S.A., Optimus Telecomunicacoes, S.A., Avea Iletisim Hizmetleri A.S., SmarTone Mobile

Communications Limited, Singapore Telecommunications Limited (a.k.a. Singtel), Singtel Optus

Pty Limited, Singapore Telecom Mobile Private Limited, Advanced Info Service Public Company

Limited (a.k.a., AIS), True Move Company Limited, MobileOne Ltd. (a.k.a. M1), StarHub Mobile

Pte Ltd., Far Eastone Telecommunications Co. Ltd., Taiwan Mobile Co., Ltd., KT Freetel Co., Ltd.

(a.k.a. KTF Co., Ltd.), Bell Mobility Inc., Rogers Wireless Inc., Tele-Mobile Company (a.k.a. Telus

Mobility), M3 Wireless Ltd., Bermuda Digital Communications Ltd., Telecom Mobile Limited,

AT&T Mobility LLC (formerly Cingular Wireless), Cincinnati Bell Wireless LLC, Digicel Group

Limited, Sprint Nextel Corporation, Motorola, Inc., and Helio, LLC.

     150.  Each defendant is jointly and severally liable for infringing the Reissued '870 Patent

with numerous other defendants, in connection with the same transaction or series of transactions

relating to messaging such as international text messaging or SMS messaging.

     151.  As a *first* example of joint and several liability, carrier defendant AT&T Mobility LLC

(formerly Cingular Wireless) has agreements with the following other carrier defendants for the

purpose of, *inter alia*, (a) enabling systems (including components thereof), methods and/or services

of AT&T Mobility LLC to be used in foreign countries on the networks of these other carrier

defendants for purposes of sending/receiving messages to/from the United States thereby infringing

the Reissued '870 Patent; and (b) enabling systems, methods and/or services of these other carrier

defendants to be used in the United States including Maryland on the network of carrier AT&T

Mobility LLC for purposes of sending/receiving messages from/in the United States thereby

infringing the Reissued '870 Patent.  The other carrier defendants with whom AT&T Mobility LLC

has such agreements include:  T-Mobile Deutschland GmbH, T-Mobile (UK), Ltd., T-Mobile

Austria GmbH, T-Mobile Netherlands B.V., T-Mobile Czech Republic a.s., T-Mobile Slovensko a.s.,

T-Mobile Hungary Co. Ltd., Vodafone Limited (a.k.a. Vodafone UK), Vodafone D2 GmbH (a.k.a.

Vodafone Germany), Vodafone Australia Ltd., Vodafone New Zealand Ltd., Vodafone

Telekomunikasyon A.S. (a.k.a. Vodafone Turkey), Vodafone Ireland Ltd., Vodafone Portugal,

Comunicacoes Pessoais, S.A., Vodafone Hungary Mobile Telecommunications Limited, Vodafone

Espania S.A. (a.k.a. Vodafone Spain), Vodafone Libertel B.V. (a.k.a. Vodafone Netherlands),

Vodafone Omnitel N.V. (a.k.a. Vodafone Italy), Vodafone Czech Republic A.S., Vodafone-Panafon

Hellenic Telecommunications Company S.A. (a.k.a. Vodafone-Panafon), SFR, Orange France S.A.,

Orange Plc (a.k.a. Orange U.K.), Orange Communications S.A. (a.k.a. Orange Switzerland), Orange

Slovensko A.S., Mobistar N.V., Vox Mobile S.A., France Telecom Espana S.A. (a.k.a. Orange

Spain), Orange Nederland N.V., O2 (UK) Limited, O2 Communications (Ireland) Ltd., O2

(Germany) GmbH & Co. OHG, Telefonica O2 Czech Republic, a.s., Telefonica Moviles Espana,

S.A.U., Telefonica Moviles Mexico, S.A. de C.V., Vivo Participacoes, S.A., Vivo S.A., Telecom

Italia S.p.A. (a.k.a. TIM), Tim Participacoes S.A. (a.k.a. TIM Brazil), Tim Celular S.A., Radiomovil

Dipsa, S.A. de C.V. (a.k.a. Telcel), BCP S.A. (a.k.a. Claro Brazil), CTI PCS, S.A. (a.k.a. CTI

Movil), CTI Compania de Telefonos del Interior, S.A. (a.k.a. CTI Movil), Telecom Personal S.A.,

TNL PCS S.A. (a.k.a. Oi), LUXGSM S.A., TDC A/S, TDC Switzerland AG (a.k.a. Sunrise),

Belgacom Mobile S.A. (a.k.a. Proximus), Swisscom Mobile AG, Mobilkom Austria AG, ONE

GmbH, Bouygues Telecom S.A., Wind Telecomunicazioni SpA, Wind Hellas Telecommunications

S.A., KPN Mobile N.V., E-Plus Mobilfunk GmbH & Co. KG, BASE N.V./S.A., Telenor Mobile

Communications A.S., Telenor Mobil A.S., Pannon GSM Telecommunications Ltd., Sonofon A/S,

Total Access Communication Plc (a.k.a. DTAC), NetCom AS, Tango S.A., Turkcell Iletisim

Hizmetleri A.S. (a.k.a. Turkcell), Telia Denmark A/S, Hutchison 3G Austria GmbH, Hutchison 3G

UK Limited, H3G S.p.A. (a.k.a. 3 Italia), Hutchison Telecommunications (Hong Kong) Limited,

Bharti Airtel Limited (a.k.a. Airtel), China Resources Peoples Telephone Company Limited (a.k.a.,

Peoples), PCCW Limited, Kabushiki Kaisha NTT DoCoMo, Telstra Corporation Limited, CSL New

World Mobility Limited, Chunghwa Telecom Co., Ltd., Softbank Mobile Corp., TMN –

Telecomunicacoes Moveis Nacionais, S.A., Optimus Telecomunicacoes, S.A., Avea Iletisim

Hizmetleri A.S., SmarTone Mobile Communications Limited, Singapore Telecommunications

Limited (a.k.a. Singtel), Singtel Optus Pty Limited, Singapore Telecom Mobile Private Limited,

Advanced Info Service Public Company Limited (a.k.a., AIS), True Move Company Limited,

MobileOne Ltd. (a.k.a. M1), StarHub Mobile Pte Ltd., Far Eastone Telecommunications Co. Ltd.,

Taiwan Mobile Co., Ltd., KT Freetel Co., Ltd. (a.k.a. KTF Co., Ltd.), Bell Mobility Inc., Rogers

Wireless Inc., Tele-Mobile Company (a.k.a. Telus Mobility), M3 Wireless Ltd., Bermuda Digital

Communications Ltd., Telecom Mobile Limited, and Digicel Group Limited.  When a message (e.g.,

international text message or SMS message) is communicated using both (a) a system, method

and/or service of AT&T Mobility LLC, and (b) a system, method and/or service of one of the other

carrier defendants listed above in this paragraph with whom AT&T Mobility LLC has an agreement,

then AT&T Mobility LLC and the other carrier defendant(s) involved in the messaging

communication/transaction are jointly and severally liable for infringement of the Reissued '870

Patent (this applies to all defendants listed above with whom AT&T Mobility LLC has agreements).

152.   As a *second* example of joint and several liability, carrier defendant T-Mobile USA, Inc. has agreements with the following other carrier defendants for the purpose of, *inter alia*, (a) enabling systems, methods and/or services of T-Mobile USA, Inc. to be used in foreign countries on the networks of these other carrier defendants for purposes of sending/receiving messages to/from the United States thereby infringing the Reissued '870 Patent; and (b) enabling systems, methods and/or services of these other carrier defendants to be used in the United States including Maryland on the network of carrier T-Mobile USA, Inc. for purposes of sending/receiving messages from/in the United States thereby infringing the Reissued '870 Patent.  The other defendants with whom T-Mobile USA, Inc. has such agreements include:  T-Mobile Deutschland GmbH, T-Mobile (UK), Ltd., T-Mobile Austria GmbH, T-Mobile Netherlands B.V., T-Mobile Czech Republic a.s., T-Mobile Slovensko a.s., T-Mobile Hungary Co. Ltd., Vodafone Limited (a.k.a. Vodafone UK), Vodafone D2 GmbH (a.k.a. Vodafone Germany), Vodafone Australia Ltd., Vodafone New Zealand Ltd., Vodafone Telekomunikasyon A.S. (a.k.a. Vodafone Turkey), Vodafone Ireland Ltd., Vodafone Portugal, Comunicacoes Pessoais, S.A., Vodafone Hungary Mobile Telecommunications Limited, Vodafone Espana S.A. (a.k.a. Vodafone Spain), Vodafone Libertel B.V. (a.k.a. Vodafone Netherlands), Vodafone Omnitel N.V. (a.k.a. Vodafone Italy), Vodafone Czech Republic A.S., Vodafone-Panafon Hellenic Telecommunications Company S.A. (a.k.a. Vodafone-Panafon), SFR, Vodafone Essar Ltd. (formerly Hutchison Essar Ltd.), Orange France S.A., Orange Plc (a.k.a. Orange U.K.), Orange Communications S.A. (a.k.a. Orange Switzerland), Orange Slovensko A.S., Mobistar N.V., Vox Mobile S.A., France Telecom Espana S.A. (a.k.a. Orange Spain), Orange Nederland N.V., O2 (UK) Limited, O2 Communications (Ireland) Ltd., O2 (Germany) GmbH & Co. OHG, Telefonica O2 Czech Republic, a.s., Telefonica Moviles Espana, S.A.U., Telefonica Moviles

Mexico, S.A. de C.V., Telefonica Moviles Argentina, S.A. (formerly known as Telefonica Comunicaciones Personales S.A.), Telecom Italia S.p.A. (a.k.a. TIM), Tim Participacoes S.A. (a.k.a. TIM Brazil), Tim Celular S.A., Radiomovil Dipsa, S.A. de C.V. (a.k.a. Telcel), BCP S.A. (a.k.a. Claro Brazil), CTI PCS, S.A. (a.k.a. CTI Movil), CTI Compania de Telefonos del Interior, S.A. (a.k.a. CTI Movil), Telecom Personal S.A., TNL PCS S.A. (a.k.a. Oi), LUXGSM S.A., TDC A/S, TDC Switzerland AG (a.k.a. Sunrise), Belgacom Mobile S.A. (a.k.a. Proximus), Swisscom Mobile AG, Mobilkom Austria AG, ONE GmbH, Bouygues Telecom S.A., Wind Hellas Telecommunications S.A., Koninklijke KPN N.V., KPN Mobile N.V., E-Plus Mobilfunk GmbH & Co. KG, BASE N.V./S.A., Telenor Mobile Communications A.S., Telenor Mobil A.S., Pannon GSM Telecommunications Ltd., Sonofon A/S, Total Access Communication Plc (a.k.a. DTAC), NetCom AS, Tango S.A., Turkcell Iletisim Hizmetleri A.S. (a.k.a. Turkcell), Telia Denmark A/S, Bharti Airtel Limited (a.k.a. Airtel), China Resources Peoples Telephone Company Limited (a.k.a., Peoples), PCCW Limited, Kabushiki Kaisha NTT DoCoMo, Telstra Corporation Limited, CSL New World Mobility Limited, Idea Cellular Limited, Chunghwa Telecom Co., Ltd., Softbank Mobile Corp., TMN – Telecomunicacoes Moveis Nacionais, S.A., Optimus Telecomunicacoes, S.A., Avea Iletisim Hizmetleri A.S., SmarTone Mobile Communications Limited, Singapore Telecommunications Limited (a.k.a. Singtel), Singtel Optus Pty Limited, Advanced Info Service Public Company Limited (a.k.a., AIS), True Move Company Limited, MobileOne Ltd. (a.k.a. M1), StarHub Mobile Pte Ltd., Far Eastone Telecommunications Co. Ltd., Taiwan Mobile Co., Ltd., KT Freetel Co., Ltd. (a.k.a. KTF Co., Ltd.), Rogers Wireless Inc., and M3 Wireless Ltd.  When a message (e.g., international text message or SMS message) is communicated using both (a) a system, method and/or service of T-Mobile USA, Inc., and (b) a system, method and/or service of one of the

other carrier defendants listed above in this paragraph with whom T-Mobile USA, Inc. has an agreement, then T-Mobile USA, Inc. and the other carrier defendant(s) involved in the messaging communication/transaction are jointly and severally liable for infringement of the Reissued '870 Patent (this applies to all defendants listed above with whom T-Mobile USA, Inc. has agreements).

153.   As a *third* example of joint and several liability, carrier defendant Sprint Nextel Corporation has agreements with the following other defendants for the purpose of, *inter alia*, (a) enabling systems (including components thereof), methods and/or services of Sprint Nextel Corporation to be used in foreign countries on the networks of these other carrier defendants for purposes of sending/receiving messages to/from the United States thereby infringing the Reissued '870 Patent; and (b) enabling systems, methods and/or services of these other carrier defendants to be used in the United States including Maryland on the network of carrier Sprint Nextel Corporation for purposes of sending/receiving messages from/in the United States thereby infringing the Reissued '870 Patent.  The other carrier defendants with whom Sprint Nextel Corporation has such agreements include:  T-Mobile Deutschland GmbH, T-Mobile (UK), Ltd., Vodafone Limited (a.k.a. Vodafone UK), Vodafone D2 GmbH (a.k.a. Vodafone Germany), Vodafone Australia Ltd., Vodafone New Zealand Ltd., Vodafone Ireland Ltd., Vodafone Portugal, Comunicacoes Pessoais, S.A., Vodafone Espana S.A. (a.k.a. Vodafone Spain), Vodafone Libertel B.V. (a.k.a. Vodafone Netherlands), Vodafone Omnitel N.V. (a.k.a. Vodafone Italy), Vodafone-Panafon Hellenic Telecommunications Company S.A. (a.k.a. Vodafone-Panafon), Orange France S.A., Orange Plc (a.k.a. Orange U.K.), Mobistar N.V., O2 (UK) Limited, O2 Communications (Ireland) Ltd., O2 (Germany) GmbH & Co. OHG, Vivo Participacoes, S.A., Vivo S.A., BCP S.A. (a.k.a. Claro Brazil), Belgacom Mobile S.A. (a.k.a. Proximus), Bouygues Telecom S.A., E-Plus Mobilfunk GmbH & Co.

KG, Total Access Communication Plc (a.k.a. DTAC), China Resources Peoples Telephone
Company Limited (a.k.a., Peoples), PCCW Limited, Kabushiki Kaisha NTT DoCoMo, CSL New
World Mobility Limited, Idea Cellular Limited, KDDI Corporation, Softbank Mobile Corp.,
Singapore Telecommunications Limited (a.k.a. Singtel), Singtel Optus Pty Limited, Singapore
Telecom Mobile Private Limited, Advanced Info Service Public Company Limited (a.k.a., AIS),
MobileOne Ltd. (a.k.a. M1), and StarHub Mobile Pte Ltd.  When a message (e.g., international text
message or SMS message) is communicated using both (a) a system, method and/or service of
Sprint Nextel Corporation, and (b) a system, method and/or service of one of the other carrier
defendants listed above in this paragraph with whom Sprint Nextel Corporation has an agreement,
then Sprint Nextel Corporation and the other carrier defendant(s) involved in the messaging
communication/transaction are jointly and severally liable for infringement of the Reissued '870
Patent (this applies to all defendants listed above with whom Sprint Nextel Corporation has
agreements).

154.  As a *fourth* example of joint and several liability, defendants Microsoft Corporation,
Yahoo! Inc., Helio, LLC, Clickatell (Ptd) Ltd., and Upside Wireless Inc. (a.k.a., ipipi) are jointly and
severally liable with carrier defendants with whom they have agreements.  When a message (e.g.,
international text message or SMS message) is communicated using both (a) a product of  Microsoft
Corporation, Yahoo! Inc., Helio, LLC, Clickatell (Ptd) Ltd., or Upside Wireless Inc. (a.k.a., ipipi),
and (b) a system, method and/or service of one of the carrier defendants with whom the one of these
defendants (Microsoft Corporation, Yahoo! Inc., Helio, LLC, Clickatell (Ptd) Ltd., or Upside
Wireless Inc.) has an agreement, then they are jointly and severally liable for infringement of the
Reissued '870 Patent (this applies to all defendants listed above with whom the defendants of this

paragraph have agreements).

155.   As a *fifth* example of joint and several liability, defendants Motorola, Inc., Palm, Inc., Samsung Electronics Co., Ltd., Samsung Telecommunications America, LLP, and LG Electronics MobileComm U.S.A., Inc. are jointly and severally liable with carrier defendants when a message (e.g., international text message or SMS message) is communicated using both (a) a handheld mobile device of  Motorola, Inc., Palm, Inc., Samsung Electronics Co., Ltd., Samsung Telecommunications America, LLP, and/or LG Electronics MobileComm U.S.A., Inc., and (b) a system, method and/or service of one or more of the carrier defendants.

## V. COUNT 2 – THE '542 PATENT

156.   Paragraphs 1-155 above are incorporated herein by reference.

157.   On November 11, 2003, United States Patent No. 6,646,542 (the '542 Patent) was duly and legally issued by the United States Patent and Trademark Office (USPTO) to TPLLC, and since that date the '542 Patent has been assigned in full to TPLLC, and TPLLC has been and still is the sole owner of the entire right, title, and interest in and to the '542 Patent with all rights pertaining thereto, including the right to bring this action and to collect damages for infringement.

158.   Defendants have been and still are infringing the '542 Patent under at least 35 U.S.C. §271 (including all subparts) by at least using, causing to be used, importing, causing to be imported, selling, causing to be sold, offering for sale, causing to be offered for sale, making, causing to be made, exporting, causing to be exported, advertising and/or promoting systems (including components thereof), processes and/or services for sending and/or receiving messages (including but not limited to international text messages or SMS messages) covered by the '542 Patent.

159.  Defendants have been and still are infringing the '542 Patent under 35 U.S.C. §271(f) by at least, without authority, supplying and/or causing to be supplied in or from the United States components (including but not limited to one or more of messages, servers, transmitters, computers, products, hardware and/or software) of the inventions of the '542 Patent in a manner so as to actively induce the combination of components of the inventions outside of the United States in an infringing manner and/or knowing that such components are made or adapted and intended to be combined outside of the United States in an infringing manner.

160.  Defendants have been and still are inducing and contributing to infringement of the '542 Patent under at least § 271(b) and/or (c) via at least their agreements with other defendants and related activities.  For example and without limitation, see paragraph 146 above which is incorporated herein by reference, with respect to the '542 Patent.  The infringement described and alleged in paragraph 146 applies to all defendants listed therein with respect to the '542 Patent.

161.  Moreover, defendants have been and still are infringing the '542 Patent under at least 35 U.S.C. §271(a) by at least using, selling, offering for sale, and/or importing systems and/or methods in the United States which are covered by the '542 Patent.

162.  The infringement of the '542 Patent is literal and/or under the doctrine of equivalents.

163.  Example systems (including components thereof), methods and/or services that infringe the '542 Patent include those recited in paragraph 149 above, which is incorporated herein by reference.

164.  Each defendant is jointly and severally liable for infringing the '542 Patent with numerous other defendants, in connection with the same transaction or series of transactions relating to messaging, for at least the example reasons set forth above in paragraphs 150-155 which are

incorporated herein by reference.

## VI. JURY DEMAND

A jury demand is hereby made.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court enter a judgment that:

a)      Plaintiff's United States Reissued Patent No. RE39,870 is valid;

b)      Plaintiff's United States Reissued Patent No. RE39,870 has been infringed by defendants;

c)      Plaintiff's United States Patent No. 6,646,542 is valid;

d)      Plaintiff's United States Patent No. 6,646,542 has been infringed by defendants;

e)      Final and permanent injunction issue under 35 U.S. C. §283 against any and all systems,

methods, and conduct constituting infringement of one or more of the Reissued '870 Patent and the

'542 Patent;

f)      Final and permanent injunction against the defendants listed in paragraphs 2-118, 121 and

131-132, enjoining their international messaging (including text messaging or SMS messaging)

operations and capabilities in the United States, including an Order that U.S. based carriers disable

the international messaging (including text messaging or SMS messaging) operations and

capabilities of the defendants listed in paragraphs 2-118, 121 and 131-132 in the United States;

g)      Pursuant to 35 U.S.C. §283, an order that defendants and those in privity with defendants be

preliminarily and permanently enjoined from infringing the Reissued '870 Patent and the '542

Patent;

h)      Plaintiff is entitled to an award of damages under 35 U.S.C. §284, adequate to fully

compensate plaintiff for defendants' past and continuing acts of infringement for each of said

patents, and in any event no lower than a reasonable royalty together with interest, costs and

disbursements as are to be determined by the Court;

i)      Any monetary relief awarded to plaintiff be awarded with prejudgment and postjudgment

interest; and

j)      Award such further relief to plaintiff as the Court may deem just and proper under its

jurisdiction in law and equity.

Respectfully submitted,

_____/s/_____

Joseph A. Rhoa (FBN 12902)
NIXON & VANDERHYE P.C.
901 North Glebe Road, 11th Floor
Arlington, Virginia  22203-1808
Tel: (703) 816-4000
Fax: (703) 816-4100
jar@nixonvan.com

Attorney for Plaintiff
TECHNOLOGY PATENTS LLC