IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| TECHNOLOGY PATENTS LLC, | * |
| Plaintiff, | * |
| v. | * Civil Action No. AW-07-3012 |
| DEUTSCHE TELEKOM AG, *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Pending before the Court and to be decided in the instant Memorandum Opinion are Defendants Samsung Electronics Co., LTD. and Samsung Telecommunications America LLP's Motion for Summary Judgment of Non-Infringement (Doc. No. 1306); Defendants Clickatell (PTY) LTD., Microsoft Corporation, and Yahoo! Inc.'s Motion for Summary Judgment of Non-Infringement (Doc. No. 1310); Defendant Motorola, Inc.'s Motion for Summary Judgment of Non-Infringement Under 35 U.S.C. § 271(b) (Doc. No. 1323); and Defendant LG Electronics Mobilecomm U.S.A., Inc.'s Motion for Summary Judgment of Non-Infringement (Doc. No. 1326).[1] The Court has reviewed the entire record, as well as the pleadings and exhibits, with respect to the instant motion. The issues have been fully briefed, and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the Court will GRANT IN PART and DENY IN PART Defendants Samsung Electronics Co., LTD. and Samsung Telecommunications America LLP's Motion for Summary Judgment, GRANT IN PART and DENY IN PART Defendant Motorola, Inc.'s Motion for Summary Judgment, GRANT IN PART and DENY IN PART Defendant LG Electronics Mobilecomm U.S.A., Inc.'s

---

[1] There are other motions pending in this case which the Court will address in a future Memorandum Opinion.

1

Motion for Summary Judgment, and GRANT Defendants Clickatell (PTY) LTD., Microsoft Corporation, and Yahoo! Inc.'s Motion for Summary Judgment.

I.  **BRIEF BACKGROUND**

A discussion of the Patent at issue in this case is available in a prior Memorandum Opinion dealing with claim construction, (Doc. No. 1415), and will not be repeated here. Pertinent to this Memorandum Opinion is the fact that Plaintiff asserts that Samsung Electronics Co., LTD. and Samsung Telecommunications America LLP (collectively "Samsung" or "Samsung Defendants"), Defendant Motorola, Inc. ("Motorola"), Defendant LG Electronics Mobilecomm U.S.A., Inc. ("LGE"), Defendants Clickatell (PTY) LTD. ("Clickatell"), Microsoft Corporation ("Microsoft"), and Yahoo! Inc. ("Yahoo") induced direct infringement of the '870 Patent. Technology Patents alleges these Defendants induce infringement under 35 U.S.C. § 271(b) of claims 4-6, 8-10, 16-18, 34-37, and 39 of the '870 patent. There are two groups of Defendants that have filed motions for summary judgment: 1) handset providers (Samsung, Motorola, and LGE), and 2) websites and other software and service providers (Yahoo, Microsoft, and Clickatell). Defendants Samsung, LGE and Motorola sell cell phones in the United States to network carriers, but not directly to the carriers' subscribers. The cell phones are designed and manufactured to comply with network industry standards (i.e., GSM or CDMA standards) and the carriers' network device requirements. The handset provider Defendants argue that even if the Court assumed the alleged direct infringement for disposing of the motions for summary judgment, Plaintiff cannot meet its burden of showing inducement because Defendants do not cause the infringement, and Defendants lack the specific intent to cause direct infringement. The software providers argue that there is no evidence of joint infringement.

## II. SAMSUNG'S MOTION FOR SUMMARY JUDGMENT

Defendant Samsung moves for summary judgment on the grounds that Plaintiff cannot establish a causal relationship between Samsung's activities and infringement of the Patent and that Plaintiff cannot demonstrate that Samsung had the specific intent to cause infringement. Samsung argues that "all of the allegedly inducing acts are routine sales activities incidental to the sale of a standard phone and are in no way directed to the practice of the Asserted Claims." (Doc. No. 1306 at 2.) Samsung explains that: it merely sells standard phones that comply with the cellular phone network protocols the network operators established; that it has been selling phones in the same way since long before it knew of the '870 Patent; and that it has relied on the opinion of counsel that its actions do not infringe the Patent.

The Court finds that there is no evidence upon which a reasonable jury could find that Samsung induced infringement before it learned of the Patent, but that there is a genuine dispute of material fact as to whether Samsung induced infringement after November 15, 2007, when it was served with the Complaint. Samsung continued to distribute cellular phones accompanied by instruction manuals instructing the consumer to use cell phones to send MMS/SMS messages and pages, and directing consumers to use the allegedly infringing system. There is a factual dispute over whether these instructions constitute inducement. Thus, the Court will deny summary judgment to Defendant Samsung on Plaintiff's claim of inducement after November 15, 2007, but grant it as to all times before the Complaint was served.

### a. Standard of Review

Although the Federal Circuit's jurisprudence controls for substantive patent law issues, the law of the regional circuit is controlling for any procedural issues. *Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1358 (Fed. Cir. 2005). As such, "[t]he party moving for summary judgment has the burden of establishing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law." *Catawba Indian Tribe of South Carolina v. South Carolina* 978 F.2d 1334, 1339 (4th Cir. 1992); Fed. R. Civ. P. 56(c). However, when considering this motion, the court must construe all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Under section 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "The plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (*en banc*) (citing *Manville Sales Corp. v. Paramount Sys., Inc.,* 917 F.2d 544, 554 (Fed.Cir.1990)). Thus, the defendant must have had specific intent to induce infringement. *Id.* at 1304-05. The "mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." *Warner-Lambert Co. v. Apotex Corp.,* 316 F.3d 1348, 1363 (Fed.Cir.2003) (citing *Manville,* 917 F.2d at 554).

To have the specific intent to induce infringement, the alleged inducer must have known of the patent which was allegedly infringed. Specific intent may also be proven through circumstantial evidence. *DSU Med. Corp.*, 471 F.3d at 1306. "[I]f an entity offers a product with the object of promoting its use to infringe, as shown by clear expression or other affirmative steps taken to foster infringement, it is then liable for the resulting acts of infringement by third

4

parties." *Id.* at 1305-06. For example, "advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe . . . which overcomes the law's reluctance to find liability when a defendant merely sells a commercial product suitable for some lawful use." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005). It is insufficient that the defendant possessed knowledge of the acts alleged to constitute inducement; the plaintiff must show that the defendant's actions actually induced infringing actions *and* that the defendant "knew or should have known his actions would induce actual infringements." *DSU Med. Corp.*, 471 F.3d at 1306 (quoting *Manville*, 917 F.2d 544, 554 (Fed. Cir. 1990)).

Furthermore, the alleged inducer must cause the patent in question to be directly infringed. *See Dynacore Holdings Corp. v. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). Direct infringement, in turn, "requires a party to perform or use each and every step or element of a claimed method or product." *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007).

Finally, "[u]nlike direct infringement, which must take place within the United States, induced infringement does not require any activity by the indirect infringer in this country, as long as the direct infringement occurs here." *DSU Med. Corp.*, 471 F.3d at 1305.

### b. Causation

To show inducement of infringement, Plaintiff must show that Samsung caused direct infringement of the Patent in question. Defendant argues that any direct infringement that occurs is a consequence of the carriers' internal systems, which Samsung has no control over. (Doc. No. 1306 at 14.) Plaintiff counters that 1) Samsung provides manuals and technical support with

instructions on sending SMS, MMS and IM messages, (2) that it produces cellular phones with the knowledge that they will be used within a carrier's network, and (3) Samsung's phones are designed according to carrier specifications. (*Id.* at 11-14.)

The record clearly shows that Defendant produced cellular phones and distributed them with instruction manuals. (*See* Doc. No. 1342, Ex. 17-32.) These phones were designed to be used in conjunction with the carriers' networks, and the manuals were written according to carriers' requests and specifications. (*See* Doc. No. 1342 at 14; *id.*, Exs. 33-35.) Determining whether these phones and manuals caused users to engage in the allegedly infringing activities, such as sending a text message, or pressing the number 5 in lieu of leaving a voicemail, presents a genuine question of fact. Samsung's argument that the system performs the infringing acts internally is negated by Plaintiff's showing that these systems would not perform the infringing acts were it not for the cell-phone user's actions, which, in turn, are allegedly enabled by Samsung's instructions. Accordingly, there is a dispute of material fact regarding causation.

       **c. Specific Intent**

"To establish liability under section 271(b), a patent holder must prove that *once the defendants knew of the patent*, they 'actively and *knowingly* aid[ed] and abett[ed] another's direct infringement.'" *DSU*, 471 F.3d at 1305 (first emphasis added) (quoting *Water Techs. Corp. v. Calco Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)). The Court holds, as a matter of law, that Samsung did not know of the Patent until it was served with the Complaint, and thus it could not have induced infringement prior to November 15, 2007. Without knowledge of a patent, it is impossible to intend to induce infringement of it. *See Insituform Techs., Inc. v. Cat Contr., Inc.*, 161 F.3d 688, 695 (Fed. Cir. 1998).

Plaintiff argues that Samsung induced direct infringement after it became aware of the Reissued '870 Patent, upon receiving the Complaint in this case on November 15, 2007. (Doc. No. 1342 at 4.) Samsung contends that it did not have the requisite specific intent of inducement and that there is no evidence that Samsung specifically intended for the carriers to infringe the Patent. (Doc. No. 1306 at 18.) Samsung argues that it did not take part in the design or implementation of the system. (*Id.* 18-19.) Plaintiff, however, argues that the instruction manuals which teach the user how to send SMS, MMS, and IM messages, as well as the instructions on how to dial internationally, constitute circumstantial evidence sufficient to prove specific intent to induce infringement. (Doc. No. 1342 at 11-12.) Plaintiff also points to the technical support and customer service that Defendant supplies for its products as further circumstantial evidence. (*Id.*) Samsung continues to provide manuals and offer technical support services with its cellular phones. Samsung argues that because the manuals were written prior to Defendant acquiring knowledge of the '870 patent, Defendant lacked specific intent to induce infringement by distributing them. (Doc. No. 1306 at 20.) Finally, Samsung obtained opinion of counsel that its activities did not infringe the Patent, which, it argues, shows that it did not intend to induce infringement. (*Id.*)

The Court finds that Samsung's provision of the instruction manuals creates a genuine issue of fact as to whether Samsung had specific intent to induce infringement. *See MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 915 (2005) ("Evidence of active steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, shows an affirmative intent that the product be used to infringe . . . ."); *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1343 (Fed. Cir. 2008) ("[P]roviding instruction on how to engage in an infringing use 'show[s] an affirmative intent that the product be used to

7

infringe.'" (quoting *Grokster*, 545 U.S. at 936)). Although Samsung argues that it drafted the instructions before it had knowledge of the Patent, which tends to show that the instructions are not intended to cause infringement, the fact that it declined to change the instructions after learning of the Patent at least creates a genuine dispute regarding Samsung's intent to induce infringement. *Compare Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328-1329 (Fed. Cir. 2009). *See id.* ("After [the plaintiff] articulated its infringement contentions, but before the filing of suit, [the defendant] amended its instructions to teach . . . an undisputedly non-infringing use, evidencing intent to discourage infringement.")

Finally, Samsung claims that it received advice from outside counsel that it was not inducing infringement. However, Samsung did not acquire this advice until July 6, 2009, which is twenty months after Plaintiff served the Complaint. The Federal Circuit has interpreted significant delay in obtaining a legal opinion to be possible evidence of willful infringement. *See Nat'l Presto Indus. v. W. Bend Co.*, 76 F.3d 1185, 1193 (Fed. Cir. 1996) ("The district court, discussing on post-trial motion the evidence of willful infringement, observed that West Bend did not obtain a written opinion of counsel until eleven months after Presto's suit was filed."). Moreover, counsel's opinion regarding infringement does not categorically shield Samsung from liability. *See nCube Corp. v. Seachange Intern., Inc.*, 436 F.3d 1317, 1325 (Fed. Cir. 2006) (affirming lower court's finding of inducement despite reliance on the opinion of outside counsel). Due to the delay and the Court's doubts as to whether Samsung should have relied on the opinion, the Court cannot say that no reasonable jury could find that Samsung had an intent to cause infringement. Accordingly, the Court denies summary judgment to Samsung on the inducement of infringement claim for the period after November 15, 2007.

## III. DEFENDANT MOTOROLA'S MOTION FOR SUMMARY JUDGMENT

Defendant Motorola, like Samsung, moves for summary judgment on Technology Patents' sole claim against it: inducing network carriers, or the network carriers' subscribers, to directly infringe the claims of the '870 Patent under section 271(b). Motorola, like Samsung, argues that it is entitled to summary judgment on Plaintiff's pre-suit inducement claim. Next, Motorola argues it is entitled to summary judgment on Plaintiff's post-suit inducement claim because (1) Technology Patents' evidence of encouragement of ingringement also encourages non-infringing acts, thereby precluding an inference of specific intent; (2) Motorola has been selling and marketing mobile phones with messaging capabilities for almost two decades as (a) Motorola was selling and marketing mobile phones capable of messaging, international dialing, international use, and automatic and/or manual network selection long before Technology Patents sought its patent, (b) Motorola advertised, provided instructions regarding messaging, and sold mobile phones with messaging menus and prompts before Technology Patents' alleged invention, and (c) Motorola's prior art handsets also included prompts and menus for messaging; and (3) Motorola's affirmative evidence of good faith overrides Technology Patents' circumstantial evidence of specific intent.

With a few exceptions, Motorola's arguments are similar to Samsung's arguments and call for a similar disposition. First, the Court finds that Motorola, like Samsung, is clearly entitled to summary judgment on Plaintiff's pre-suit inducement claim, as Plaintiff cannot establish specific intent to induce infringement where Defendant did not even know of the Patent. Next, the Court denies Motorola summary judgment on Plaintiff's post-suit inducement claim because Motorola's failure to change its instructions after learning of the Patent creates a dispute of material fact as to whether Motorola had specific intent to induce infringement.

Motorola's counter-argument that its product has substantial non-infringing uses presents evidence for trial, but does not justify granting summary judgment in its favor, because instructions and advertising on infringing uses constitute active steps that go "beyond a product's characteristics" and show "an affirmative intent that the product be used to infringe." *Grokster*, 545 U.S. at 915.

Nor has Motorola shown that the premises of its good faith reliance on counsel defense are beyond genuine factual dispute. As with Samsung, Motorola waited for twenty months after receiving the Complaint before seeking the advice of counsel, and Plaintiff has created a genuine issue of fact regarding whether Motorola's reliance on counsel's opinion was reasonable. Accordingly, the Court denies summary judgment to Motorola on the post-suit infringement claim.

### IV.    DEFENDANT LGE'S MOTION FOR SUMMARY JUDGMENT

Defendant LGE, like Samsung and Motorola, moves for summary judgment on Technology Patents' claim that it induced network carriers of LGE's cellular phones ("LG cell phones"), or the network carriers' subscribers, to directly infringe the claims of the '870 Patent under section 271(b). Technology Patents alleges that LGE's sales and advertising of LG cell phones capable of text messaging, and providing instructions and support on how to send and receive text messages, constitutes inducement. Defendant LGE makes arguments similar to those of Samsung and Motorola, arguing that no evidence supports Technology Patents' allegation that LGE induces infringement of the '870 patent because (1) LGE had no knowledge of the '870 Patent until it was served with the Complaint, and (2) even after it learned of the '870 patent, its activities do not constitute inducement because (a) LGE's alleged acts do not induce

infringement of each and every limitation of the asserted claims, many of which relate to sending international paging messages; (b) none of LGE's alleged acts support an inference that LGE has specific intent to induce infringement, because sale, advertising, and instructions for a product with substantial non-infringing uses cannot, as a matter of law, give rise to an inference of specific intent; and (d) LGE Mobilecomm has affirmative evidence of its good faith reliance on the opinion of counsel that use of LG cell phones does not infringe the '870 Patent.

The Court has already resolved the substantially identical arguments of Samsung and Motorola. Here, too, Plaintiff cannot show that LGE induced infringement of the '870 Patent before LGE even knew of the Patent, but there is a dispute of material fact regarding causation and intent to induce infringement for the events occurring after discovery of the Patent. Finally, LGE's affirmative evidence of its good faith belief that use of LG cell phones does not infringe the '870 Patent, based on the opinion of independent counsel, does not show lack of intent for the reasons described above for Samsung and Motorola.

## V. DEFENDANTS CLICKATELL, MICROSOFT, AND YAHOO'S MOTION FOR SUMMARY JUDGMENT

Defendants Clickatell, Microsoft, and Yahoo move for summary judgment of non-infringement, either direct or indirect, of the Patent-in-suit on the ground that the Federal Circuit's standard for "joint infringement," established in *Paymentech*, 498 F.3d 1373, and applied in *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008), has not been met with respect to either the "originating user sending a paging signal" claim in the Patent or the "user designating a page receiving country" claim. Defendants contend that Technology Patents must rely on a theory of joint infringement. They argue that a claim of patent infringement under section 271 ordinarily requires that the patentee prove that a single actor

11

practices all the elements of a claim, and an exception is only available if the party has an entity that it controls perform the remaining claim elements. Defendants contend that, as a matter of law, a service provider and an end-user of the service do not satisfy the control-or-direction test necessary to satisfy a joint infringement claim because the end-users are, at most, in arms-length cooperation with service providers. (Doc. No. 1310 at 2.)

Plaintiff responds that joint infringement is not relevant here and that the Patent is infringed when a party performs individual steps of the Patented invention because many of the claims are system claims which, Plaintiff argues, do not require performance of the whole invention.

The Court believes that joint infringement supplies the appropriate standard, and finds that Plaintiff has failed to demonstrate joint infringement. Thus the Court grants summary judgment of non-infringement under section 271 to Defendants Microsoft, Clickatell, and Yahoo.

### a. Standard of Review

When "the actions of multiple parties combine to perform every step of a claimed method," the plaintiff must show that the defendant "exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, i.e., the 'mastermind.' At the other end of this multi-party spectrum, mere 'arms-length cooperation' will not give rise to direct infringement by any party." *Muniauction*, 532 F.3d at 1329 (quoting *Paymentech*, 498 F.3d at 1371, 1380-81). Where a defendant "neither performed every step of the claimed methods nor had another party perform steps on its behalf, [nor] identified [a] legal theory under which [the defendant] might be vicariously liable for the actions of the [end users]," a court will, as a matter of law, find non-infringement of the asserted claims. *Id.* at 1330.

### b. Joint Infringement

Defendants argue that Plaintiff's claims must meet the standards for a joint infringement theory, and the Court agrees. *Paymentech* and *Muniauction* apply because no single actor is responsible for performing all of the claim elements. Plaintiffs resist this outcome by arguing that end-user performance of claim limitations was only one of "many possible scenarios," (Doc. No. 1346 at 17). However, the Court agrees with Defendants that Technology Patents "chose to rely exclusively on its Infringement Contentions . . . without further supplementation," (Doc. No. 1391 at 5), and that those Infringement Contentions specify that "no individual actor is responsible for every element of each claim, instead requiring a combination of acts by multiple actors including cellular carriers, websites, end-users and others under a joint infringement theory," (Doc. No. 1310 at 25-26.)

Plaintiff contends that it never admitted that actions of multiple parties are required to perform elements of every asserted Patent claim and insists that its primary infringement charges against these Defendants arise under sections 271(a) and 271(b). However, Technology Patents has not provided evidence for these alternate theories of infringement. The Court agrees with Defendants that Technology Patents cannot now amend its Infringement Contentions and, in any event, the claims themselves support Defendants' understanding.

Plaintiff also argues that the joint infringement standard in *Paymentech* is limited to methods claims and does not apply to system claims. However, Defendants rightly point out in response that *Paymentech*, in articulating the joint infringement framework, cited a case involving a system claim: *Cross Med. Prods. V. Medtronic Sofamor Danek*, 429 F.3d 1293, 1297 (Fed. Cir. 2005). Other courts have applied *Paymentech* to system claims, *see, e.g.*, *Phoenix*

*Solutions, Inc. v. The DirecTV Group, Inc.*, No. 08-984, 2009 U.S. Dist. LEXIS 114977, at *32-33 (C.D. Cal. Nov. 23, 2009) ("[T]he Federal Circuit did not limit its statutory analysis to method claims, and its general holding applies to apparatus claims as well."); *Golden Hour Data Sys., Inc. v. emsCharts, Inc.*, 91 U.S.P.Q.2d 1565, 1568 (E.D. Tex. 2009) (holding, in a case with system and method claims at issue, that the evidence was "[in]sufficient to find that [defendant] had any control or direction over [the co-defendant alleged to meet the system claim limitations]"), and this Court agrees with this reading of *Paymentech*.[2]

Applying joint infringement to the present case, Defendants argue that because they have no control or power of direction over end-users, the relationship between end-users and Defendants is arms-length at most, and that end-users (and not the Defendants) are responsible for performing at least some of the claims in the Patent. The Court agrees. First, the "originating user sending a paging signal" element of the claims is performed by the end-users, and no evidence has been presented that Defendants controlled or directed the end-users in their performance of this activity. Second, the "designating a page receiving country" element requires user conduct (either by the originating user or the receiving user), and Defendants do not control the users in their performance of this element.[3] Consequently, Defendants are entitled to judgment as a matter of law on Plaintiff's joint infringement theory.

Finally, to the extent that Plaintiff contends that the Defendants directly infringe the Patent, the record does not support them. Technology Patents appears to concede that Defendants do not directly infringe method claims 19-20 and 36-39 (because they allege that the

---

[2] The Court also agrees that the end-users of the accused systems here are not direct infringers, and notes that this holding consistent with *NTP Inc. v. Research in Motion, LTD*, 418 F.3d 1282, 1314 (Fed. Cir. 2005) (addressing extraterritoriality issues).

[3] The Court is not convinced by Defendants' view that these questions can be addressed without engaging in claim construction. However, the Court finds the Defendants' construction consistent with its own, and therefore addresses the subsequent arguments.

carriers perform every element of those claims), and Mr. Bates' unsupported expert conclusions are insufficient to raise a dispute of fact regarding lack of direct infringement for any other claim.

## VI. CONCLUSION

For the reasons described above, the Court grants in part and denies in part the Motions for Summary Judgment by Samsung, Motorola and LEG. The Court grants Clickatell, Microsoft, and Yahoo's Motion for Summary Judgment. A separate order will follow.

|  |  |
|---|---|
|   September 29, 2010   |           /s/                |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |