IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| TECHNOLOGY PATENTS LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 8:07-cv-3012 (AW) |
| DEUTSCHE TELEKOM AG, et al., | ) |
| Defendants. | ) |

**DEFENDANTS AT&T MOBILITY LLC, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, LG ELECTRONICS MOBILECOMM U.S.A., INC., MICROSOFT CORP., MOTOROLA, INC., PALM, INC., SPRINT NEXTEL CORPORATION, T-MOBILE USA, INC., AND YAHOO! INC.'S REPLY MEMORANDUM <u>IN SUPPORT OF THEIR BILLS OF COSTS</u>**

Defendants AT&T Mobility LLC, Cellco Partnership D/B/A Verizon Wireless, LG Electronics Mobilecomm U.S.A., Inc., Microsoft Corp., Motorola, Inc., Palm, Inc., Sprint Nextel Corporation, T-Mobile USA, Inc., and Yahoo! Inc. (collectively, "Defendants") file this Reply to Technology Patents LLC's ("TPLLC") objection to the Bills of Costs Defendants submitted. *See* Local Rule 109.1.c, 105.2. In its consolidated opposition, TPLLC concedes that the Defendants' costs "shall be allowed as of course" unless the Court directs otherwise, and that the Defendants, as prevailing parties, are "presumptively entitled to costs that were necessarily incurred." *See* Plaintiff's Consolidated Objections To Defendants' Bills Of Costs ("TPLLC Opp.") [D.I. 1553], at 2-3. While TPLLC presents a scattershot list of arguments why it believes Defendants' costs were not "reasonable," *id*., the crux of TPLLC's complaints arise from the number of defendants in the case and the dozens of depositions that were taken, the vast majority of which were noticed by TPLLC. TPLLC's effort to shift responsibility for the costs resulting from TPLLC's own decisions should be rejected.

I. **The Transcripts Taxed Were Reasonably Believed To Be Necessary At The Time of Their Taking**

The cost of deposition transcripts should be taxed when the depositions were reasonably necessary at the time of their taking. *LaVay Corp. v. Dominion Fed. Savings & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987) (holding that a district court should award costs of obtaining deposition transcripts "when the taking of a deposition is reasonably necessary at the time of its taking"); *see also Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 586 (D. Md. 2004) ("Indeed, the rule gives rise to a presumption that costs are to be awarded to the prevailing party.") (internal citation omitted).

### A. Transcripts Of Codefendants' Depositions Were Reasonably Necessary At The Time Of Their Taking

TPLLC objects to specific transcripts certain Defendants ordered from other Defendants' depositions, arguing generally that those transcripts could not have been necessary because the allegations against other Defendants were different. TPLLC Opp. at 5-12. TPLLC overstates the relevant standard and understates the relevance of codefendants' depositions where, as here, TPLLC had asserted a set of common factors with respect to similarly-situated Defendants.

#### 1. Motorola's Transcripts of LG, Samsung, and Clickatell Should Be Taxed

TPLLC contends that Motorola did not "need" the deposition transcripts of Defendants LG, Samsung, and Clickatell to defend against Plaintiff's claims of patent infringement. TPLLC Opp. at 5-7. On the contrary, however, given the similarity of Plaintiff's claims against Motorola and other handset manufacturers, as well as Plaintiff's far-reaching allegations of joint infringement, contributory infringement, and/or inducement, *see* [D.I. 1], at ¶¶ 138-139, the preparation of Motorola's defense required Motorola to understand TPLLC's claims against LG, Samsung, Clickatell, as well as all other parties to the case. Moreover, the Court's Guidelines specifically provide for recovery of costs for "Transcript of deposition of a party to the case" and "Cost of copies of transcripts of an opposing party's noticed depositions." Guidelines for Bills of Costs, U.S. District Court for the District of Maryland, Section II(D)(1)(c) and (k). The deposition transcripts of LG, Samsung, and Clickatell fall within the scope of both these categories and are therefore recoverable.

#### 2. Palm's Transcripts Of LG And Samsung Should Be Taxed

TPLLC argues that the transcripts of the LG and Samsung depositions Palm purchased were not "necessarily obtained for use in the case." TPLLC Opp. at 7. TPLLC attempts to support this argument by suggesting that Palm could not have derived any information to help

2

defend against TPLLC's allegations from those transcripts because the underlying facts relevant to each Defendant were different. *Id*. This does not carry TPLLC's burden to show that the transcripts were not reasonably believed to be necessary at the time they were taken. The kinds of facts TPLLC sought to establish for other handset makers were important to Palm to determine what facts TPLLC may try to establish with respect to Palm. Questions posed during a deposition can also provide insight into litigation strategy, and because TPLLC did not schedule a deposition of Palm, and never took a deposition of Palm, Palm could not gain the benefit of that insight through its own witnesses. At the time, Palm could reasonably expect that the deposition transcripts would provide important information for Palm to present its own defense.

### 3. LG's Transcripts of Motorola, Samsung and Clickatell Should Be Taxed

TPLLC argues that the transcripts of the Motorola, Samsung and Clickatell depositions that LG purchased were not "necessarily obtained for use in the case." TPLLC Opp. at 9. For the same reasons discussed above, LG's costs for these transcripts should be allowed. The kinds of facts TPLLC sought to establish for other handset makers and parties were important to LG to determine what facts TPLLC may try to establish with respect to LG. Questions posed during a deposition can also provide insight into litigation strategy. At the time, LG could reasonably expect that the deposition transcripts would provide important information for LG to present its own defense.

### 4. Yahoo!'s Transcripts of Microsoft and Aicent Should Be Taxed

TPLLC argues that the transcripts of the Microsoft and Aicent depositions Yahoo! purchased were not "necessarily obtained for use in the case." TPLLC Opp. at 10-12. TPLLC similarly fails to carry its burden to show that these transcripts were not reasonably believed to

be necessary at the time they were taken. The facts TPLLC sought to establish for other web site defendants like Microsoft and gateway providers like Aicent were important to Yahoo! to determine what facts TPLLC may try to establish with respect to Yahoo!. At the time, Yahoo! could reasonably expect that these depositions would provide insight into TPLLC's litigation strategy and provide important information for Yahoo! to present its successful joint infringement defense.

### B. The Costs for the Deposition Transcripts of Their 30(b)(6) Witnesses, and Accompanying Exhibits, Were Necessarily Incurred by the Defendants for Use in this Case

TPLLC objects to Defendants' presumptive entitlement to the taxation of their costs for the deposition transcripts of their own 30(b)(6) witnesses, and accompanying exhibits. TPLLC Opp. at 12-14. TPLLC's objection to these costs should be rejected for several reasons. First, TPLLC's objection is based *solely* on its conclusory, unsupported assertion that these costs were "not necessarily incurred" by the Defendants for use in this case. TPLLC fails to present *any* argument or evidence supporting its assertion.

With respect to costs for obtaining copies of the deposition exhibits, TPLLC argues those costs were unnecessary because the Defendants had the documents in their possession. TPLLC cites no authority for its position and, more importantly, is wrong. As discussed below, the costs for the deposition transcripts were necessarily incurred for use in this case. The costs for the exhibits to those depositions were likewise necessarily incurred because the Defendants needed to ensure they had true and correct copies of the labeled exhibits that TPLLC introduced at and questioned the witnesses on during the depositions, including exhibits that were modified or annotated by the witness during their testimony. Additionally, there is no basis to assume that the exhibits introduced in any deposition were produced by the party being deposed, and TPLLC has not presented any evidence showing this is the case. *See* Guidelines for Bills of Costs, U.S. District Court for the District of Maryland, Section II(D)(1)(i) (taxable costs include "[c]osts of

copies of papers obtained as exhibits in the deposition"). This alone warrants dismissing TPLLC's objection.

Indeed, the law is clear that costs for deposition transcripts are taxable to the losing party if they were reasonably necessary for use in the case at the time they were incurred. *See LaVay*, 830 F.2d at 528 (holding that a district court should award costs of obtaining deposition transcripts "when the taking of a deposition is reasonably necessary at the time of its taking"). In *Cengr v. Fusibond Piping Sys, Inc.*, the Seventh Circuit addressed the issue of whether a prevailing party may recover costs for deposition transcripts of its own employees, and answered in the affirmative. 135 F.3d 445, 455 (7th Cir. 1998). Similar to Plaintiff here, the plaintiff in *Cengr* was the losing party and argued that the deposition transcripts of the defendant's employees were not necessarily obtained for use in the case, as required by 28 U.S.C. § 1920, because the employees were available to the defendant without ordering the transcripts. *Id.* The court rejected this argument as "ludicrous" and held that the defendant was entitled to obtain and rely on its employees' depositions. *Id.* The court also stated that the test was whether the deposition was "reasonably necessary" to the case at the time it was taken, not whether it was used in a motion or in court, and held that it was "entirely reasonable" for the defendant to order the deposition transcripts of its own employees. *Id.*; *see also Simmons v. O'Malley*, 235 F. Supp. 2d 442, 443-44 (D. Md. 2002) (allowing the prevailing party to recover the cost of her own deposition transcript under 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and Local Rule 109.1 because "[r]easonable trial preparation . . . ordinarily includes review of the deposition transcripts of the parties and their experts, either to prepare one's own witnesses for cross-examination or to prepare to perform the cross-examination of the adverse party and her witnesses").

Moreover, this Court's Guidelines for Bills of Costs specifically identifies these types of deposition transcripts and exhibits as items for which costs may be taxed under 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and local practice. *See* Guidelines for Bills of Costs, Section II(D)(1). Those guidelines identify the following as "the most commonly taxable court reporter

5

fees": (1) "Transcript of deposition of a party to the case"; (2) "Cost of copies of transcripts of an opposing party's noticed depositions"; and (3) "Costs of copies of papers obtained as exhibits in the deposition." *Id.* Each of these applies here. The Defendants' 30(b)(6) depositions constitute party depositions. Those depositions were all noticed by Plaintiff. Those depositions all involved TPLLC introducing documents as exhibits. None of this is in serious dispute.

The three district court cases cited by TPLLC are not to the contrary, and regardless are distinguishable from this case. In *Legrice v. Harrington*, for example, the court did not hold, as TPLLC contends, that a prevailing party may not tax the costs of its own deposition transcript to the losing party. No. Civ.A. 09-10132-RBC, 2010 WL 2991670, * 1 (D. Mass. July 26, 2010). Rather, the court found that the costs of the *individual* defendants' own deposition transcripts were not "necessarily incurred" because the two men were parties to the litigation and thus their testimony was "readily available without the need of deposition transcripts." *Id.* (finding that "the costs of deposition transcripts purchased merely for the convenience of counsel shall not be taxed," where the individual party witnesses apparently testified or were available to testify at trial); *see also Frederick v. Oldham County Ambulance Taxing Dist.*, No. 3:08-cv-401-H, 2011 U.S. Dist. LEXIS 89137, * 6 (W.D. Ky. Aug. 10, 2011) (applying same reasoning as court in *Legrice*). The situation here is far different. The Defendants' 30(b)(6) witnesses are not individual parties in the case, and their testimony was not "readily available without the need of deposition transcripts" as it was for the individual defendants in *Legrice*.

TPLLC's reliance on the *Liberty Mutual* case is similarly misplaced. In *Liberty Mutual*, the court held that a party is not entitled to recover its costs for the deposition transcript of a witness whom the party may call as its witness at trial because it is primarily for the convenience of counsel to prepare the witness' trial testimony. *Liberty Mut. Ins. Co. v. Gardere & Wynne*, No. 3-95-CV-1330-L, 2004 WL 691229, * 1 (N.D. Tex. March 29, 2004). Here, however, the deposition transcripts of the Defendants' 30(b)(6) witnesses were not obtained for the convenience of counsel to prepare the witnesses for trial, but rather as a necessary part of preparing their defense.

6

TPLLC chose to take these 30(b)(6) party depositions as part of its infringement case against the Defendants. The Defendants ordered the transcripts of these depositions, and accompanying exhibits, to properly prepare their defense of this case, and specifically to defend against TPLLC's broad and ever-changing infringement contentions. TPLLC's infringement theories were premised on alleged joint action and coordination between the defendants, necessitating each of the defendants to understand their own, as well as their co-defendants', testimony and evidence. Under the circumstances at the time, it was entirely reasonable for the Defendants to order the transcripts and exhibits, and the costs of obtaining them were reasonably incurred for use in this case.

For all of these reasons, TPLLC's objection to the Defendants' costs for the deposition transcripts of their 30(b)(6) witnesses, and accompanying exhibits, should be rejected, and the costs taxed to TPLLC.

## II. Defendants Are Each Entitled To The Costs Actually Incurred To Order Transcripts

Each Defendant is entitled to recover the cost of every transcript ordered by that Defendant, provided the transcript was "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), and "reasonably necessary at the time of its taking." *LaVay*, 830 F.2d at 528. Despite the clear law on this issue, TPLLC concludes that, even though it sued over 120 parties, Defendants should be forced to coordinate on ordering transcripts and reach an agreement to share a single copy amongst themselves. *See* TPLLC Opp. 15-17. TPLLC misinterprets the language of the Guidelines. The Guidelines provide that "[w]here multiple prevailing parties . . . are represented by different counsel, it is assumed **they should be treated as separate parties for purposes of taxing costs**." Guidelines, § I.E (emphasis added). The Guidelines clearly provide that, when there are multiple parties represented by different counsel who have each separately incurred a cost, then each party is entitled to recover for that cost, as long as that party

7

provides "an explanation as to which costs are attributable to each party and how they should be apportioned." *Id.*[1]

TPLLC's proposed interpretation of the Court's Guidelines not only imposes an unwritten limitation on the statute and the Fourth Circuit's interpretation of that statute, but such interpretation would also result in significantly reduced fees for court reporters, who are statutorily entitled to charge and collect such fees. *Cf.* 28 U.S.C. § 753(f) ("Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference"). There is simply no basis to read unwritten limitations into the statute related to costs, and there is simply no reasoned basis to strain the Court's Guidelines to impose an unwritten limitation that is endorsed neither by Congress nor the law of this Circuit. Accordingly, because each Defendant in this case must be treated as a separate party for purposes of taxing costs, and because each Defendant has separately explained and accounted for its costs, those costs are recoverable by each Defendant.

---

[1] Plaintiff argues that the language in the Guidelines regarding apportionment requires that the cost of a single transcript be apportioned among the Defendants. TPLLC Opp. 15. However, the language regarding apportionment merely refers to the potential need of the parties to apportion any costs that may have been shared. For example, if Defendants had collectively incurred the cost of providing a courtesy copy of a pleading to the presiding judge, that cost would need to be apportioned among the Defendants. With respect to the transcripts costs at issue here, however, those costs cannot be considered shared because each Defendant ordered a transcript for its own purposes, and each transcript was necessarily obtained for use in the case and reasonably necessary at the time of its taking. Thus, each Defendant may recover for the transcript cost given that Defendants must "be treated as separate parties for purposes of taxing costs." Guidelines, § I.E.

### III. There Are No Meaningful Discrepancies In The Costs Requested By Different Defendants

TPLLC also argues that Defendants should only be allowed to recover costs for deposition transcripts based on the least amount paid by any defendant.[2] TPLLC does not cite any authority for the proposition that reasonable costs for transcripts necessarily incurred should be taxed at less than the actual amount paid.

#### A. Costs For The Bates Transcript Are Reasonable And Consistent

TPLLC lists five transcripts where different defendants were allegedly charged different amounts. For the Bates deposition of November 10, 2010, TPLLC alleges that AT&T Mobility LLC paid only $2.50 per page of the transcript it ordered, while all other defendants (save Verizon Wireless) paid $2.65 per page of transcripts. *Id*. The invoice submitted by AT&T Mobility LLC, however, clearly shows a billed rate of $2.65 per page, the same as other defendants. *See* [D.I. 1538] Cadwell Decl. Ex. 1 at 27. These invoiced amount are the same, and that the rate is well within this District's later-adopted maximum rates for court reporter transcripts. *See* Standing Order 2011-02 (D. Md. Aug. 3, 2011) (allowing $3.65 per page of transcripts).

---

[2] In Yahoo!'s Memorandum in Support of its Bill of Costs, Yahoo! details its costs related to the 30(b)(6) deposition of plaintiff TPLLC and cites email correspondence with the relevant stenographer in support of those costs. *See* D.I. 1536-1 at 6-7. While Yahoo! paid $8.70 per page for expedited service related to this deposition, pursuant to this Court's Guidelines, it only sought to recover $4.85 per page, the standard rate provided by the stenographer in the email correspondence. *See id*. It appears now that the rate provided by the stenographer inadvertently included costs for both stenographic and video recording. Accordingly, Yahoo! adjusts its total taxable cost for the 30(b)(6) deposition of TPLLC from $2,282.63 to $1,382.78 in order to reflect only the $2.75 per page rate charged for stenographic recording.

9

### B. TPLLC Is Mistaken Regarding Its Argument Based on the Small Differences In Page Numbers For Motorola And LG's Transcripts

TPLLC seeks to deny actual costs incurred by Defendants based on small discrepancies in the page numbers of transcripts or exhibits. However, these costs are detailed in the invoices that were included among the materials with Defendants' various Bills of Costs. For example, TPLLC points out that Motorola seeks recovery for 2234 pages of exhibits to the transcripts of Motorola's witnesses, whereas other Defendants seek costs for 2143 pages. TPLLC Opp. at 19. Motorola's claim for $558.50 for the 2234 pages of exhibits to the transcripts of Motorola's witnesses is substantiated by the invoice included with Motorola's Bill of Costs. *See* Ex. 1 to Sommer Decl. [D.I. 1532-3] at 19 (identifying 91, 9, and 2,134 pages of exhibits, respectively, for Motorola's three witnesses Nicholas Gottschalk, Kamala Urs, and David Yen). The 91-page discrepancy in this instance is due to the fact that the other Defendants did not order the 91 pages of exhibits to the Gottschalk transcript, which contain Motorola's proprietary financial data related to the sales of its mobile phones, which was designated highly confidential by Motorola.[3] Motorola is nonetheless entitled to these costs associated with these exhibits.

With respect to LG, on July 29, 2009 TPLLC took the deposition of two LG representatives, Mr. Orler and Mr. Naugler. LG's invoice clearly shows two transcripts (*i.e.* 104 pages for the deposition of Mr. Orler and 177 pages for the deposition of Mr. Naugler). *See* LG Bill of Costs, [D.I. 1541] Ex. 1 at 9. LG paid for both transcripts resulting in a total of 281 pages and $814.90 in costs. The other defendants only ordered the transcript of Mr. Naugler (177

---

[3] TPLLC baselessly accuses Motorola of seeking costs for transcripts in multiple formats. (TPLLC Opp. at 18, n.4.) Motorola specifically did ***not*** seek any such costs and therefore provided no explanation on the issue, recognizing that the Court's Guidelines provide that the costs for transcripts in multiple formats may not be recovered absent an explanation as to why both were necessary for use in the case. Guidelines, Section II(D)(1) at Note 2.

pages and $513.30 in costs). There is no discrepancy, and all defendants should be allowed the actual costs incurred.

## IV. The Costs Are Not "Excessive" Nor Were The Issues "Close"

TPLLC objects that the cumulative costs claimed are "excessive," conveniently ignoring that the scope of this case was dictated by TPLLC's own strategic decision to sue 131 domestic and international defendants. While the total costs sought by the nine defendants are what TPLLC characterizes "staggering $150,477.19", this amount is reasonable for nine defendants and necessarily incurred as described above. TPLLC Opp. at 20. TPLLC has not objected that the individual costs that any defendant is seeking are excessive. Its objection that it considers the Defendants' *aggregate* costs excessive has no bearing on the reasonable *individual* costs incurred by each defendant, when TPLLC itself is responsible for the sheer number of parties to this litigation. TPLLC has also not asserted that it is unable to pay these costs.

Additionally, the decided issues were not close and difficult. The defendants prevailed on summary judgment of non-infringement. On September 29, 2010, the Court granted summary judgment of no infringement to defendants Clickatell, Microsoft and Yahoo!. *See* [D.I. 1428, 1429]. On August 4, 2011, the Court granted summary judgment of no infringement to the remaining defendants. *See* [D.I. 1529, 1530]. In disposing of the entire case on summary judgment, the Court necessarily determined that there were no genuine issues of material fact and that no reasonable jury could have found for TPLLC on infringement.

In fact, the overall weaknesses of TPLLC's case can be seen throughout the entire course of this litigation. TPLLC initially filed suit against 131 domestic and foreign companies claiming infringement of the '870 Patent and the '542 Patent. At the beginning of the case, the Court dismissed the 118 foreign companies for lack of personal jurisdiction and dismissed

11

TPLLC's claims of infringement with respect to claims 1-5 of the '542 Patent and claims 1-3 of the '870 Patent. *See* [D.I. 1082, 1083]. TPLLC then dropped one patent entirely (the '542 Patent) and narrowed its infringement allegations to claims 4-37 and 39 of the '870 Patent. After the Court's claim construction opinion, TPLLC abandoned 30 more of its claims, ultimately only asserting five (claims 4-8). *See* Doc. No. 1529 at 5.

Recognizing the fatal defects in its case, TPLLC also tried to amend its infringement contentions. The Court, however, denied TPLLC's proposed amendments as futile because it determined that defendants would still be entitled to summary judgment even if TPLLC were allowed to amend its contentions. [D.I. 1529] at 15. In doing so, the Court also noted that the "original claim charts contained theories that were unquestionably vulnerable in light of the Court's claim-construction rulings." *Id.*

Moreover, the Court's opinion itself shows that the decided issue of non-infringement is neither close nor difficult. The Court granted summary judgment to defendants based on a "multiplicity of reasons." *Id.* at 16-17. In disposing of TPLLC's arguments, the Court referred to TPLLC's position as "untenable" and TPLLC's construction as "unpersuasive." *Id.* at 20. The Court also noted that TPLLC's comparison of the patented system to the accused systems suffers from a fundamental deficiency, *id.* at 23, and that TPLLC presented *no scenario* in which the asserted claims could be infringed. *Id.* at 22. In sum, the Court determined that "the system described in the Patent is fundamentally different from the accused systems as described by TPLLC's claim charts and the Bates Declaration." *Id.* at 17, n. 6.

The Court also identified the joint infringement theory as yet another independent basis for granting summary judgment to a subset the defendants. *Id.* at 17, n. 6. The Court had granted summary judgment of no infringement because there is no basis for finding vicarious

12

liability among the various actors—users, domestic carriers, and foreign carriers—who are alleged to perform certain elements of the claims. *Id., see also* [D.I. 1428, 1429]. That previous ruling is law of the case, and TPLLC never asked the Court to reconsider that ruling. *Id.* at 17, n. 6.

Given the "multiplicity of reasons" for granting summary judgment to the defendants and the reasoning provided by the Court in its opinions, it is clear that the decided issue of non-infringement is neither close nor difficult. TPLLC has failed to show that the costs are excessive and that decided issues are close and difficult and thus, cannot provide any good reason for overcoming the presumption that defendants are entitled to their costs. Accordingly, the Court should allow defendants their costs as the prevailing parties in this case.

## V. CONCLUSION

For the foregoing reasons, Defendants' costs should be taxed as set forth in the respective Bills of Costs filed.

Dated:   October 3, 2011           Respectfully submitted,

*/s/ George F. Pappas*
George F. Pappas
**COVINGTON & BURLING, LLP**
1201 Pennsylvania Ave., NW
Washington, DC 20004-2401
(202) 662-6000 (Tel.)
(202) 662-6291 (Fax)
GPappas@cov.com

Michael M. Markman *(Pro Hac Vice)*
Robert J. Williams (*Pro Hac Vice*)
**COVINGTON & BURLING LLP**
One Front St.
San Francisco, CA 94111
(415) 591-6000 (Tel.)

(415) 591-6091 (Fax)
MMarkman@cov.com
RWilliams@cov.com

*Attorneys for Defendant PALM, INC.*


*/s/ George F. Pappas*
George F. Pappas
Peter A. Swanson
**COVINGTON & BURLING LLP**
1201 Pennsylvania Ave., NW
Washington, DC 20004-2401
(202) 662-6000 (Tel.)
(202) 662-6291 (Fax)
GPappas@cov.com
PSwanson@cov.com

*Attorneys for Defendant MICROSOFT CORP.*


*/s/Andrew R. Sommer (with permission)*
Jonathan E. Retsky (pro hac vice)
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
T: (312) 558-3791
F: (312) 558-5700
Email: jretsky@winston.com

Andrew R. Sommer (FBN 17359)
**WINSTON & STRAWN LLP**
1700 K Street, NW
Washington, DC 20006
T: (202) 282-5896
F: (202) 282-5100
Email: asommer@winston.com

*Counsel for Motorola, Inc.*


*/s/ Linda L. Kordziel (with permission)*
Michael J. McKeon *(Pro Hac Vice)*
Linda L. Kordziel (MD Bar No. 15212)
Autumn J. S. Hwang *(Pro Hac Vice)*
**FISH & RICHARDSON P.C.**
1425 K Street, N.W., 11th Floor
Washington D.C., 20005

(202) 783-5070 (Tel.)
(202) 783-2331 (Fax)
mckeon@fr.com
kordziel@fr.com
hwang@fr.com

*Attorneys for Defendant LG ELECTRONICS MOBILECOMM U.S.A., INC.*


*/s/ Christopher W. Kennerly (with permission)*
Bryant C. Boren, Jr., Lead Attorney (admitted p.h.v.)
Texas Bar No. 02664100
E-mail: bryant.c.boren@bakerbotts.com
Steve Schortgen (admitted p.h.v.)
Texas Bar No. 00794603
E-mail: steve.schortgen@bakerbotts.com
Christopher W. Kennerly (admitted p.h.v.)
Texas Bar No. 00795077
E-mail: chris.kennerly@bakerbotts.com
Kevin E. Cadwell (admitted p.h.v.)
Texas Bar No. 24036304
E-mail: kevin.cadwell@bakerbotts.com
**BAKER BOTTS LLP**
2001 Ross Ave, Suite 600
Dallas, Texas 75201
Telephone: 214-953-6500
Facsimile: 214-661-4826

Bruce Marcus
Bar No. 06341
**LAW OFFICES OF MARCUS BONSIB, LLC**
6411 Ivy Lane, Suite 116
Greenbelt, MD  20770
301-441-3000
301-441-3003 (Fax)
Email: bmarcus@marcusbonsib.com

*Attorneys for Defendant AT&T MOBILITY, LLC*


*/s/  Brian M. Koide (with permission)*
Richard McMillan, Jr. (MD Bar No. 04955)
Brian M. Koide (MD Bar No. 17749)
**CROWELL & MORING LLP**
1001 Pennsylvania Ave., NW
Washington, DC 20004

(202) 624-2500 (Tel.)
(202) 628-5116 (Fax)
rmcmillan@crowell.com
bkoide@crowell.com

***Attorneys for Defendants SPRINT NEXTEL CORPORATION and HELIO, LLC***


*/s/ Kevin P. Anderson (with permission)*
Thomas W. Kirby (MD Bar No 04798)
James H. Wallace, Jr. (Pro Hac Vice)
Kevin P. Anderson (Pro Hac Vice)
**WILEY REIN LLP**
1776 K Street, NW
Washington, DC 20006
(202) 719-7000 (Tel.)
(202) 719-7049 (Fax)
tkirby@wileyrein.com
jwallace@wileyrein.com
kanderson@wileyrein.com

***Attorneys for Defendant CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS***

/s/ *William D. Fisher (with permission)*
Ramsey M. Al-Salam (admitted pro hac vice)
William D. Fisher (admitted pro hac vice)
**PERKINS COIE LLP**
1201 Third Ave., Ste 4800
Seattle , WA 98101
(206) 359-6385 (Tel.)
(206) 359-7385 (Fax)
ralsalam@perkinscoie.com
kmdas@perkinscoie.com

Barry J. Reingold
John K. Roche
**PERKINS COIE LLP**
607 14th St. NW, Ste 800
Washington , DC 20005
(202) 434-1613 (Tel.)
(202) 434-1690 (Fax)
breingold@perkinscoie.com
jroche@perkinscoie.com

*Attorneys for Defendant T-MOBILE USA, INC.*

/s/ Gianni Cutri (with permission)
Adam R. Alper, pro hac vice
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
(415) 439-1400 (Tel)
(415) 439-1500 (Fax)
adam.alper@kirkland.com

Gianni Cutri, pro hac vice
Amanda Hollis, pro hac vice
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
(312) 862-2000 (Tel)
(312) 862-2200 (Fax)
gianni.cutri@kirkland.com
amanda.hollis@kirkland.com

Gregory D. Grant, Bar No. 13942
Christine P. Hsu, Bar No. 13177
**SHULMAN, ROGERS, GANDAL, PORDY AND ECKER, PA**
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
(301) 230-5200 (Tel)
(301) 230-2891 (Fax)
ggrant@shulmanrogers.com
THsu@shulmanrogers.com

*Attorneys for Defendant YAHOO! INC.*

**CERTIFICATE OF SERVICE**

I certify that on October 3, 2011, all counsel of record are being served with a copy of the foregoing DEFENDANTS AT&T MOBILITY LLC, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, LG ELECTRONICS MOBILECOMM U.S.A., INC., MICROSOFT CORP., MOTOROLA, INC., PALM, INC., SPRINT NEXTEL CORPORATION, T-MOBILE USA, INC., AND YAHOO! INC.'S REPLY MEMORANDUM IN SUPPORT OF THEIR BILLS OF COSTS, by the Court's CM/ECF system per Local Rule 102.1(c).

                */s/George F. Pappas*