**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| TECHNOLOGY PATENTS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 8:07-cv-3012 (AW) |
| ) | |
| DEUTSCHE TELEKOM AG, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS'
MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS**

Defendant Cellco Partnership d/b/a Verizon Wireless files this Memorandum in Support of Its Bill of Costs ("Memorandum").  As detailed below, the Bill of Costs totals $20,616.84. The affidavit of Kevin P. Anderson in support of the Bill of Costs ("Anderson Affidavit") is also being filed concurrently herewith.[1]

## I.     BACKGROUND

This is a patent lawsuit brought by Plaintiff Technology Patents LLC ("TPLLC") in November 2007 against 131 national and foreign telecommunication companies.  On August 4, 2011, the Court entered an order granting a Motion for Summary Judgment of Non-Infringement (D.I. 1474-1475) filed by Defendants AT&T Mobility Corp., LG Electronics Mobilecomm USA, Inc., Motorola Mobility, Inc., Palm, Inc., T-Mobile USA, Inc., Verizon Wireless, Sprint Nextel Corp., and Helio, LLC.  *See* D.I. 1529-1530.  The Federal Circuit affirmed this Court's ruling on October 17, 2012.  *See* D.I. 1566.  The Court's order and the Federal Circuit's affirmance fully resolved all of Plaintiff Technology Patents LLC's ("TPLLC") claims against Verizon Wireless in Verizon Wireless' favor.  *See id.*  As a prevailing party in this matter, pursuant to FED. R. CIV. P. 54(d) and Local Rule 109.1, Verizon Wireless seeks to recover certain of its costs.

## II.     ARGUMENT

Rule 54 provides that costs are allowed to a prevailing party as a matter of course:

> Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party.

FED. R. CIV. P. 54(d)(1); *see also Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 586 (D. Md. 2004) ("Indeed, the rule gives rise to a presumption that costs are to be awarded to the prevailing party.") (internal citation omitted).   Costs that are recoverable by a prevailing party include

---

[1]    All invoices related to this Memorandum are attached as Exhibit 1 to the Anderson Affidavit.

those delineated under 28 U.S.C. § 1920, specifically "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2).  Courts in this district have likewise confirmed that costs for deposition transcripts and exhibits are taxable against a non-prevailing party under 28 U.S.C. § 1920(2):

> The costs associated with a deposition are commonly awarded when the taking of the deposition is reasonably necessary at the time of its taking.

*See, e.g., Wyne*, 329 F.Supp.2d at 588 (internal citation omitted); *see also id.* at 590 ("It is well established that costs incurred in copying depositions, exhibits and other documents for use in the case are taxable against the non-prevailing party.").

This Court's guidelines further provide that fees for "electronically recorded transcripts" are recoverable for any "transcript of deposition of a party to the case."  Anderson Affidavit Ex. 2 at 5, § II.D.1.c.  As explained below, Verizon Wireless incurred costs associated with depositions of TPLLC, as well as the deposition of ten defendants, which were necessitated by TPLLC having noticed and taken those depositions.  Verizon Wireless also incurred recoverable costs for four third party depositions noticed by TPLLC.  *See* Anderson Affidavit Ex. 2 at 5, § II.D.1.k.  Additionally, a prevailing party may recover costs for a "transcript used in support of a motion."  *See* Anderson Affidavit Ex. 2 at 5, § II.D.1.f.  Because Verizon Wireless incurred costs for the depositions of Regis Bates, whose deposition was utilized in connection with Defendants' motions for summary judgment, Verizon Wireless seeks to recover the costs for Mr. Bates' deposition transcripts.

**A.     Verizon Wireless Is Entitled to Recover Costs Associated with Depositions of Parties in this Case.**

FED. R. CIV. P. 54(d)(1), 28 U.S.C. § 1920(2) and this Court's guidelines establish that Verizon Wireless can recover its costs associated with the depositions of parties in this case.  As such, Verizon Wireless seeks its costs associated with deposition transcripts for plaintiff and ten

defendants.

### 1.     Verizon Wireless Can Recover its Costs Associated with Defendants' 30(b)(6) Depositions.

During the course of the litigation, TPLLC noticed the deposition of every defendant in this case, on numerous topics.  At its own expense, Verizon Wireless purchased copies of the transcripts of many of these depositions and the exhibits thereto.  *See* Anderson Affidavit at ¶ 3. Consistent with this Court's guidelines, Verizon Wireless seeks only the costs it incurred in connection with these depositions and does not seek expediting charges.  *See* Anderson Affidavit Ex. 2 at 2-3, § I.E; Anderson Affidavit Ex. 3.

As shown in the chart below, Verizon Wireless' total taxable costs for the depositions of these parties is $14,822.05.

| Deposition (Location) | Invoice | Costs | | | |
|---|---|---|---|---|---|
| | | Type | # of Pages | Per Page Rate | Subtotal |
| 6/2/2009: 30(b)(6) Verizon Wireless (Walnut Creek, CA) | Anderson Affidavit Ex. 1 at 1. | Transcript | 338 | $2.90 | $980.20 |
| | | Exhibits | 1,362 | $0.25 | $340.50 |
| 6/4/2009: 30(b)(6) AT&T Mobility (Dallas, TX) | *Id*. at 2. | Transcript | 336 | $2.50 | $840.00 |
| | | Exhibits | 2,219 | $0.25 | $554.75 |
| 6/5/2009: 30(b)(6) Sprint Nextel Corp. (Washington, DC) | *Id*. at 3. | Transcript | 296 | $2.50 | $740.00 |
| | | Exhibits | 2,637 | $0.25 | $659.25 |

| | | | | | |
|---|---|---|---|---|---|
| 6/12/2009: 30(b)(6) Clickatell (Palo Alto, CA) | *Id*. at 4. | Transcript | 161 | $2.90 | $466.90 |
| | | Exhibits | 93 | $0.25 | $23.25 |
| 7/24/2009: 30(b)(6) Motorola (Mundelein, IL) | *Id*. at 5. | Transcript | 263 | $2.65 | $696.95 |
| | | Exhibits | 2143 | $0.25 | $535.75 |
| 7/29/2009: 30(b)(6) T-Mobile (Bellevue, WA) | *Id*. at 6. | Transcript | 41 | $2.95 | $120.95 |
| | | Exhibits | 2 | $0.25 | $0.50 |
| 7/29/2009: 30(b)(6) LG Electronics Mobilecomm USA (San Diego, CA) | *Id*. at 7. | Transcript | 177 | $2.90 | $513.30 |
| | | Exhibits | 2,337 | $0.25 | $584.25 |
| 7/30/2009: Samsung 30(b)(6) (Los Angeles, CA) | *Id*. at 8. | Transcript | 210 | $2.95 | $619.50 |
| | | Exhibits | 1,968 | $0.25 | $492.00 |
| 7/31/2009: 30(b)(6) AT&T Mobility (Atlanta, GA) | *Id*. at 9. | Transcript | 43 | $2.00 | $86.00 |
| 9/3/2009: 30(b)(6) Microsoft (San Francisco, CA) | *Id*. at 10. | Transcript | 170 | $2.95 | $501.50 |
| | | Exhibits | 220 | $0.25 | $55.00 |
| 9/11/2009: 30(b)(6) Microsoft | *Id*. at 11. | Transcript | 135 | $2.95 | $398.25 |
| | | Exhibits | 158 | $0.25 | $39.50 |

| | | | | | |
|---|---|---|---|---|---|
| (Seattle, WA) | | | | | |
| 9/24/2009: 30(b)(6) Yahoo! (Palo Alto, CA) | *Id.* at 12. | Transcript | 245 | $2.90 | $710.50 |
| | | Exhibits | 339 | $0.25 | $84.75 |
| 11/13/2009: 30(b)(6) Microsoft (Seattle, WA) | *Id.* at 13. | Transcript | 87 | $2.95 | $256.65 |
| | | Exhibits | 41 | $0.25 | $10.25 |
| 1/14/2010: 30(b)(6) AT&T Mobility (Bellevue, WA) | *Id.* at 14. | Transcript | 325 | $2.95 | $958.75 |
| | | Exhibits | 1,422 | $0.25 | $355.50 |
| 1/15/2010: 30(b)(6) T-Mobile (Bellevue, WA) | *Id.* at 15. | Transcript | 294 | $2.95 | $867.30 |
| | | Exhibits | 661 | $0.25 | $165.25 |
| 1/20/2010: 30(b)(6) Verizon (Basking Ridge, NJ) | *Id.* at 16. | Transcript | 319 | $2.95 | $941.05 |
| | | Exhibits | 494 | $0.25 | $123.50 |
| 1/22/2010: 30(b)(6) Sprint Nextel (Overland Park, KS) | *Id.* at 17. | Transcript | 264 | $2.75 | $726.00 |
| | | Exhibits | 1,497 | $0.25 | $374.25 |
| **Total** | | | | | **$14,822.05** |

**2.    Verizon Wireless Can Recover Its Pro-Rata Share of the Costs Associated with the Deposition Of TPLLC.**

The defendants took the deposition of plaintiff TPLLC, a party to this case, pursuant to Rule 30(b)(6).  Verizon Wireless seeks its pro rate share of the costs of this deposition, as detailed in the chart below.  As detailed in Yahoo!'s costs motion, Yahoo! initially paid the

entirety of the costs associated with the deposition of TPLLC's 30(b)(6) witness.  *See* Anderson

Affidavit at ¶ 4.  Yahoo! then asked the other 11 defendants remaining in the lawsuit at the time

to split those costs, such that each party would be responsible for paying 1/12th of the costs.  *Id.*

Verizon Wireless paid its 1/12th share of the cost of the deposition, which totaled $4,565.25.  *Id.*;

Anderson Affidavit Ex. 1 at 24-26.  Thus, Verizon Wireless' total taxable cost for the 30(b)(6)

deposition of TPLLC is $380.44.[2]

### B.      Verizon Wireless Can Recover its Costs Associated with Copies of Transcripts of TPLLC's Noticed Depositions.

As explained above, all of the depositions of defendants described in Section II.A. *supra*

were noticed by TPLLC.  Accordingly, this Court's guidelines provide an additional,

independent basis for Verizon Wireless to recover its costs associated with these depositions.

*See* Anderson Affidavit Ex. 2 at 6, § II.D.1.k (indicating that "[c]osts of copies of transcripts of

an opposing party's noticed depositions" are taxable).  Further, as detailed in the chart below,

TPLLC also noticed depositions of third parties.  Verizon Wireless may also recover $2,160.65

associated with four such additional depositions:

| Deposition (Location) | Invoice | Costs | | | |
|---|---|---|---|---|---|
| | | Type | # of Pages | Per Page Rate | Subtotal |
| 7/28/2009: 30(b)(6) Tata (Woodbridge, NJ) | Anderson Affidavit Ex. 1 at 18. | Transcript | 169 | $2.95 | $498.55 |
| | | Exhibits | 263 | $0.25 | $65.75 |
| 7/29/2009: | *Id.* at 19. | Transcript | 133 | $2.50 | $332.50 |

---

[2] $4,565.25 / 12 = $380.44

| | | | | | |
|---|---|---|---|---|---|
| 30(b)(6) Sybase (Reston, VA) | | Exhibits | 18 | $0.25 | $4.50 |
| 8/11/2009: 30(b)(6) Aicent Corp. (Palo Alto, CA) | *Id*. at 20. | Transcript | 103 | $2.90 | $298.70 |
| | | Exhibits | 349 | $0.25 | $87.25 |
| 9/17/2009: 30(b)(6) Syniverse (Tampa, FL) | *Id*. at 21. | Transcript | 212 | $2.95 | $625.40 |
| | | Exhibits | 992 | $0.25 | $248.00 |
| **Total** | | | | | **$2,160.65** |

### C.    Verizon Wireless Is Entitled to the Costs of Depositions Used In Support Of Its Summary Judgment Motions.

A prevailing party may recover costs for a "transcript used in support of a motion."  *See* Anderson Affidavit, Ex. 2 at 5, § II.D.1.f.  In their prevailing summary judgment motion, Defendants relied on the testimony of TPLLC's expert, Regis Bates.  *See, e.g.*, D.I. 1474 at 5, 6, 7, 9, 10 (citing testimony of Regis Bates).  Additionally, Defendants relied on the testimony of Mr. Bates in their invalidity summary judgment motion.  D.I. 1480 at 4, 8, 10 (citing testimony of Regis Bates).  As such, Verizon Wireless seeks to recover the costs for Mr. Bates' deposition transcripts.  *See Wyne*, 329 F. Supp. 2d at 589 (finding deposition costs properly taxable because "they were reasonably necessary at the time of their taking and were submitted in connection with the event which terminated the litigation.").

As was the case with respect to the depositions of the parties, Verizon Wireless seeks only that portion of the transcript that was charged to Verizon Wireless and does not seek any expediting charges.  The chart below details the costs charged to Verizon Wireless for the depositions of Mr. Bates:

| Deposition (Location) | Invoice | Costs | | | | |
|---|---|---|---|---|---|---|
| | | Type | # of Pages | Per Page Rate | Subtotal | |
| 11/10/2010 Regis Bates (Arlington, VA) | Anderson Affidavit Ex. 1 at 22. | Transcript | 317 | $3.95 | $1252.15 | |
| | | Exhibits | 2015 | $0.35 | $702.25 | |
| 12/30/2010 Regis Bates (Arlington, VA) | *Id.* at 23. | Transcript | 262 | $2.65 | $694.30 | |
| | | Exhibits | 1500 | $0.35 | $525.00 | |
| **Total** | | | | | **$3173.70** | |

### D.        Verizon Wireless Is Entitled to Fees and Disbursements for Witnesses.

Section 1920(3) provides that fees and disbursements for witnesses may be taxed as costs.  Witness fees can be recovered for both trial and depositions.  28 U.S.C. § 1821(a) ("[A] witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.").  Recoverable fees include witness attendance fees, travel, and subsistence costs.  10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2678 (1996); Anderson Affidavit Ex. 2 at 7.

The chart below details Verizon Wireless' witness fees and disbursements:

| Name of Witness | Date of Attendance | Statutory Attendance Fee |
|---|---|---|
| Jerry Kupsh | June 2, 2009 | $40.00 |
| Donna Popik | January 20, 2010 | $40.00 |

| Total | $80.00 |
| --- | --- |

## III.     <u>CONCLUSION</u>

Verizon Wireless has incurred a total of $20,616.84 costs, as the following chart illustrates:

| Cost Categories | Cost |
| --- | --- |
| Depositions of Defendants | $14,822.05 |
| Deposition of TPLLC | $380.44 |
| Depositions of Third Parties Noticed by TPLLC | $2,160.65 |
| Depositions Utilized In Connection With Summary Judgment Motions | $3,173.70 |
| Witness Fees and Disbursements | $80.00 |
| Total | $20,616.84 |

Having successfully prevailed on all claims against it in the lawsuit filed by TPLLC, in accordance with this Court's rules, Verizon Wireless respectfully requests that the Clerk order that TPLLC be taxed with costs to Verizon Wireless in the amount of $20,616.84.

Dated:    October 31, 2012    Respectfully submitted,

　　　　　　　　　　　　　　　　 _/s/  Kevin P. Anderson_
　　　　　　　　　　　　　　　　 Thomas W. Kirby (MD Bar No 04798)
　　　　　　　　　　　　　　　　 James H. Wallace, Jr. *(Pro Hac Vice)*
　　　　　　　　　　　　　　　　 Kevin P. Anderson (*Pro Hac Vice*)
　　　　　　　　　　　　　　　　 **WILEY REIN LLP**
　　　　　　　　　　　　　　　　 1776 K Street, NW
　　　　　　　　　　　　　　　　 Washington, DC 20006
　　　　　　　　　　　　　　　　 (202) 719-7000 (Tel.)
　　　　　　　　　　　　　　　　 (202) 719-7049 (Fax)
　　　　　　　　　　　　　　　　 tkirby@wileyrein.com
　　　　　　　　　　　　　　　　 jwallace@wileyrein.com
　　　　　　　　　　　　　　　　 kanderson@wileyrein.com

　　　　　　　　　　　　　　　　 **Attorneys for Defendant Cellco Partnership d/b/a
　　　　　　　　　　　　　　　　 Verizon Wireless**

## CERTIFICATE OF SERVICE

I certify that on October 31, 2012, all counsel of record were served with a copy of this document either: (1) by the Court's Electronic Filing System, pursuant to Local Rule CV-102.1(c), if they have consented to electronic service, or (2) by electronic mail, pursuant to FRCP 5(b)(2)(D), if they have not so consented.

 */s/ Kevin P. Anderson*
Kevin P. Anderson