**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

|  |  |  |
|---|---|---|
| TECHNOLOGY PATENTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 8:07-cv-3012 (AW) |
| | ) | |
| DEUTSCHE TELEKOM AG, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PALM, INC.'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS**

Defendant Palm, Inc. files this Memorandum in Support of Its Bill of Costs ("Memorandum") for the total allowable Bill of Costs in the amount of $12,230.55. The Declaration of Robert J. Williams in support of the Bill of Costs ("Williams Declaration") is also being filed concurrently herewith.

## I.      BACKGROUND

Plaintiff Technology Patents LLC ("TPLLC") filed the instant lawsuit for patent infringement in November 2007 against Defendant Palm, Inc. ("Palm"), as well as 130 other defendants. On August 4, 2011, the Court granted summary judgment of non-infringement for all remaining defendants in the case. *See* D.I. 1529. As a prevailing party in this matter, pursuant to Fed. R. Civ. P. 54(d) and Local Rule 109.1, Palm seeks to recover certain of its costs.

## II.      ARGUMENT

Rule 54 provides that costs are allowed to a prevailing party as a matter of course:

> Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party.

Fed. R. Civ. P. 54(d)(1); *see also Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 586 (D. Md. 2004) ("Indeed, the rule gives rise to a presumption that costs are to be awarded to the prevailing party.") (internal citation omitted). Costs that are recoverable by a prevailing party include those delineated under 28 U.S.C. § 1920, specifically "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2). Courts in this district have likewise confirmed that costs for deposition transcripts and exhibits are taxable against a non-prevailing party under 28 U.S.C. § 1920(2):

> The costs associated with a deposition are commonly awarded when the taking of the deposition is reasonably necessary at the time of its taking.

*See, e.g., Wyne,* 329 F. Supp. 2d at 588 (internal citation omitted); *see also id.* at 590 ("It is well established that costs incurred in copying depositions, exhibits and other documents for use in the case are taxable against the non-prevailing party.").

This Court's guidelines further provide that fees for "electronically recorded transcripts" are recoverable for any "transcript of deposition of a party to the case." *See* Williams Declaration Ex. 2 at 5, § II.D.1.c .  As explained below, Palm incurred costs associated with depositions of  11 other defendants.  *See* Williams Declaration Ex. 1 (Compilation of TPLLC's 30(b)(6) Deposition Invoices).

**A.     Palm Is Entitled to Recover Costs Associated with Depositions of Parties in this Case.**

Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1920(2) and this Court's guidelines establish that Palm can recover its costs associated with the depositions of parties in this case.  As such, Palm seeks its costs associated with deposition transcripts for plaintiff and 10 defendants.

**1.     Palm Can Recover Its Pro-Rata Share of The Costs Associated with Defendants' 30(b)(6) Depositions.**

During the course of the litigation, TPLLC noticed the deposition of every defendant in this case, on numerous topics, as part of its expansive theory of infringement.  This included multiple depositions of each of the cell phone network operators (Sprint, Verizon, AT&T, T-Mobile), software companies (such as Yahoo! and Microsoft), and handset makers (such as Samsung and LGE).  At its own expense, Palm purchased copies of the transcripts of these depositions and the exhibits thereto in order to mount a defense to TPLLC's accusations.  *See* Williams Affidavit at Ex. 1.  Consistent with this Court's guidelines, Palm seeks only the costs it incurred in connection with these depositions.  *See* Williams Declaration Ex. 2 at 2-3, § I.E.  The costs below reflect ordinary copying costs.  *See id.* at 6, § II.D.2.a

As shown in the chart below, Palm's total taxable costs for the depositions of these parties is $10,685.25.

| Deposition (Location) | Invoice | Costs | | | |
|---|---|---|---|---|---|
| | | Type | # of Pages | Per Page Rate | Subtotal |
| Syniverse 30(b)(6) (Wright) | Williams Declaration Ex. 1 at 1. | Transcript | 212 | $2.95 | $625.40 |
| | | Exhibits | 992 | $0.25 | $248.00 |
| Yahoo! 30(b)(6) (Aggarwal) | *Id*. at 2. | Transcript | 245 | $2.90 | $710.50 |
| | | Exhibits | 339 | $0.25 | $84.75 |
| Microsoft 30(b)(6) (Pack) | *Id*. at 3. | Transcript | 135 | $2.95 | $398.25 |
| | | Exhibits | 158 | $0.25 | $39.50 |
| Microsoft 30(b)(6) (Mills) | *Id*. at 4. | Transcript | 170 | $2.95 | $501.50 |
| | | Exhibits | 220 | $0.40 | $55.00 |
| Aicent Corp. 30(b)(6) (Zhang) | *Id*. at 5. | Transcript | 103 | $2.90 | $298.70 |
| | | Exhibits | 349 | $0.25 | $87.25 |
| AT&T 30(b)(6) (McNarmara) | *Id*. at 6. | Transcript | 43 | $2.00 | $86.00 |
| | | Exhibits | 0 | | |
| Samsung 30(b)(6) (Ahn) | *Id*. at 7. | Transcript | 136 | $2.95 | $401.20 |
| | | Exhibits | 0 | | |
| LGE | *Id*. at 8. | Transcript | 177 | $2.90 | $513.30 |

| | | | | | |
|---|---|---|---|---|---|
| Mobilecomm 30(b)(6) | | Exhibits | 2,337 | $0.25 | $584.25 |
| Sybase 30(b)(6) | *Id*. at 9. | Transcript | 133 | $2.50 | $332.50 |
| | | Exhibits | 18 | $0.25 | $4.50 |
| Tata Communication 30(b)(6) | *Id*. at 10. | Transcript | 169 | $2.95 | $498.55 |
| | | Exhibits | 263 | $0.25 | $65.75 |
| Microsoft 30(b)(6) | *Id*. at 11. | Transcript | 366 | $2.95 | $1079.70 |
| | | Exhibits | 813 | $0.25 | $203.25 |
| T-Mobile 30(b)(6) (Buzescu) | *Id*. at 12. | Transcript | 41 | $2.95 | $120.95 |
| | | Exhibits | 2 | $0.25 | $0.50 |
| Microsoft 30(b)(6) | *Id*. at 13. | Transcript | 87 | $2.95 | $256.65 |
| | | Exhibits | 41 | $0.25 | $10.25 |
| Verizon Wireless 30(b)(6) (Popik) | *Id*. at 14. | Transcript | 319 | $2.95 | $941.05 |
| | | Exhibits | 494 | $0.25 | $123.50 |
| Sprint Nextel 30(b)(6) (Kennedy) | *Id*. at 15. | Transcript | 264 | $2.75 | $726.00 |
| | | Exhibits | 1497 | $0.25 | $374.25 |
| AT&T Wireless 30(b)(6) (Lewis) | *Id*. at 16. | Transcript | 325 | $2.95 | $958.75 |
| | | Exhibits | 1422 | $0.25 | $355.50 |
| **Total** | | | | | **$10,685.25** |

**B.      Palm Is Entitled to the Costs of Depositions Used In Support Of Its Summary Judgment Motion**

A prevailing party may recover costs for a "transcript used in support of a motion." *See* Williams Declaration Ex. 2 at 5, § II.D.1.f.  In its summary judgment motion, Defendant Palm relied on the testimony of TPLLC's expert, Regis Bates, for evidence relevant to infringement. *See, e.g.,* D.I. 1421-1 at 11-12, 15 (citing testimony of Regis Bates).  As such, Palm seeks to recover the costs for Mr. Bates' deposition transcripts. *See Wyne*, 329 F. Supp. 2d at 589 (finding deposition costs properly taxable because "they were reasonably necessary at the time of their taking and were submitted in connection with the event which terminated the litigation.").  As was the case with respect to the depositions of the parties, Palm seeks only that portion of the transcript that was charged to Palm, and does not seek any expedited deilvery costs:

| Deposition (Location) | Invoice | Costs | | | |
|---|---|---|---|---|---|
| | | Type | # of Pages | Per Page Rate | Subtotal |
| 11/30/2010: Regis Bates | Williams Declaration Ex. 1 at 17. | Transcript | 317 | $2.65 | $840.05 |
| | | Exhibits | 2015 | $0.35 | $705.25 |
| **Total** | | | | | **$1,545.30** |

## III.      CONCLUSION

Palm has incurred a total of $12,230.55 costs, as the following chart illustrates:

| Cost Categories | Cost |
|---|---|
| Depositions of Defendants | $10,685.25 |
| Depositions Utilized In Connection With Prevailing Summary Judgment Motion | $1,545.30 |

| Total | $12,230.55 |
|---|---|

Having successfully prevailed on all claims against it in the lawsuit filed by TPLLC, in accordance with this Court's rules, Palm respectfully requests that the Clerk order that TPLLC be taxed with costs to Palm in the amount of $12,230.55.

Dated:    November 2, 2012          Respectfully submitted,

                               */s/ George F. Pappas*
                               George F. Pappas
                               **COVINGTON & BURLING, LLP**
                               1201 Pennsylvania Ave., NW
                               Washington, DC 20004-2401
                               (202) 662-6000 (Tel.)
                               (202) 662-6291 (Fax)
                               GPappas@cov.com

                               Michael M. Markman *(Pro Hac Vice)*
                               Robert J. Williams (*Pro Hac Vice*)
                               **COVINGTON & BURLING, LLP**
                               One Front St.
                               San Francisco, CA 94111
                               (415) 591-6000 (Tel.)
                               (415) 591-6091 (Fax)
                               MMarkman@cov.com
                               RWilliams@cov.com
                               ***Attorneys for Defendant, PALM, INC.***

## CERTIFICATE OF SERVICE

I certify that on November 2, 2012, all counsel of record are being served with a copy of

the foregoing **PALM'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS**, by the

Court's CM/ECF system per Local Rule 102.1(c).

/s/  *Robert Williams*