**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| TECHNOLOGY PATENTS LLC,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Civil Action No. 8:07-cv-3012 (AW) |
| ) | |
| DEUTSCHE TELEKOM AG, et al.,   ) | |
| ) | |
| Defendants.   ) | |
| ) | |

**DEFENDANT MICROSOFT CORPORATION'S
<u>MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS</u>**

Pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure ("Rule") 54, and Local Rule 109.1, Defendant Microsoft Corporation ("Microsoft") respectfully submits this Memorandum in Support of Its Bill of Costs ("Memorandum"), along with a supporting affidavit from Peter A. Swanson ("Swanson Affidavit") and the bills supporting the requested costs. As detailed below, the Bill of Costs totals $5,309.65.[1]

## BACKGROUND

In November 2007, Plaintiff Technology Patents LLC ("TPLLC") brought a patent lawsuit against 131 national and foreign telecommunication and software companies. Defendants Microsoft, Yahoo! Inc. ("Yahoo!"), and Clickatell (PTY) Ltd. ("Clickatell") (collectively, "the Software Providers") moved for summary judgment of non-infringement on November 24, 2009.  Dkt. No. 1310.  The Court granted the Software Providers' motion on September 29, 2010.  Dkt. No. 1429.  On August 4, 2011, the Court granted summary judgment of non-infringement for all remaining defendants in the case.  Dkt. No. 1529.  On September 2, 2011, the Court dismissed the defendants' remaining counterclaims.  Dkt. No. 1549.

The U.S. Court of Appeals for the Federal Circuit affirmed this Court's judgment in favor of Microsoft.  *See Tech. Patents LLC v. T-Mobile (UK) Ltd.*, 700 F.3d 482 (Fed. Cir. 2012); *see also* Dkt. No. 1574 (mandate from the Federal Circuit dated Feb. 5, 2013).  In addressing the summary judgment ruling in favor of the Software Providers, the Federal Circuit affirmed summary judgment with respect to claims 4–6, 8–9, 13, 15–18, 25, and 29–35 (the "Receiving User Claims"), because TPLLC "ha[d] not produced sufficient evidence that the accused systems are even capable of meeting [certain] limitations" of those claims.  *Tech. Patents*, 700 F.3d at 501.  Because TPLLC had asserted only Receiving User Claims against

---

[1]   All invoices related to this Memorandum are attached as Exhibit 1 to the Swanson Affidavit.

Microsoft in opposing summary judgment in this Court, the Federal Circuit's ruling constituted a complete affirmance in Microsoft's favor.  *See* TPLLC's Opp'n to Defs.' Mot. for Summ. J. by Clickatell, Yahoo and Microsoft (Dkt. No. 1346) at 9 (arguing that Microsoft was liable for infringement only of claims 4–6, 8, 9, 16–18, 34, and 35); *see also* Decl. of Regis J. Bates in Supp. of Pl's Opp'n to Mot. for Summ. J. (Dkt. No. 1346) ¶¶ 13, 14 (opining on behalf of TPLLC that Microsoft was liable for infringement only of claims 4–6, 8, 9, 16–18, 34, and 35).

The Federal Circuit vacated summary judgment in favor of the Software Providers with respect to claims 11, 12, 14, 21–24, and 26–28 (the "Originating User Claims"). *See Tech. Patents*, 700 F.3d at 501.  TPLLC had asserted those claims against Yahoo! and Clickatell—but not Microsoft—in TPLLC's opposition to the Software Providers' motion for summary judgment in this Court.  *See supra*, pp. 1–2.  Accordingly, the Federal Circuit's decision to vacate summary judgment on the Originating User Claims does not disturb the judgment in Microsoft's favor—as TPLLC itself recognized on appeal.  *See* Br. of Appellant at 23 (stating that "[t]he district court's summary judgment regarding claims 4–8 in favor of AT&T et al. . . . has no bearing on whether Clickatell and Yahoo are liable for infringement of claims 11–12, 14–15 and 21–29," but making no such argument with respect to Microsoft); Reply Br. of Appellant at 11 (stating that "[t]he language at issue in claim 4 regarding AT&T et al.'s summary judgment is not present in claims 11–12, 14, 21–24 and 26–28 regarding Clickatell and Yahoo," but making no such argument with respect to Microsoft).  Microsoft thus remains a prevailing party in this lawsuit.

## ARGUMENT

Pursuant to Section 1920 of Title 28 of the U.S. Code and Rule 54, Microsoft is entitled to reimbursement of its taxable costs incurred in this case.  Section 1920 provides that "[a] judge or clerk of any court of the United States may tax as costs" certain items of costs and

that "[a] bill of costs shall be filed in the case and upon allowance, included in the judgment or

decree."  Further, Rule 54 provides that costs are allowed to a prevailing party as a matter of

course:  "Unless a federal statute, these rules, or a court order provides otherwise, costs—other

than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1); *see

also Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 586 (D. Md. 2004) ("Indeed, the rule gives

rise to a presumption that costs are to be awarded to the prevailing party.") (internal citation

omitted).

　　　　　Section 1920 identifies several costs that are properly taxable in favor of the

prevailing party.  As relevant to Microsoft's Bill, one of the costs is the "[f]ees for printed or

electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C.

§ 1920(2).  Courts in this District have confirmed that costs for both deposition transcripts and

exhibits are taxable under this statute:  "[T]he costs associated with a deposition are commonly

awarded when the taking of the deposition is reasonably necessary at the time of its taking."

*Wyne*, 329 F. Supp. 2d at 588 (internal citation omitted); *see also id*. at 590 ("It is well

established that costs incurred in copying depositions, exhibits and other documents for use in

the case are taxable against the non-prevailing party.").  Further, this Court's Guidelines for Bills

of Costs (v. 2.0, Aug. 2011) ("Guidelines") explain that a party may obtain reimbursement under

Section 1920(2) of a "transcript of deposition of a party to the case," Guidelines § II.D.1.c, a

"transcript used in support of a motion," *id.* § II.D.1.f, and "cost of copies of transcripts of an

opposing party's noticed depositions," *id.* § II.D.1.k.

　　　　　As explained below, Microsoft incurred costs associated with depositions of

TPLLC, as well as Rule 30(b)(6) deposition testimony from four Microsoft employees that was

necessitated by TPLLC's expansive and detailed Rule 30(b)(6) notice spanning 38 topics.  *See*

Swanson Aff. Ex. 1 at 4–7 (invoices for 30(b)(6) deposition transcripts from four Microsoft employees); *id.*, Ex. 2 (Pl. TPLLC's Notice of Taking Deposition of Defendant Microsoft Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure).

A.    **Microsoft Is Entitled to Recover Costs Associated with TPLLC's 30(b)(6) Deposition of Microsoft Employees.**

During the course of the litigation, TPLLC noticed the deposition of every defendant in this case, on numerous topics.  TPLLC sought from Microsoft information on 38 different topics, including, *inter alia*, the "structure, function, and operation of" Windows Live Messenger, Outlook 2007, and MSN Messenger; the message flow and the quantities of messages sent via each of those products; Microsoft's agreements with domestic and foreign carriers; and various financial topics.  Swanson Aff. Ex. 2 (Schedule A).  At its own expense, Microsoft purchased copies of the transcripts of these depositions and the exhibits thereto.  *See* Swanson Aff. Ex. 1.

Microsoft's costs for these deposition transcripts are taxable for several reasons. First, they are "transcript[s] of deposition of a party to the case."  Guidelines § II.D.1.c.  Second, they are "transcript[s] used in support of a motion."  *Id.* § II.D.1.f.  In particular, the four 30(b)(6) deposition transcripts of Microsoft employees were all used by Microsoft in support of its motion for summary judgment.  *See, e.g.*, Mem. in Supp. of Def. Microsoft Corp.'s Mot. for Summ. J. (Dkt. No. 1403) at 3 n.3 (deposition transcript of John Parsons); *id.* at 7 (deposition transcript of Amanda Mills); *id.* (deposition transcript of Thomas Pack); *id.* at 29 (deposition transcript of Deighton Maragh).  Third, they are "transcripts of an opposing party's noticed depositions."  Guidelines, § II.D.1.k.

Citing out-of-district case law, TPLLC's objections to Defendants' pre-appeal bills of costs argued that Defendants may not recover costs associated with the depositions of

their own employees.  *See* Pl.'s Consolidated Objections to Defs.' Bills of Costs (Dkt. No. 1553) at 12–14.  TPLLC is mistaken.  Courts in this District have allowed parties to recover the costs of their own depositions, including depositions of their employees or agents.  *See, e.g.*, *Levy v. City of New Carrolton*, No. 06-cv-2598, 2012 WL 909215, at *2–*3 (D. Md. Mar. 15, 2012); *Advance Bus. Sys. & Supply Co. v. SCM Corp.*, 287 F. Supp. 143, 165 (D. Md. 1968).  Indeed, TPLLC's argument is at odds with the Court's Guidelines, which do not limit recovery of "transcript[s] of deposition of a party to the case" to depositions of an adversary or co-party. Guidelines § II.D.1.c.  Because, as shown above, the deposition transcripts and exhibits for which Microsoft seeks costs were "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), these costs should be taxed.

Consistent with this Court's Guidelines, Microsoft seeks only the costs that Microsoft itself incurred in connection with these depositions (and does seek not any costs incurred by other defendants).  *See id.* § I.E.  In addition, these charges reflect only the standard copy rates for printed copies of the depositions.  *See id.* § II.D.2.a.[2]  As shown in the chart below, Microsoft's total taxable costs for the Rule 30(b)(6) depositions of Microsoft is $5,309.65.

| Deposition (Location) | Invoice | Costs | | | |
|---|---|---|---|---|---|
| | | Type | # of Pages | Per Page Rate | Subtotal |
| 7/30/2009: 30(b)(6) Microsoft (Seattle, WA) | Swanson Aff. Ex. 1 at 4. | Transcript | 366 | $2.95 | $1,079.70 |
| | | Exhibits | 813 | $0.25 | $203.25 |

---

[2]      Although one of the invoices refers to "expedited" delivery, *see* Swanson Aff. Ex. 1 at 4 (invoice for 30(b)(6) deposition of Microsoft employee John Parsons), Microsoft paid only standard copy rates and did not pay for any expedited transcripts.

| Deposition (Location) | Invoice | Costs | | | |
|---|---|---|---|---|---|
| | | Type | # of Pages | Per Page Rate | Subtotal |
| 9/3/2009: 30(b)(6) Microsoft (San Francisco, CA) | *Id.* at 5. | Transcript | 170 | $2.95 | $501.50 |
| | | Exhibits | 220 | $0.25 | $55.00 |
| 9/11/2009: 30(b)(6) Microsoft (Seattle, WA) | *Id.* at 6. | Transcript | 135 | $2.95 | $398.25 |
| | | Exhibits | 158 | $0.25 | $39.50 |
| 11/13/2009: 30(b)(6) Microsoft (Seattle, WA) | *Id.* at 7. | Transcript | 87 | $2.95 | $256.65 |
| | | Exhibits | 41 | $0.25 | $10.25 |
| **Total** | | | | | **$2,544.10** |

**B.      Microsoft Is Entitled to Recover Costs Associated with the Deposition of TPLLC.**

The defendants took the deposition of Plaintiff pursuant to Rule 30(b)(6), over the course of three days.  *See* Swanson Aff. Ex. 3 (Defendants' 30(b)(6) Deposition Notice of TPLLC).  The costs of the transcript of this deposition are taxable because the deposition was of a party to the case.  *See* Guidelines § II.D.1.c.  Consistent with this Court's Guidelines, Microsoft seeks only Microsoft's costs incurred in connection with these depositions.  *See* Guidelines § I.E.  These charges reflect only the standard copy rates for printed copies of the depositions.  *See id.* § II.D.2.a.  Microsoft's total taxable cost for the 30(b)(6) deposition of TPLLC is $2,765.55.

| Deposition (Location) | Invoice | Costs | | | |
|---|---|---|---|---|---|
| | | Type | # of Pages | Per Page Rate | Subtotal |

| Deposition (Location) | Invoice | Costs | | | |
|---|---|---|---|---|---|
| | | Type | # of Pages | Per Page Rate | Subtotal |
| 7/8/2009: 30(b)(6) TPLLC (Arlington, VA) | Swanson Aff. Ex. 1 at 1. | Transcript | 294 | $2.75 | $808.50 |
| | | Exhibits | 51 | $0.70 | $35.70 |
| 7/9/2009: 30(b)(6) TPLLC (Arlington, VA) | *Id.* at 2. | Transcript | 334 | $2.75 | $918.50 |
| | | Exhibits | 455 | $0.70 | $318.50 |
| 7/10/2009: 30(b)(6) TPLLC (Arlington, VA) | *Id.* at 3. | Transcript | 229 | $2.75 | $629.75 |
| | | Exhibits | 78 | $0.70 | $54.60 |
| **Total** | | | | | **$2,765.55** |

## **CONCLUSION**

Microsoft has incurred a total of $5,309.65 in costs, as the following chart illustrates:

| Cost Categories | Cost |
|---|---|
| Depositions of Microsoft Employees | $2,544.10 |
| Deposition of Plaintiff TPLLC | $2,765.55 |
| **Total** | **$5,309.65** |

As a prevailing party in this lawsuit, Microsoft respectfully requests that the Clerk order that Plaintiff be taxed with costs to Microsoft in the amount of $5,309.65.

Dated:    February 15, 2013

Respectfully submitted,

/s/ Peter A. Swanson
George F. Pappas (Bar No. 1539)
Peter A. Swanson (*pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave. NW
Washington, DC 20004
Tel: (202) 662-6000
Fax: (202) 662-6291
gpappas@cov.com
pswanson@cov.com

*Attorneys for Defendant*
*Microsoft Corporation*

**CERTIFICATE OF SERVICE**

On February 15, 2013, the foregoing document was filed electronically with the Court.  Pursuant to Local Rule 102.1.c, the corresponding notice of electronic filing constitutes a certificate of service as to all counsel receiving that notice.

/s/  Peter A. Swanson
Peter A. Swanson