**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

|   |   |   |
|---|---|---|
| TECHNOLOGY PATENTS LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 8:07-cv-3012 (AW) |
| DEUTSCHE TELEKOM AG, et al., | ) ) ) | |
| Defendants. | ) ) | |

**LG ELECTRONICS MOBILECOMM U.S.A., INC'S MEMORANDUM IN SUPPORT
OF ITS BILL OF COSTS**

Defendant LG Electronics Mobilecomm U.S.A., Inc. ("LG") submits this Memorandum in Support of Its Bill of Costs. As detailed below, LG's Bill of Costs totals $21,577. The declaration of Linda Liu Kordziel in support of the Bill of Costs ("Kordziel Decl.") is also being filed concurrently herewith.[1]

## I.   BACKGROUND

In November 2007, Plaintiff Technology Patents LLC ("TPLLC") brought a patent lawsuit against 131 national and foreign telecommunication and software companies. On November 24, 2009, defendants Yahoo! Inc., Microsoft Corporation, and Clickatell (PTY) Ltd. moved for summary judgment of non-infringement. *See* D.I. 1310. The Court granted the motion on September 29, 2010. *See* D.I. 1429. In January 2011, the remaining defendants AT&T Mobility Corporation, T-Mobile USA, Inc., Cellco Partnership d/b/a/ Verizon Wireless, Sprint Nextel Corporation, Motorola Mobility, Inc., Palm, Inc., LG Electronics Mobilecomm U.S.A., Inc. and Helio LLC filed several motions for summary judgment. *See* D.I. 1474-76, 1479 and 1480. On August 4, 2011, the Court granted the motion for summary judgment of non-infringement (D.I. 1474-75) for the remaining defendants in the case and found that all other pending motions were moot. *See* D.I. 1529, 1530-1.

On August 18, 2011, LG sought to recover certain of its costs as a prevailing party in this case pursuant to Fed. R. Civ. P. 54(d) and Local Rule 109.1. D.I. 1541. On October 28, 2011, the Clerk of the Court issued an Order denying without prejudice the bill of costs to LG filing a new bill of costs within fourteen days of the U.S. Court of Appeals issuing any mandate affirming judgment against plaintiff. D.I. 1562.

---

[1]   All invoices related to this Memorandum are attached as Exhibit 1 to the Kordziel Decl.

1

On February 5, 2013, the U.S. Court of Appeals for the Federal Circuit issued a mandate affirming this Court's judgment in favor of LG. D.I. 1574 (Federal Circuit mandate dated February 5, 2013). The Federal Circuit held that the district court properly granted summary judgment of noninfringement to the domestic carriers and handset companies. D.I. 1574-1 (Federal Circuit opinion dated October 17, 2012).

## II.  ARGUMENT

Rule 54 provides that costs are allowed to a prevailing party as a matter of course:

> Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party.

Fed. R. Civ. P. 54(d)(1); *see also Wyne v. Medo Indus., Inc.*, 329 F.Supp.2d 584, 586 (D. Md. 2004) ("Indeed, the rule gives rise to a presumption that costs are to be awarded to the prevailing party.") (internal citation omitted). Costs that are recoverable by a prevailing party include those delineated under 28 U.S.C. § 1920, specifically "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2). Courts in this district have likewise confirmed that costs for deposition transcripts and exhibits are taxable against a non-prevailing party under 28 U.S.C. § 1920(2):

> The costs associated with a deposition are commonly awarded when the taking of the deposition is reasonably necessary at the time of its taking.

*See, e.g., Wyne,* 329 F.Supp.2d at 588 (internal citation omitted); *see also id*. at 590 ("It is well established that costs incurred in copying depositions, exhibits and other documents for use in the case are taxable against the non-prevailing party.").

This Court's guidelines further provide that fees for "electronically recorded transcripts" are recoverable for any "transcript of deposition of a party to the case." *See* Guidelines for Bills of Costs (Aug. 2011) at 5, § II.D.1.c . As explained below, LG incurred costs associated with depositions of the parties in this case, which were necessitated by TPLLC having noticed and

2

taken those depositions. LG also incurred costs for third party depositions noticed by TPLLC. *See id.* at 5, § II.D.1.k. Finally, a prevailing party may recover costs for a "transcript used in support of a motion." *See id.* at 5, § II.D.1.f. Because LG incurred costs for the deposition of Regis Bates, whose deposition was used in connection with LG's successful motion for summary judgment, LG seeks to recover the costs for Mr. Bates' deposition transcript.

### A. LG Is Entitled to the Costs Associated with Depositions of Parties in this Case

Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1920(2) and this Court's guidelines establish that LG can recover its costs associated with the depositions of parties in this case.

During the course of the litigation, TPLLC noticed the deposition of every defendant in this case. At its own expense, LG purchased copies of the transcripts of these depositions and the exhibits thereto. Consistent with this Court's guidelines, LG seeks only the costs it incurred in connection with these depositions.[2] *See* Guidelines for Bills of Costs (Aug. 2011) at 2-3, § I.E.

As shown in the chart below, LG's total costs for the depositions of these parties is $17,871.05.

| Deposition (Location) | Invoice | Costs | | | |
|---|---|---|---|---|---|
| | | Type | # of Pages | Per Page Rate | Subtotal |
| 6/2/2009: 30(b)(6) Verizon Wireless (Walnut Creek, CA) | Kordziel Decl. Exh. 1 at 1. | Transcript | 338 | $2.90 | $980.20 |
| | | Exhibits | 1,362 | $0.25 | $340.50 |

---

[2] Although some of the invoices refer to "expedited" delivery, LG paid only standard copy rates for these transcripts and exhibits and did not pay for any expedited transcripts. This is reflected in the notes on LG's invoices that show regular delivery to LG.

| | | | | | |
|---|---|---|---|---|---|
| 6/4/2009: 30(b)(6) AT&T Mobility (Dallas, TX) | *Id*. at 2. | Transcript | 336 | $2.50 | $840.00 |
| | | Exhibits | 2,219 | $0.25 | $554.75 |
| 6/5/2009: 30(b)(6) Sprint Nextel Corp. (Washington, DC) | *Id*. at 3. | Transcript | 296 | $2.50 | $740.00 |
| | | Exhibits | 2,637 | $0.25 | $659.25 |
| 6/9/2009: 30(b)(6) T-Mobile (Seattle, WA) | *Id*. at 4. | Transcript | 270 | $2.95 | $796.50 |
| | | Exhibits | 1,873 | $0.40 | $749.20 |
| 6/12/2009: 30(b)(6) Clickatell (Palo Alto, CA) | *Id*. at 5. | Transcript | 161 | $2.90 | $466.90 |
| | | Exhibits | 93 | $0.25 | $23.25 |
| 7/24/2009: 30(b)(6) Motorola (Mundelein, IL) | *Id*. at 6-7. | Transcript | 263 | $2.65 | $696.95 |
| | | Exhibits | 2143 | $0.25 | $535.75 |
| 7/29/2009: 30(b)(6) T-Mobile (Bellevue, WA) | *Id*. at 8. | Transcript | 41 | $2.95 | $120.95 |
| | | Exhibits | 2 | $0.25 | $0.50 |
| 7/29/2009: 30(b)(6) LG Electronics Mobilecomm USA (San Diego, CA) | *Id*. at 9-10. | Transcript | 281 | $2.90 | $814.90 |
| | | Exhibits | 2356 | $0.25 | $589.00 |
| 7/30/2009: | *Id*. at 11. | Transcript | 210 | $2.95 | $619.50 |

| | | | | | |
|---|---|---|---|---|---|
| Samsung 30(b)(6) (Los Angeles, CA) | | Exhibits | 1,968 | $0.25 | $492.00 |
| 7/30/2009: 30(b)(6) Microsoft (Seattle, WA) | *Id*. at 12. | Transcript | 366 | $2.95 | $1,079.70 |
| | | Exhibits | 813 | $0.25 | $203.25 |
| 9/3/2009: 30(b)(6) Microsoft (San Francisco, CA) | *Id*. at 13. | Transcript | 170 | $2.95 | $501.50 |
| | | Exhibits | 220 | $0.25 | $55.00 |
| 9/11/2009: 30(b)(6) Microsoft (Seattle, WA) | *Id*. at 14. | Transcript | 135 | $2.95 | $398.25 |
| | | Exhibits | 158 | $0.25 | $39.50 |
| 9/24/2009: 30(b)(6) Yahoo! (Palo Alto, CA) | *Id*. at 15. | Transcript | 245 | $2.90 | $710.50 |
| | | Exhibits | 339 | $0.25 | $84.75 |
| 11/13/2009: 30(b)(6) Microsoft (Seattle, WA) | *Id*. at 16. | Transcript | 87 | $2.95 | $256.65 |
| | | Exhibits | 41 | $0.25 | $10.25 |
| 1/14/2010: 30(b)(6) AT&T Mobility (Bellevue, WA) | *Id*. at 17. | Transcript | 325 | $2.95 | $958.75 |
| | | Exhibits | 1,422 | $0.25 | $355.50 |
| 1/15/2010: 30(b)(6) T-Mobile (Bellevue, WA) | *Id*. at 18. | Transcript | 294 | $2.95 | $867.30 |
| | | Exhibits | 661 | $0.25 | $165.25 |
| 1/20/2010: | *Id*. at 19. | Transcript | 319 | $2.95 | $941.05 |

| | | | | | |
|---|---|---|---|---|---|
| 30(b)(6) Verizon (Basking Ridge, NJ) | | Exhibits | 494 | $0.25 | $123.50 |
| 1/22/2010: 30(b)(6) Sprint Nextel (Overland Park, KS) | *Id*. at 20. | Transcript | 264 | $2.75 | $726.00 |
| | | Exhibits | 1,497 | $0.25 | $374.25 |
| **Total** | | | | | **$17,871.05** |

## B. LG Can Recover Its Costs Associated with Copies of Transcripts of TPLLC's Noticed Depositions.

As explained above, all of the depositions of defendants described in Section II.A. *supra* were noticed by TPLLC. Accordingly, this Court's guidelines provide an additional, independent basis for LG to recover its costs associated with these depositions. *See* Guidelines for Bills of Costs (Aug. 2011) at 6, § II.D.1.k (indicating that "[c]osts of copies of transcripts of an opposing party's noticed depositions" are taxable). TPLLC also noticed the depositions of third parties as detailed in the chart below. LG may also recover $2,160.65 associated with 4 such additional depositions:

| Deposition (Location) | Invoice | Costs | | | |
|---|---|---|---|---|---|
| | | Type | # of Pages | Per Page Rate | Subtotal |
| 7/28/2009: 30(b)(6) Tata Communication (Woodbridge, NJ) | Kordziel Decl. Exh. 1 at 21. | Transcript | 169 | $2.95 | $498.55 |
| | | Exhibits | 263 | $0.25 | $65.75 |

6

| 7/29/2009: 30(b)(6) Sybase (Reston, VA) | *Id*. at 22. | Transcript | 133 | $2.50 | $332.50 |
|---|---|---|---|---|---|
| | | Exhibits | 18 | $0.25 | $4.50 |
| 8/11/2009: 30(b)(6) Aicent Corp. (Palo Alto, CA) | *Id*. at 23. | Transcript | 103 | $2.90 | $298.70 |
| | | Exhibits | 349 | $0.25 | $87.25 |
| 9/17/2009: 30(b)(6) Syniverse (Tampa, FL) | *Id*. at 24. | Transcript | 212 | $2.95 | $625.40 |
| | | Exhibits | 992 | $0.25 | $248.00 |
| **Total** | | | | | **$2,160.65** |

### C.  LG Is Entitled to the Costs of Depositions Used In Support Of Its Summary Judgment Motion

A prevailing party may recover costs for a "transcript used in support of a motion." *See* Guidelines for Bills of Costs (Aug. 2011) at 5, § II.D.1.f.  In their prevailing summary judgment motion, Defendants relied on the testimony of TPLLC's expert, Regis Bates, for evidence relevant to infringement.  *See, e.g.,* D.I. 1474 at 5-10 (citing testimony of Regis Bates).  As such, LG seeks to recover the costs for Mr. Bates' deposition transcripts. *See Wyne*, 329 F.Supp.2d at 589 (finding deposition costs properly taxable because "they were reasonably necessary at the time of their taking and were submitted in connection with the event which terminated the litigation.").  As was the case with respect to the depositions of the parties, LG seeks only that portion of the transcript that was charged to LG and does not seek any expediting charges.  The chart below details the costs charged to LG for the deposition of Mr. Bates:

7

| Deposition (Location) | Invoice | Costs | | | |
|---|---|---|---|---|---|
| | | Type | # of Pages | Per Page Rate | Subtotal |
| 11/10/2010: Regis Bates (Arlington, VA) | Kordziel Decl. Exh. 1 at 25. | Transcript | 317 | $2.65 | $840.05 |
| | | Exhibits | 2,015 | $0.35 | $705.25 |
| **Total** | | | | | **$1,545.30** |

### III. CONCLUSION

LG has incurred a total of $21,577 in costs, as the following chart illustrates:

| **Cost Categories** | **Cost** |
|---|---|
| Depositions of Defendants | $17,871.05 |
| Other Depositions Noticed by Plaintiff TPLLC | $2160.65 |
| Depositions Utilized In Connection With Prevailing Summary Judgment Motion | $1,545.30 |
| **Total** | **$21,577** |

Having successfully prevailed on all claims against it in the lawsuit filed by TPLLC, in accordance with this Court's rules, LG respectfully requests that the Clerk order that TPLLC be taxed with costs to LG in the amount of $21,577.

Dated: February 18, 2013                Respectfully submitted,


   /s/  *Linda Kordziel*
Michael J. McKeon
Linda Liu Kordziel
**FISH AND RICHARDSON PC**
1425 K St NW Ste 1100
Washington, DC 20005
(202) 783-5070 (Tel.)
(202) 783-2331 (Fax)
mckeon@fr.com
kordziel@fr.com

**Attorneys for Defendant
LG Electronics Mobilecomm U.S.A., Inc.**

9

**CERTIFICATE OF SERVICE**

I certify that on February 18, 2013, all counsel of record are being served with a copy of the foregoing **LG'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS**, by the Court's CM/ECF system per Local Rule 102.1(c).

/s/ *Linda Kordziel*