

BEIJING BRUSSELS LONDON NEW YORK SAN DIEGO SAN FRANCISCO SEOUL SHANGHAI SILICON VALLEY WASHINGTON

PETER A. SWANSON
1201 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20004 2401
T 202.662.5111
F 202.778.5111
pswanson@cov.com

February 22, 2013

**VIA ECF**

The Honorable Alexander Williams, Jr.
U.S. District Court for the District of Maryland
Southern Division
200 U.S. Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Re: *Technology Patents LLC v. Deutsche Telekom AG, et al.*,
Case No. 8:07-CV-3012 (D. Md.)

Dear Judge Williams:

We write on behalf of Microsoft Corporation ("Microsoft") to briefly explain Microsoft's views on the remand from the Federal Circuit in the above-referenced action.

The Federal Circuit affirmed judgment with respect to all of Plaintiff Technology Patents LLC's ("TPL's") infringement claims against Microsoft. In addressing the summary judgment ruling in favor of Microsoft, Yahoo! Inc. ("Yahoo!"), and Clickatell (PTY) Ltd. ("Clickatell") (collectively, "the Software Providers"), the Federal Circuit affirmed summary judgment of non-infringement with respect to claims 4–6, 8–9, 13, 15–18, 25, and 29–35 (the "Receiving User Claims") of the asserted patent (U.S. Reissued Patent No. 39,870).[1] *See Tech. Patents LLC v. T-Mobile (UK) Ltd.*, 700 F.3d 482, 501 (Fed. Cir. 2012). The summary judgment on the Receiving User Claims was the only issue concerning Microsoft on appeal because, in opposing summary judgment in this Court, TPL asserted that Microsoft infringed only Receiving User Claims. *See* Pl.'s Opp'n to Defs.' Mot. for Summ. J. by Clickatell, Yahoo and Microsoft (Dkt. No. 1346) (hereinafter, "TPL's Summ. J. Opp'n") at 9; *see also* Decl. of Regis J. Bates in Supp. of Pl.'s Opp'n to Mot. for Summ. J. (Dkt. No. 1346) (hereinafter, "Bates Decl.") ¶¶ 13, 14. Thus, the Federal Circuit's affirmance with respect to those claims constituted a complete affirmance of the judgment for Microsoft.

[1] Each of these claims contains limitations relating to "receiving users." *See Tech. Patents*, 700 F.3d at 501; *see also id.* at 497–500. Those limitations are not present in the Originating User Claims (which are identified below). *See id.* at 501.

TPL has no infringement claims remaining against Microsoft on remand. The Federal Circuit stated that it vacated the grant of summary judgment to "the software providers" with respect to claims 11, 12, 14, 21–24, and 26–28 (the "Originating User Claims"). *Tech. Patents*, 700 F.3d at 503. However, on both summary judgment and appeal, TPL asserted those claims only against Clickatell and Yahoo!—not against Microsoft. *See* TPL's Summ. J. Opp'n at 9; Bates Decl. ¶¶ 13, 14. Because TPL had no claim on appeal that Microsoft infringed the Originating User Claims, the Federal Circuit's decision to vacate and remand with respect to those claims does not impact the final judgment in Microsoft's favor.[2] Microsoft thus is not a party to the remand proceeding.

TPL's February 15, 2013 letter to the Court does not identify any claim against Microsoft remanded by the Federal Circuit. Dkt. No. 1576. TPL states, however, that it will seek to assert a *new* infringement claim against Microsoft on remand. *Id.* at 1.

Any effort to add new claims to this five-year-old case would be inappropriate, given that Microsoft prevailed on summary judgment and the judgment has been affirmed. While TPL's letter does not specify the new claim, TPL asserts that it would require "technical and damages discovery," *id.*, yet the deadline for fact discovery had passed long before the Court's summary judgment ruling, *see* Dkt. Nos. 1150, 1270. For these and other reasons, Microsoft will oppose any attempt by TPL to assert claims against Microsoft on remand.

We are available to further discuss this matter at the Court's convenience.

Respectfully,

Peter Swanson

Peter A. Swanson
Counsel for Defendant
Microsoft Corporation

---

[2] On appeal, TPL did not argue that judgment for Microsoft should be vacated because of the Originating User Claims. *See* Br. of Appellant at 23, *Tech. Patents*, 700 F.3d 482 (No. 2011-1581) (stating that "[t]he district court's summary judgment regarding claims 4–8 in favor of AT&T et al. . . . has no bearing on whether Clickatell and Yahoo are liable for infringement of claims 11–12, 14–15 and 21–29," but making no such argument with respect to Microsoft); Reply Br. of Appellant at 11, *Tech. Patents*, 700 F.3d 482 (No. 2011-1581) (stating that "[t]he language at issue in claim 4 regarding AT&T et al.'s summary judgment is not present in claims 11–12, 14, 21–24 and 26–28 regarding Clickatell and Yahoo," but making no such argument with respect to Microsoft).

COVINGTON

COVINGTON & BURLING LLP

The Honorable Alexander Williams, Jr.
February 22, 2013
Page 3

cc: Counsel of Record (via ECF notice)