**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

Technology Patents LLC

       Plaintiff,

v.

Deutsche Telekom AG, *et al.*

       Defendants.

        **Civil Action No. 8:07-cv-03012-AW**

---

**PLAINTIFF'S CONSOLIDATED OBJECTION
TO DEFENDANTS' BILLS OF COSTS**

Plaintiff Technology Patents LLC, in accordance with Local Rule 109.1.c, files this Consolidated Objection to the Bills of Costs filed by Defendants Sprint Nextel Corporation (hereinafter "Sprint"), Cellco Partnership (hereinafter "Verizon"), AT&T Mobility LLC (hereinafter "AT&T"), Palm, Inc. (hereinafter "Palm"), LG Electronics Mobilecomm U.S.A., Inc. (hereinafter "LG"), Motorola, Inc. (hereinafter "Motorola").  (ECF 1567, 1568, 1570, 1571, 1577, 1579, respectively).  These Defendants are hereinafter referred to collectively as the "Domestic Carriers."

These Bills of Costs should be denied.  First, they should be denied because there has been no entry of judgment pursuant to Local Rule 109.1.a.  In fact, a portion of the case remains outstanding.  Second, even if there was a final judgment and the Bills of Costs were timely, many of the claimed costs should be denied as not necessarily incurred.  Defendant Domestic Carriers seek the cost of their own witnesses' depositions and exhibits they produced and transcripts which were not attached to any successful motions for summary judgment. Moreover, some of the Domestic Carriers seek the full costs of Plaintiff's deposition transcript,

which are duplicative of the costs demanded by numerous other Defendants and should be apportioned among them.  Lastly, costs should be denied, or at least severely limited, in this case since they are excessive and issues decided by the Court were exceedingly difficult and close.

## PROCEDURAL HISTORY

Plaintiff filed this patent infringement lawsuit in November 2007.  On June 15, 2009, Plaintiff served its Claim Chart and Proposed Claim Construction Statement (ECF 1251) asserting thirty-five claims against the Defendants.  On October 11, 2010, Palm filed its own Motion for Summary Judgment (ECF 1432).  On January 27, 2011 the remaining Defendants[1] filed under seal a Motion for Summary Judgment of Non-Infringement.  (ECF 1474, 1475).  The only deposition transcripts attached to this Motion were those of Plaintiff's expert, Regis Bates, from October and November 2010.  On August 4, 2011, the Court entered an order granting the Motion for Summary Judgment of Non-Infringement (ECF 1529–1530) and denied Palm's motion as moot.

Once there was a final judgment as to all parties and all claims, on August 18, 2011, the Domestic Carriers filed individual Bill of Costs.[2]  All Bills of Costs filed in August, 2011 were denied without prejudice pending appeal, the Order stating in part:

> Accordingly, the bills of costs are denied without prejudice to Defendants Motorola, Inc.; T-Mobile USA, Inc.; Sprint Nextel Corporation; Yahoo! Inc.; AT&T Mobility LLC; Cellco Partnership; LG Electronics Mobilecomm U.S.A., Inc.; Microsoft Corporation; and Palm, Inc. filing new bills of costs within fourteen (14) days of the U.S. Court of Appeals issuing any **mandate affirming judgment against Plaintiff**. *See Guidelines for Bills of Costs* § I.F (D. Md. 2011).

---

[1] These were AT&T, T-Mobile USA, Inc., Verizon, Sprint, Motorola, Palm, LG, and Helio LLC.
[2] Motorola (ECF 1532); Sprint (ECF 1534); AT&T (ECF 1538); Verizon (ECF 1540); LG (ECF 1541); and Palm (ECF 1543).

(ECF 1562) (emphasis added).  The United States Court of Appeals for the Federal Circuit issued

its opinion on October 18, 2012.   It affirmed the judgment in favor of the Domestic Carriers

against the Plaintiff.  However, as to the "Software Providers," defined by the appellate court as

a group including Microsoft, Yahoo, and Clickatell, the district court's order of summary

judgment was vacated in part, affirmed in part and remanded by the appellate court.  It stated in

part:

> we vacate the distinct court's grant of summary judgment of noninfringement to
> the software providers with respect to claims 11, 12, 14, 21-24, and 26-28 and
> remand those claims for proceedings consistent with this opinion.

(ECF 1566 at 40, 36).  The appellate court's mandate was issued on February 6 and filed on

February 7, 2013.  (ECF 1574).  The Mandate does not affirm all judgments against the Plaintiff

and there is no final judgment yet.   Despite the Federal Circuit's opinion and order vacating part

of the judgment as to the Software Providers, six of the Domestic Carriers have filed Bills of

Costs in addition to the Bill of Costs filed by Software Provider Microsoft.  The total amounts of

the costs requested by the seven Defendants in all of the pending Bills of Costs follows:

| | |
|---|---|
| Motorola | $24,371.00 |
| Verizon Wireless | $20,616.84 |
| Microsoft | $5,309.65 |
| AT&T | $22,854.10 |
| Sprint | $15,846.40 |
| LG | $21,577.00 |

| | | |
|---|---|---|
| Palm | $12,230.55 | |
| **Total:** | **$122,805.54** | |

## STANDARD OF REVIEW

Section 1920 of Title 28 of the United States Code provides that a court, in its discretion, "may tax" certain costs to the non-prevailing party.  Rule 54(d)(1) of the Federal Rules of Civil Procedure provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Though, not "every expense of litigation, however, is recoverable. Those expenses which may be taxed are found in 28 U.S.C. §§ 1920, 1921 and 1923." *Charter Medical Corp. v. Cardin,* 127 F.R.D. 111, 113 (D. Md. 1989).  Moreover, the specific Guidelines for taxing costs in this Court are instructive and should be consulted.  *Guidelines for Bills of Costs* (2d ed. Aug.2011)*, available at* http://www.mdd.uscourts.gov/publications/forms/BillofCostsGuidelines.pdf [hereinafter *Guidelines*].

## ARGUMENT

### 1. There is No Final Judgment and all Bills of Costs are Premature.

Costs may be assessed after the entry of judgment.  L.R. 109.1.a.  The Guidelines provide that "under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), a prevailing party—the one in whose favor judgment is entered—may request the Clerk of Court to tax allowable costs in a civil action as part of a judgment or decree." *Guidelines*, § I.A.   Federal Rule 54 governs the assessment of costs in subsection (d), but it also discusses the requirement of a final judgment when, as here, multiple parties with multiple claims are at issue:

Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. **Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment** adjudicating all the claims and all the parties' rights and liabilities

Fed. R. Civ. P. 54(b) (emphasis added).  In this case, since the appellate court vacated the judgment as to the Software Providers in part and remanded, and in the absence of an Order under Rule 54(b), there is no final judgment because the claims, rights and liabilities regarding the Software Providers have not been fully and finally adjudicated.  Moreover, the Plaintiff is preparing to file a Writ of Certiorari to the Supreme Court which will be filed at the end of April, 2013.  Therefore, none of the Bills of Costs are timely or proper right now and they should simply be denied without prejudice at this time.

**2.     The Transcripts Were Not All Necessarily Incurred.**

**A.     Good reason exists here to deny the costs claimed.**

However, even if *arguendo*, the Bills of Costs are timely and proper, the costs should not be allowed as claimed.

Although a prevailing party is presumptively entitled to costs that were necessarily incurred, a district court may deny costs "by 'articulating some good reason for doing so.'" *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (quoting *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994)).  "Good reasons" for denying costs include the "excessiveness [of costs] in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided."  *Id.* (citing *Teague*, 35 F.3d at 996).  Ultimately, "[u]nder Rule 54(d), Fed. R. Civ. P., the award of costs to the prevailing party is a matter firmly in the

discretion of the trial court." *Oak Hall Cap & Gown Co., Inc. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990).  While the existence of even just one of these reasons would warrant denial of these costs, at least two of these reasons apply to the Bills of Costs here.

All of the costs sought by the Domestic Carriers are related to deposition transcripts.  The Court's Guidelines state, "[t]o be taxable, a transcript cost, including copies of transcripts, must be 'necessarily obtained for use in the case,' 28 U.S.C. § 1920(2), and 'reasonable at the time of its taking.' *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987)." *Guidelines*, § II.D.1.  The Guidelines also list categories of "the most commonly taxable court reporter fees." *Id.*  Of course, to be taxable, even transcripts included in those categories of commonly taxable fees should not be taxed to the non-prevailing party if in the particular case it was not necessary or reasonable to order such transcripts.  The party seeking the costs bears the burden of proving that the costs were necessary by filing an affidavit and supporting memorandum. *Id.* at § I.B.1.

In their Bills of Costs, the Domestic Carriers seek the costs of transcripts that fall under the following categories of the "most commonly taxable court reporter fees" listed in the Guidelines: (1) transcript of deposition of a party to the case; and (2) transcript of an opposing party's noticed deposition; and (3) transcript used in support of a motion.  *Guidelines*, §II.D.1. Although these are categories are commonly taxable, the mere fact that a transcript falls into one of these categories does not automatically deem them taxable in every instance.  Instead, the Guidelines still emphasize that all must be "necessarily obtained for use in the case," and "reasonably necessary at the time of its taking." *Id.* (citing 28 U.S.C. § 1920(2), *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987)).  In this case, which uniquely involves many dozens of defendants and various allegations of infringement based on

different, individual actions by each Defendant, some of the deposition transcripts ordered by the Domestic Carriers were not necessarily obtained for their use. Moreover, the Guidelines also state that certain court reporter fees are *not* taxable, including a "transcript used primarily for trial preparation or discovery." *Id.* at § II.D.2.c. When all is taken into consideration, many of requested costs should be denied.

**B. Many of the Transcripts of Other Defendants' Depositions Were Not Necessary.**

Although the Defendants here have been grouped into broad categories (*i.e.,* Domestic Carriers, Software Providers and Foreign Carriers) due to a commonality of factual circumstances and for ease of legal analysis, many of the claims were independent. Therefore, in many cases it was not reasonably necessary for the Domestic Carriers to order transcripts from other Defendants because they had no bearing whatsoever on the claims brought against the Domestic Carriers. A number of the requested costs for deposition transcripts fall into this category, and there was no need to incur these costs. This is evidenced by the relatively small number of transcripts ordered by Microsoft (who ordered no other Defendant's transcripts), compared to the much larger number of transcripts ordered by the six Defendants at issue here (who each ordered other Defendant's transcripts). For example, Defendant Motorola ordered transcripts of almost every deposition that was taken in this case even though some were not necessary for it to use in defending the allegations lodged against it.

Nevertheless, Plaintiff adopts a conservative position herein and argues only that a few select transcripts that certain Defendants ordered were without a doubt unnecessary, and the costs of those transcripts should be denied. This section details the deposition transcripts of certain Defendants ordered by the Domestic Carriers that were unnecessary for the Domestic Carriers to use in developing their own defenses.

1.      **Motorola's Unnecessarily-Incurred Costs of Other Defendants' Deposition Transcripts.**

Motorola requests in its Bill of Costs a total of $24,371 for ordering deposition transcripts.  In fact, a number of deposition transcripts Motorola ordered do not satisfy 28 U.S.C. § 1920(2)'s requirement that they must be "necessarily obtained for use in the case."  In particular, Motorola did not need to order the transcripts of the depositions of the Rule 30(b)(6) representatives of LG, Samsung, and Clickatell.  The following chart illustrates the costs that Motorola has claimed for ordering these unnecessary and irrelevant transcripts:

| LG | 7/29/2009<br>San Diego, California<br>(Motorola's Mem. in Supp. of<br>its Renewed Bill of Costs, ECF<br>1579-1 at 6) | Transcript:  $513.30<br>Exhibits:     $589.00 |
| --- | --- | --- |
| Samsung | 7/30/2009<br>Los Angeles, CA<br>(Motorola's Mem. in Supp. of<br>its Renewed Bill of Costs, ECF<br>1579-1 at 6) | Transcript:  $619.50<br>Exhibits:     $512.50 |
| Clickatell | 6/12/2009<br>Palo Alto, CA<br>(Motorola's Mem. in Supp. of<br>its Renewed Bill of Costs, ECF<br>1579-1 at 5) | Transcript:  $466.90<br>Exhibits:     $23.25 |

To be taxable, transcripts must have been necessarily obtained.  "The language 'necessarily obtained for use in the case' in 28 U.S.C. § 1920(2) and (4) requires . . . that costs be **relevant and reasonable**." *American Medical Sec., Inc. v. Larsen*, 31 F.Supp.2d 502, 509 (D.Md. 1998) (emphasis added).  It was not reasonable for Motorola to order the deposition transcripts of Defendants LG, Samsung, or Clickatell because they were not necessary in order for Motorola to defend the patent infringement allegations against it.  Motorola claims these costs on the basis that they were noticed by the Plaintiff (ECF 1579-1 at 4), but does not meet its

burden to show their reasonableness and relevancy.  In fact, these transcripts were irrelevant to Motorola.  At the time of these depositions, the infringement allegation against Motorola was for inducing infringement under 35 U.S.C. § 271(b).  For example, it was alleged that Motorola induced infringement by providing handsets, instructions, and advertising that caused infringing text messaging to occur when text messages were sent via Motorola handsets.  The inducing activities of other handset makers such as LG, Samsung and Palm were unrelated to the inducing allegations against Motorola.  This is *not* a case in which the allegations were that Defendants LG, Samsung, Motorola, Palm and Clickatell somehow conspired or acted in unison and therefore are jointly and severally liable for the infringements.  Rather, although the nature of the claims against each of the handset makers (LG, Samsung, Motorola and Palm) are similar, the infringement-inducing activities of LG and Samsung via their own handsets are unrelated to what Motorola did to induce infringement via Motorola handsets.  The factual allegations against Motorola were different than and utterly independent from the factual allegations against LG and Samsung because each provided their own instructions and own handsets, and Motorola simply had no need to order the deposition transcripts of LG and Samsung.  Indeed, the lack of necessity to order these transcripts is further evidenced by the fact that Motorola did not cite to any of the LG or Samsung transcripts in any successful summary judgment motion.

In a similar manner, Clickatell's infringement is unrelated to Motorola's infringement, and there was no need for Motorola to obtain any Clickatell deposition transcript.  Clickatell operates its own website for international text messaging, and users of Clickatell's website send the infringing international text messages via that website (*not* via Motorola handsets based on instructions by Motorola).  The allegations of Clickatell's infringement were separate and distinct from the allegations of infringement against Motorola.  Again, the patent lack of

necessity of Motorola to order Clickatell's deposition transcripts is further evidenced by the fact that Motorola neither cited to nor relied on the Clickatell deposition transcript in any successful summary judgment motion.

For these reasons, the above-mentioned costs of Motorola ordering the deposition transcripts of LG, Samsung, and Clickatell, which total **$2,724.45**, were not necessarily incurred by Motorola, were not reasoanble and relevant, and should not be taxed to Plaintiff.

**2.      Palm's Unnecessarily-Incurred Costs of Other Defendants' Deposition Transcripts.**

Palm requests a total of $12,230.55 in costs for ordering deposition transcripts.  A number of deposition transcripts Palm ordered do not satisfy 28 U.S.C. § 1920(2)'s requirement that they must be "necessarily obtained for use in the case."  In particular, Palm did not need to order the transcripts of the depositions of the Rule 30(b)(6) representatives of LG and Samsung. The following chart illustrates the costs that Palm has claimed for ordering these unnecessary transcripts:

| LG | (Palm's Mem. in Supp. of its Bill of Costs, ECF 1571-1 at 3) | Transcript:  $513.30 |
|---|---|---|
| Samsung | (Palm's Mem. in Supp. of its Bill of Costs, ECF 1571-1 at 3) | Transcript:  $401.20 |

To be taxable, transcripts must have been necessarily obtained.  "The language 'necessarily obtained for use in the case' in 28 U.S.C. § 1920(2) and (4) requires . . . that costs be relevant and reasonable." *American Medical Sec., Inc. v. Larsen*, 31 F.Supp.2d 502, 509 (D.Md. 1998).   Palm requests the costs for these 30(b)(6) transcripts on the basis that the depositions were noticed by the Plaintiff (ECF 1571-1 at 2), but does not meet its burden to show their reasonableness and relevancy *to Palm*.  The Affidavit filed in support simply summarily concludes that they were necessarily incurred "to mount a defense." (ECF 1571-2 at ¶2).

Similarly to the above discussion regarding Motorola, Palm did not need to obtain the deposition transcripts of Defendants LG and Samsung because those transcripts were not necessary for Palm to defend the infringement allegations against it.  They were irrelevant to Palm.  At the time of these depositions, the infringement allegation against Palm was for inducing infringement under 35 U.S.C. § 271(b).  For example, Plaintiff alleged that Palm induced infringement by providing handsets, instructions, and advertising that caused infringing text messaging to occur when text messages were sent via Palm handsets.  The inducing activities of other handset makers such as LG and Samsung are unrelated to the allegations of inducement against Palm.  This is *not* a case in which the allegations were that Defendants Palm, LG and Samsung conspired or acted in unison and therefore are jointly and severally liable for the infringements.  Rather, although the nature of the claims against each of the handset makers is similar, the infringement-inducing activities of LG and Samsung via their own handsets are unrelated to what Palm did to induce infringement via Palm handsets.  For example, Palm's documents and instructions that induce infringement via Palm handsets are different than LG's documents and instructions that induce infringement via LG handsets.  Indeed, this is further evidenced by the fact that Palm did not cite to any of the LG or Samsung deposition transcripts in any successful summary judgment motion.

For these reasons, the above-mentioned costs of Palm ordering the deposition transcripts of LG and Samsung, which total **$914.50**, were not necessarily incurred, were not reasonable and relevant, and should not be taxed to Plaintiff.

**3.**      **LG's Unnecessarily-Incurred Costs of Other Defendants' Deposition Transcripts.**

LG requests a total of $21,577 of costs for ordering deposition transcripts.  A number of deposition transcripts LG ordered do not satisfy 28 U.S.C. § 1920(2)'s requirement that they

must be "necessarily obtained for use in the case."  In particular, LG did not need to order the

transcripts of the depositions of the Rule 30(b)(6) representatives of Motorola, Samsung, or

Clickatell. The following chart illustrates the costs that LG has claimed for ordering these

unnecessary transcripts:

| Motorola | 7/24/2009<br>Mundelein, IL<br>(LG's Mem. in Supp. of its Bill of Costs, ECF 1577-2 at 4) | Transcript:  $696.95<br>Exhibits:     $535.75 |
|---|---|---|
| Samsung | 7/30/2009<br>Los Angeles, CA<br>(LG's Mem. in Supp. of its Bill of Costs, ECF 1577-2 at 4–5) | Transcript:  $619.50<br><br>Exhibits:     $492.00 |
| Clickatell | 6/12/2009<br>Palo Alto, CA<br>(LG's Mem. in Supp. of its Bill of Costs, ECF 1577-2 at 4) | Transcript:  $466.90<br><br>Exhibits:     $23.25 |

To be taxable, transcripts must have been necessarily obtained.  "The language

'necessarily obtained for use in the case' in 28 U.S.C. § 1920(2) and (4) requires . . . that costs be

relevant and reasonable." *American Medical Sec., Inc. v. Larsen*, 31 F.Supp.2d 502, 509 (D.Md.

1998).   LG seeks the costs of these 30(b)(6) transcripts on the basis that they were noticed by the

Plaintiff (ECF 1577-2 at 3), but does not meet its burden to show their reasonableness and

relevancy *to LG*.  The Affidavit filed in support simply summarily concludes that they were

necessarily incurred "to mount a defense." (ECF 1571-2 at ¶2).   LG did not need to obtain the

deposition transcripts of Defendants Motorola, Samsung, or Clickatell because these transcripts

were not necessary for LG to defend the infringement allegations against it.   They were

irrelevant.  At the time of these depositions, the infringement allegation against LG was for

inducing infringement under 35 U.S.C. § 271(b).  In particular, it was alleged that LG induced

infringement by providing handsets, instructions and advertising that caused infringing text messaging to occur when text messages were sent via LG handsets.  The inducing activities of other handset makers such as Motorola and Samsung are unrelated to the allegations of inducement against LG.  This is *not* a case in which the allegations were that Defendants LG, Samsung, Motorola and Clickatell conspired or acted in unison and therefore are jointly and severally liable for the infringements.  Rather, although the nature of the claims against each of the handset makers is similar, the infringement-inducing activities of Motorola and Samsung via their own handsets are unrelated to what LG did to induce infringement via LG handsets.  Indeed, this is further evidenced by the fact that LG did not cite to any of the Motorola or Samsung deposition transcripts in any successful summary judgment motion.

In a similar manner, Clickatell's infringement is unrelated to LG's infringement, and there was therefore no need for LG to obtain any Clickatell deposition transcript.  Clickatell has its own website for international text messaging, and users of Clickatell's website send the infringing international text messages via the website, not via LG handsets based on instructions by LG.  Clickatell's infringement is separate and distinct from the infringements by LG, as further evidenced by the fact that LG neither cited to nor relied on the Clickatell transcript in any summary judgment motion.

For these reasons, the above-mentioned costs of LG ordering the deposition transcripts of Motorola, Samsung, and Clickatell, which total **$2,834.35** and were unnecessarily incurred and not reasonable at the time, should not be taxed to Plaintiff.

**4.      Verizon's Unnecessarily-Incurred Deposition Transcripts Costs.**

Verizon Wireless did not need to order the transcript of third-party Aicent.  Verizon Wireless claims $298.70 for the transcript and $87.25, totaling $385.95 for the exhibits from the

deposition of Aicent, which took place on August 11, 2009. The cost of that transcript should be denied because it does not satisfy the requirement that it must be "necessarily obtained for use in the case." "The language 'necessarily obtained for use in the case' in 28 U.S.C. § 1920(2) and (4) requires . . . that costs be relevant and reasonable." *American Medical Sec., Inc. v. Larsen*, 31 F.Supp.2d 502, 509 (D.Md. 1998).

Aicent is a third-party defendant that processes international MMS messages sent via AT&T. Aicent does not process international text messages sent via Verizon Wireless's network. Therefore, the deposition of Aicent's representative was unrelated to the infringement claims against Verizon Wireless, and Verizon Wireless had no need to order the transcript or exhibits of Aicent's deposition. It was irrelevant to Verizon. For this reason, the total of **$385.95** that Verizon Wireless claims for that transcript and exhibits should be denied.

### C. Defendants should not recover the costs of their own deposition transcripts and the exhibits they produced.

Many of the Defendants seek to tax to Plaintiff the costs of deposition transcripts of their own Rule 30(b)(6) designated witnesses and the exhibits they themselves produced. These were not necessarily incurred and were not attached to any successful motion for judgment.

First, several federal district courts have held that a prevailing party may not tax the costs of its own deposition to the non-prevailing party. The United States District Court for the District of Massachusetts, for example, has held as follows:

> [T]he costs of the defendants' own deposition transcripts shall not be taxed as they were not "necessarily incurred." The testimony of these individuals, as parties to the litigation, was readily available without the need of deposition transcripts. No special circumstances have been demonstrated, and the costs of deposition transcripts purchased merely for the convenience of counsel shall not be taxed.

*Legrice v. Harrington*, No. 09-10132-RBC, 2010 U.S. Dist. LEXIS 88016 at *2–3, 2010 WL
2991670 at *1 (D. Mass. July 26, 2010).  The United States District Court for the Western
District of Kentucky agreed with the reasoning of Massachusetts federal district court.  *See*
*Frederick v. Oldham County Ambulance Taxing Dist.*, No. 3:08-CV-401-H, 2011 U.S. Dist.
LEXIS 89137 at *6, 2011 WL 3501816 at *2 (W.D. Ky. Aug. 10, 2011).  Other courts, as well,
have held that a party may not tax the costs of its own deposition transcripts.  *See, e.g.*, *Liberty*
*Mutual Insurance Co. v. Gardere & Wynne*, 2004 U.S. Dist. LEXIS 5313 at *4, 2004 WL
691229 at *1 (N.D. Tex. Mar. 29, 2004) (holding that a party is not entitled to recover costs for
copy of deposition of its own witness).  Just as in those cases, here there were no special
circumstances making the Domestic Carriers' own deposition transcripts necessary.

Second, the Defendants bear the burden of demonstrating necessity.  *Guidelines*, § I.B.1.
The Affidavits they attach, by and large, fail to meet the burden.  They simply summarily
conclude that all of the transcripts were "necessarily incurred."  Moreover, the Memoranda
attempt to justify the taxing by relying on the fact that the Rule 30(b)(6) depositions were noticed
by the Plaintiff. However, more is required.  The Defendants need to demonstrate reasonableness
and relevancy. As discussed as to each one, *supra,* neither is present.  Nor were they used in
support of the Defendants' successful summary judgment motion.  In the end, these costs should
simply not be allowed.  Instead, these transcripts fall into the category of "used primarily for trial
preparation or discovery," which are not taxable under the Guidelines.  *Guidelines*, § II.D.2.c.

In addition, the Defendants also seek the costs of ordering the very exhibits that they
produced to the Plaintiff.  Even if Defendants could successfully argue that the costs of the
deposition transcripts of their own witnesses were necessarily incurred, it was certainly

unnecessary to order transcripts of their own exhibits because they already had them in their possession.

The following claimed costs are those of Defendants' own 30(b)(6) transcripts and exhibits the Defendants produced:

| Motorola | 7/24/2009<br>Mundelein, IL<br>(Motorola's Mem. in Supp. of its Renewed Bill of Costs, ECF 1579-1 at 6) | Transcript: $696.95<br>Exhibits:     $558.50 |
|---|---|---|
| LG | 7/29/2009<br>San Diego, CA<br>(LG's Mem. in Supp. of its Bill of Costs, ECF 1577-2 at 4) | Transcript: $814.90<br>Exhibits:     $589.00 |
| AT&T | 6/4/2009<br>Dallas, TX<br>(AT&T's Mem. in Supp. of Bill of Costs, ECF 1570-1 at 4) | Transcript: $840.00<br>Exhibits:     $554.75 |
| Sprint | 6/15/2009<br>(Sprint Mem. in Supp. of Bill of Costs, ECF 1567-2 at 3) | Transcript: $740.00<br>Exhibits:     $659.25 |

These costs, for ordering deposition transcripts and exhibits for these Defendants' own witnesses and own documents, which were *not* used in or attached to their successful summary judgment motion, total **$5,453.35**.  These should not be taxed to Plaintiff.

**3.      Many of the Costs Claimed By the Various Defendants Are Redundant and Can Only Be Taxed Once to Plaintiff and Apportioned among the Defendants.**

This Court's Guidelines provide that in cases involving multiple parties, "the Clerk will not award the same costs more than once."  *Guidelines*, § I.E.  The Guidelines then state that in cases where multiple prevailing parties are represented by different counsel, "it is assumed they should be treated as separate parties for purposes of taxing costs.  In this situation, the party filing the Bill of Costs or the opposing party should provide an explanation as to which costs are attributable to each party and how they should be apportioned."  *Id.* The Guidelines thus make

16

clear that a cost for a particular expenditure will not be awarded twice, but, when the parties are represented by separate attorneys, the single cost is apportioned between the parties.

There are seven[3] Bills of Costs pending right now.  The staggering total of **$122,805.54** in costs sought by the seven pending Bills of Costs mostly consists of the redundant costs of the different Defendants ordering identical deposition transcripts and exhibits.  Under the Guidelines, Defendants may only seek each cost once and, since they are represented by separate counsel, each cost must be apportioned among them.  None of the Defendants seek across the board apportionment for all of the redundant costs.[4]

The following chart illustrates the redundant costs sought between the seven Defendants for identical deposition transcripts:

| | Motorola | Verizon Wireless | Microsoft | Sprint | AT&T | LG | Palm |
|---|---|---|---|---|---|---|---|
| 6/2/2009 Verizon Wireless | $980.20[5] $340.50 | $980.20 $340.50 | | $980.20 $340.50 | $980.20 $340.50 | $980.20 $340.50 | |
| 6/4/2009 AT&T | $840.00 $554.75 | $840.00 $554.75 | | $840.00 $554.75 | $840.00 $554.75 | $840.00 $554.75 | |
| 6/5/2009 Sprint | $740.00 $659.25 | $740.00 $659.25 | | $740.00 $659.25 | $740.00 $659.25 | $740.00 $659.25 | |
| 6/9/2009 T-Mobile | $796.50 $749.20 | $796.50 $749.20 | | $796.50 $749.20 | $796.50 $749.20 | $796.50 $749.20 | |
| | | | | | | | |

[3] In addition to the six discussed herein, Microsoft filed a Bill of Costs on 2/15/13 (ECF 1575). Since it is in a different category of defendants (a Software Provider) and since it is in a different procedural posture, that Bill of Costs was separately opposed on March 4, 2013.  (ECF 1581).

[4] However, some of the Defendants at least recognize the concept of apportionment, though they do so in a limited fashion.  Verizon seems to recognize the propriety of apportioned costs (at least as to Plaintiff's transcripts), and Palm states that it is requesting its "pro rata share" but then it appears to request full reimbursement (ECF 1571-1 at 2).

[5] The top number in each cell is the cost of a deposition transcript, and the bottom number is the cost of exhibits.  If there is only one number in a cell, it is only the cost of a deposition transcript.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 6/12/2009 Clickatell | $466.90<br>$23.25 | $466.90<br>$23.25 | | $466.90<br>$23.25 | $466.90<br>$23.25 | $466.90<br>$23.25 | |
| 7/8/2009 TPLLC | $808.50<br>$35.70 | $380.44 | $808.50<br>$35.70 | $808.50<br>$35.70 | $808.50<br>$35.70 | | |
| 7/9/2009 TPLLC | $918.50<br>$318.50 | ($4,565.25 / 12 = $380.44)[6] | $918.50<br>$318.50 | $918.50<br>$318.50 | $918.50<br>$318.50 | | |
| 7/10/2009 TPLLC | $629.75<br>$54.60 | | $629.75<br>$54.60 | $629.75<br>$54.60 | $629.75 [7]<br>$13.50<br>$54.60 | | |
| 7/24/2009 Motorola | $696.95<br>$558.50 | $696.95<br>$535.75 | | | $696.95<br>$535.75 | $696.95<br>$535.75 | |
| 7/28/2009 Tata Comm. | $498.55<br>$65.75 | $498.55<br>$65.75 | | | $498.55<br>$65.75 | $498.55<br>$65.75 | $498.55<br>$65.75 |
| 7/29/2009 Sybase | $332.50<br>$4.50 | $332.50<br>$4.50 | | | $332.50<br>$4.50 | $332.50<br>$4.50 | $332.50<br>$4.50 |
| 7/29/2009 T-Mobile | $120.95<br>$.50 | $120.95<br>$.50 | | | $120.95<br>$.50 | $120.95<br>$.50 | $120.95<br>$.50 |
| 7/29/2009 LG | $513.30<br>$589.00 | $513.30<br>$584.25 | | | $513.30<br>$584.25 | $814.90<br>$589.00 | $513.30 |
| 7/30/2009 Samsung | $619.50<br>$512.50 | $619.50<br>$492.00 | | | $619.50<br>$492.00 | $619.50<br>$492.00 | $401.20 |
| 7/30/2009 Microsoft | $1,079.70<br>$203.25 | | $1,079.70<br>$203.25 | | $1,079.<br>70<br>$203.25 | $1,079.70<br>$203.25 | $1,079.70<br>$203.25 |
| 7/31/2009 AT&T | $86.00 | $86.00 | | | $86.00 | | $86.00 |
| 8/11/2009 Aicent Corp. | $298.70<br>$87.25 | $298.70<br>$87.25 | | | $298.70<br>$87.25 | $298.70<br>$87.25 | $298.70<br>$87.25 |
| 9/3/2009 Microsoft | $501.50<br>$55.00 | $501.50<br>$55.00 | $501.50<br>$55.00 | | $501.50<br>$55.00 | $501.50<br>$55.00 | $501.50<br>$55.00 |
| 9/11/2009 Microsoft | $398.25<br>$39.50 | $398.25<br>$39.50 | $398.25<br>$39.50 | | $398.25<br>$39.50 | $398.25<br>$39.50 | $398.25<br>$39.50 |

[6] Verizon was responsible for 1/12th of the cost of the TPLLC deposition, which totaled $4,565.25. *See* Verizon Memorandum at 6. Verizon's total taxable cost for the TPLLC 30(b)(6) deposition was $380.44.

[7] The top two numbers in this cell are the costs of deposition transcripts, and the bottom number is the cost of exhibits.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 9/17/2009 Syniverse | $625.40 $248.00 | $625.40 $248.00 | | $625.40 $248.00 | $625.40 $248.00 | $625.40 $248.00 | $625.40 $248.00 |
| 9/24/2009 Yahoo! | $710.50 $84.75 | $710.50 $84.75 | | | $710.50 $84.75 | $710.50 $84.75 | $710.50 $84.75 |
| 11/13/2009 Microsoft | $256.65 $10.25 | $256.65 $10.25 | $256.65 $10.25 | | $256.65 $10.25 | $256.65 $10.25 | $256.65 $10.25 |
| 1/14/2010 AT&T | $958.75 | $958.75 $355.50 | | $958.75 $355.50 | $958.75 $355.50 | $958.75 $355.50 | $958.75 $355.50 |
| 1/15/2010 T-Mobile | $867.30 | $867.30 $165.25 | | $867.30 $165.25 | | $867.30 $165.25 | |
| 1/20/2010 Verizon | $941.05 | $941.05 $123.50 | | $941.05 $123.50 | $941.05 $123.50 | $941.05 $123.50 | $941.05 $123.50 |
| 1/22/2010 Sprint | $726.00 | $726.00 $374.25 | | $726.00 $374.25 | $726.00 $374.25 | $726.00 $374.25 | $726.00 $374.25 |
| 11/10/2010 Regis Bates | $840.05 $705.25 | $1,252.15 $702.25 | | $840.05 $705.25 | $792.50 $503.75 | $840.05 $705.25 | $840.05 $705.25 |
| 12/30/2010 Regis Bates | $694.30 $525.00 | $694.30 $525.00 | | | | | |
| 7/29/2009 Mobilecomm | $513.30 $589.00 | $513.30 $584.25 | | | $513.30 $584.25 | $814.90 $589.00 | $584.25 |

As demonstrated by the chart, most of the deposition transcripts and exhibits were ordered by multiple Defendants.  For example, as to Plaintiff's deposition, of the pending Bills of Costs, Motorola, Microsoft, Verizon, Sprint and AT&T are all seeking the cost of these transcripts.

Pursuant to this Court's Guidelines, when there are multiple parties represented by separate counsel, the costs should be taxed only once and apportioned among the Defendants. Therefore, the redundant costs for deposition transcripts and exhibits that Defendants seek should be denied, as these duplicate costs were not necessary.  Instead, the cost of each taxable transcript should be taxed *once* to Plaintiff and *apportioned* among the Defendants that ordered

each transcript.[8]  Moreover, in the case of multiple parties as here, a sufficient explanation must

be provided regarding apportionment or the "Clerk may deny all costs."  *Guidelines*, § I.E.

Other than Verizon, no other Defendant has provided any apportionment explanation.

Furthermore, Verizon explains that *Yahoo paid for the cost of Plaintiff's deposition* and

the other defendants were asked to reimburse Yahoo for their $1/12^{th}$ shares.  Verizon details this

division among the Defendants in its Memorandum in Support of Bill of Costs and Affidavit[9]

attached thereto.  (ECF 1568-2 at 5–6).  So, while Verizon only seeks $380.44 for its share of

Plaintiff's depositions, Motorola, Microsoft, Sprint and AT&T *each* seek the full $2,765.55.  If,

for some reason, some of the Defendants did not participate in this division of costs with Yahoo,

Verizon and others, they should be required to demonstrate a sufficient need for rejecting this

cost-saving procedure and the necessity of taxing Plaintiff for the entire amount, *more than four*

*times,* when a significantly less expensive option was available and was, in fact, used by other

Defendants.  Instead, as claimed by Verizon, no more than $380.44 should be taxed to the

Plaintiff per Defendant for the TPLLC transcripts.

**4.      The Closeness of the Issues Dictates that Costs Be Denied or Severely Limited.**

The Fourth Circuit has held that "good reasons" for denying costs include the

"excessiveness [of costs] in a particular case, the limited value of the prevailing party's victory,

---

[8] For example, taking the first line of the chart for illustrative purposes, the cost of the 6/2/09
Verizon deposition and exhibits is $1,320.70.  This full amount is being claimed five times -- by
Motorola, Verizon, Sprint, AT&T and LG -- for a total of $6,603.50.  Instead, *if* the Court is to
tax this deposition to the Plaintiff, the cost should be taxed only once (not five times) and the
cost of the deposition, $1,320.70, should be divided by the five Domestic Carriers who ordered it
such that each would receive $264.14.

[9] Verizon's attorney explains, "Yahoo! initially paid the entirety of the costs associated with the
deposition of TPLLC's 30(b)(6) witness. Yahoo! then asked the other 11 defendants remaining
in the lawsuit at the time to split those costs, such that each party would be responsible for
paying 1/12th of the costs. Verizon Wireless paid its 1/12th share of the cost of the deposition."
(ECF 1568-3 at ¶4).

or the closeness and difficulty of the issues decided."  *Cherry*, 186 F.3d at 446 (citing *Teague*, 35

F.3d at 996).

In this case, good reasons exist for this Court to deny costs because the issues decided by

this Court are exceedingly complex and "close."  Indeed, defense counsel has publicly

commented on the difficulty of the issues in this case, with AT&T Mobility's attorney, Bruce

Marcus, telling the Maryland Daily Record that "[t]he breadth, depth and complexity of this case

were extraordinary."  Steve Lash, *Federal Judge Dismisses Patent-Infringement Lawsuit*, Md.

Daily Record, Aug. 8, 2011, a copy of which is attached as Exhibit 1.

To say these issues are "difficult" or "close" is an understatement.  Indeed, the Court's

decision is in conflict with two on-point decisions from the Federal Circuit, and this conflict

forms part of the grounds for the Plaintiff's imminent Writ of Certiorari to the Supreme Court.

In *Centillion Data Sys., LLC v. Qwest Communications Int'l, Inc.*, 631 F.3d 1279, 1283–85 (Fed.

Cir. 2011), the Federal Circuit held that a customer uses the claimed system by transmitting a

message or subscribing to a system, even though the components of the claimed system may be

owned and operated by different entities.  The Court in *Centillion* also differentiated between use

of a "system" claim compared to use of a "method" claim.  *Id.*  In *NTP, Inc. v. Research In

Motion, Ltd.*, 418 F.3d 1282, 1316–18 (Fed. Cir. 2005), the Federal Circuit held that customers

"use" the claimed system by sending messages.  *Centillion* was decided after this Court granted

summary judgment in favor of the Yahoo! Defendants, whereas *NTP* (upon which *Centillion* is

based and which was a focal point of Plaintiff's Opposition Brief to Defendants' motion for

summary judgment) was decided before the Court's grant of summary judgment in favor of the

Yahoo! Defendants.  After *Centillion* was decided, Plaintiff brought it to this Court's attention,

but the Court indicated that it would not change its position.  (ECF 1529, n. 6).

In sum, since the costs claimed by Defendants were not necessarily incurred, are excessively wasteful and duplicative, and since the issues decided by this Court in its award of judgment were both difficult and "close," very good reasons exist to not tax to Plaintiff the costs that Defendants incurred in this litigation.

## CONCLUSION

For the foregoing reasons, Plaintiff objects to the Bills of Costs filed by the Domestic Carriers and requests that:

(1) the cost be denied in their entirety at this time;

(2) certain costs should be denied as not necessarily incurred (Defendants own witnesses and exhibits they produced and those of other Defendants);

(3) the duplicative costs claimed by multiple Defendants, if awarded at all, should be taxed *one time* only to the Plaintiff and apportioned among the Defendants, including no more than $380.44 reimbursed to each Defendant for Plaintiff's transcripts; and

(4) all of the costs sought by the Defendant Domestic Carriers, or at least a significant portion of the costs, be denied because of the difficulty and closeness of the issues decided by this Court in its award of summary judgment to the Defendants.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

_____/s/_____
Timothy F. Maloney, Bar No. 03381
tmaloney@jgllaw.com
Veronica B. Nannis, Bar No. 15679
vnannis@jgllaw.com
6404 Ivy Lane
Suite 400
Greenbelt, Maryland 20770
301.220.2200 (T)
301.220.1214 (F)

*Counsel for Plaintiff*


NIXON AND VANDERHYE PC


_____/s/_____
 Joseph A. Rhoa, Bar No. 12902
901 N Glebe Rd 11th Fl
Arlington, VA 22203
(703) 816-4000 (Tel)
(703) 816-4100 (Fax)
jar@nixonvan.com
*Counsel for Plaintiff*