# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle
Chicago, Illinois 60654

Gianni Cutri
To Call Writer Directly:
(312) 862-3372
gianni.cutri@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

March 11, 2013

**VIA ECF**

Hon. Alexander Williams, Jr.
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

    Re:    *Technology Patents LLC v. Deutsche Telekom AG, et al.*
            Civ. Action No. 8:07-cv-3012-AW

Dear Judge Williams:

      We write on behalf of Defendants Yahoo! Inc. ("Yahoo!") and Clickatell (PTY) Ltd. ("Clickatell") (collectively, "Defendants") in the above-captioned matter, in response to Plaintiff TPLLC's February 15, 2013 letter to this Court. D.I. 1576. Defendants agree with TPLLC's suggestion that a telephone conference will assist the Court and the parties concerning these matters and are available at the Court's convenience. However, Defendants disagree with TPLLC's proposal that the Court set a full schedule and reopen discovery. To the contrary, as a result of the Federal Circuit's decision on appeal, narrow infringement issues against only Yahoo! and Clickatell remain for the Court on remand, and such issues can be decided in summary judgment briefing without the need for additional proceedings or expense. In fact, as discussed below, the Federal Circuit's remand order specifically indicates that the Court should consider these issues in the summary judgment context. As such, Defendants propose that, before the Court sets a full schedule in this case, Yahoo! and Clickatell be permitted to file a summary judgment motion to resolve the remaining, discrete infringement issues. Defendants are ready to file that motion as soon as the Court indicates it is appropriate to do so.

      As the Court may recall, TPLLC began this case by suing a large number of defendants – 131 cellular carriers, cellular handset providers, and website providers – on nearly 50 asserted claims, accusing each defendant of infringing its patents with respect to their role in providing cellular SMS messaging services. However, as both the Court and the Federal Circuit found, TPLLC's patents do not apply to such cellular systems. As a result, the Court granted summary judgment of non-infringement on all claims asserted against the cellular carriers and handset providers. This ruling was affirmed by the Federal Circuit, and TPLLC's case against a vast majority of the defendants is over.

Hon. Alexander Williams, Jr.
March 11, 2013
Page 2

As a result of the rulings by the Court and the Federal Circuit, only a few, narrow issues are left in this case. Based on the Federal Circuit's remand order, only two defendants – Yahoo! and Clickatell – remain in the case, on only a small subset of the asserted claims (claims 11, 12, 14, 21-24, and 26-28). TPLLC's allegations against those two defendants on those claims, however, are based on the *same* cellular messaging services that were already ruled to not infringe the '870 patent – and as such, can be easily disposed of on summary judgment. The Federal Circuit specifically directed the Court on remand to consider whether TPLLC has produced sufficient evidence to create a "genuine dispute as to any material fact" – indicating that the Court should consider the remaining, narrow issues of infringement in the context of summary judgment:

> On remand, the court should consider whether [TPLLC] has produced sufficient evidence to create a genuine dispute as to any material fact with respect to infringement of [claims 11, 12, 14, 21-24, and 26-28].

*See* D.I. 1566 at 36. The Federal Circuit further suggested that the Court could consider whether TPLLC has any evidence that Yahoo! and Clickatell's users "designate" the country to be paged – a feature of the patent-in-suit which this Court and the Federal Circuit previously recognized is very different from the "roaming" approach used by the accused cellular systems:

> [T]he district court may also consider the software providers' argument that "[TPLLC] has no evidence that Clickatell and Yahoo!'s users designate the country 'in which [the] receiving user [i.e., the Cellular Customer] is to be paged."

*Id*. at 37.

Although TPLLC suggests that further discovery is necessary, that is incorrect. Prior to the appeal, defendants provided substantial discovery on the accused systems, as well as sales and financial data, producing thousands of pages of documents and financial database materials, answering numerous interrogatories, and providing hours of deposition testimony. The record was fully developed prior to TPLLC's appeal and the Federal Circuit had no trouble confirming the Court's summary judgments of non-infringement based on that record.

For these reasons, in accordance with the Federal Circuit's remand, Defendants respectfully request that the Court set a near-term briefing schedule on Yahoo! and Clickatell's motion for summary judgment of non-infringement to address the narrow remaining issues in this case left after the Federal Circuit affirmed most of the Court's prior rulings. Scheduling further proceedings at this stage is premature, and could result in further unnecessary expenditures of the parties' and the Court's resources on a patent that has repeatedly been deemed inapplicable to the accused cellular-based systems. Instead, the more efficient course is

Hon. Alexander Williams, Jr.
March 11, 2013
Page 3

to allow the Defendants to file, as soon as the Court allows, briefing to resolve the remaining issues in this matter.

                                          Respectfully submitted,

                                          */s Gianni Cutri*

                                          Gianni Cutri

cc:  Counsel of Record