IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

|  |  |  |
|---|---|---|
| TECHNOLOGY PATENTS LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 8:07-cv-3012 (AW) |
| DEUTSCHE TELEKOM AG, et al., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT MICROSOFT CORPORATION'S
REPLY MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS**

In an effort to avoid or delay the imposition of costs properly taxed under 28 U.S.C. § 1920, Plaintiff Technology Patents LLC ("TPL") takes the position that judgment is not final as to Defendant Microsoft Corporation ("Microsoft"). *See* TPL's Objections to Microsoft's Bill of Costs (Dkt. No. 1581) (hereinafter, "TPL's Objs.") at 4–5. TPL is wrong. The judgment in Microsoft's favor was completely affirmed on appeal and therefore remains final. TPL's arguments to the contrary are entirely without merit.

First, TPL asserts that judgment is not final for *any* defendant whose judgment was completely affirmed, because the Federal Circuit vacated in part and remanded with respect to two defendants, Yahoo! Inc. ("Yahoo!") and Clickatell (PTY) Ltd. ("Clickatell"). TPL's Objs. at 4. TPL's argument is based on Federal Rule of Civil Procedure ("Rule") 54(b), but the Federal Circuit and other courts have made clear that Rule 54(b) does not apply to any portion of a judgment affirmed on appeal. Judgment thus remains final for all defendants whose judgments were affirmed in their entirety.

Second, TPL argues that, like Clickatell and Yahoo!, judgment for Microsoft was vacated in part and remanded. *See* TPL's Objs. at 4–5. This argument rests on a distortion of the Federal Circuit's opinion. TPL does not (and cannot) dispute that (a) the Federal Circuit affirmed summary judgment of no infringement on all patent claims asserted against Microsoft, and (b) TPL had no claim against Microsoft that was remanded by the Federal Circuit. Thus, Microsoft is a prevailing party entitled to its taxable costs.

TPL's separate objections to the costs detailed in Microsoft's Bill of Costs miss the mark. Therefore, Microsoft respectfully requests that the Court award costs in the amount of $5,309.65, as set forth in the Bill. *See* Dkt. No. 1575.

**I.     Final Judgment in Microsoft's Favor Was Entered and Affirmed, and, Therefore, Microsoft Is a Prevailing Party Entitled to Costs.**

As Microsoft explained in its Memorandum in Support of Its Bill of Costs, the Federal Circuit affirmed summary judgment of non-infringement on all patent claims asserted against Microsoft. *See* Microsoft's Mem. in Supp. of Its Bill of Costs (Dkt. No. 1575-1) (hereinafter, "Microsoft Mem.") at 1–2. TPL does not dispute this fact, but TPL nevertheless contends that judgment is not final for two reasons, both of which are specious.

**A.     Judgment Remains Final for All Defendants Whose Judgments Were Affirmed.**

TPL argues that, under Rule 54(b), judgment is not yet final for the defendants whose judgments were affirmed in all respects. TPL's Objs. at 4. According to TPL, Rule 54(b) governs because, in view of the Federal Circuit's decision to vacate in part and remand with respect to Clickatell and Yahoo!, there has been no "judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

The Federal Circuit and other courts have rejected this reading of Rule 54(b): "'Rule 54(b) . . . concerns the power of the trial court *before* appeal, [and] is not applicable' where the

Court of Appeals has affirmed a portion of the judgment." *United States v. Philip Morris USA, Inc.*, 783 F. Supp. 2d 23, 27 (D.D.C. 2011) (quoting *King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560, 1563 (Fed. Cir. 1987)); *see also King*, 814 F.2d at 1563 ("Rule 54(b), which concerns the power of the trial court *before* appeal, is not applicable in these circumstances [on remand]."); *British Int'l Ins. Co. v. Seguros La Republica, S.A.*, No. 90 Civ. 2370, 2001 WL 958975, at *4 (S.D.N.Y. Aug. 22, 2001) ("[T]he Court of Appeals observed that Rule 54(b) addressed the authority of a district court to enter judgment *before* an appeal . . . ." (discussing *King*)). Those portions of the judgment that are affirmed remain final after the appeal. *See King*, 814 F.3d at 1563 (holding that judgment on claim affirmed on appeal remained final on remand). Thus, in this case, Rule 54(b) does not apply to the defendants whose judgments were completely affirmed on appeal. Rather, the judgments in their favor remain final.

TPL's position is also inconsistent with the mandate rule, which "provides that issues actually decided [on appeal]—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration" by the district court. *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (internal citation and quotation marks omitted, alteration in original); *see also United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (explaining that mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal"). In the present case, final judgment has already been entered, appealed, and affirmed on all claims against Microsoft and all other defendants except Clickatell and Yahoo!. The mandate rule bars relitigation before this Court of the claims—including those asserted against Microsoft—that this Court decided before and that have been affirmed on appeal. Thus, there is nothing further to litigate (except collateral items such as the bills of costs)

for Microsoft or any defendants other than Clickatell and Yahoo!. Judgment for Microsoft remains final.[1]

### B.     Microsoft's Judgment Was Affirmed in Its Entirety.

TPL does not dispute that the Federal Circuit affirmed with respect to all of the patent claims that TPL asserted against Microsoft. Yet TPL attempts to deny Microsoft final judgment—and costs—by pointing to the Federal Circuit's decision to vacate and remand with respect to claims that were *not* asserted against Microsoft on appeal. TPL's Objs. at 5 (citing Dkt. No. 1566). TPL's obfuscatory argument should be rejected.

As explained in Microsoft's opening memorandum, the Federal Circuit affirmed summary judgment of non-infringement with respect to the Receiving User Claims of the patent, and the Federal Circuit vacated summary judgment and remanded with respect to the Originating User Claims.[2] Microsoft Mem. at 1–2 (citing *Tech. Patents LLC v. T-Mobile (UK) Ltd.*, 700 F.3d 482 (Fed. Cir. 2012)). During summary judgment briefing in this Court, and on appeal, TPL asserted Receiving User Claims against Microsoft, but TPL did not assert any Originating User Claims (the only claims remanded). *Id.* TPL asserted the Originating User Claims only against Clickatell and Yahoo!. *Id.*; *see also* Dkt. No. 1580. These facts—which TPL does not

---

[1] TPL's position not only is legally incorrect, but would lead to illogical results. If the Court entered "an Order under Rule 54(b)" with respect to the defendants whose judgments were affirmed, TPL's Objs. at 4, this would suggest that there could be a second appeal with respect to those defendants—which clearly would be impermissible. *See* Fed. R. Civ. P. 54(a) (defining "judgment" to "include[] a decree and any order from which *an appeal lies*" (emphasis added)). Likewise, TPL suggests that it may file a petition for a writ of certiorari, *see* TPL's Objs. at 1, but such a petition would not be proper absent a final judgment.

[2] The Receiving User Claims and the Originating User Claims are identified in Microsoft's opening memorandum.

contest—establish that the judgment in Microsoft's favor was entirely affirmed and that no claim against Microsoft was remanded.[3]

TPL's argument is that, in vacating summary judgment of non-infringement on the Originating User Claims, the Federal Circuit referred collectively to "the software providers," *i.e.*, Microsoft, Clickatell, and Yahoo!. TPL's Objs. at 3, 5. But this generic reference to the software providers simply reflects the fact that the three parties jointly moved for summary judgment and this Court issued a single order granting the motion as to all three. Dkt. Nos. 1310, 1429. The Federal Circuit did not vacate judgment for Microsoft with respect to the Originating User Claims—and the court *could not* have done so—because there were no such claims before the court on appeal. Indeed, if Clickatell and Yahoo! not been in the case on appeal, the Federal Circuit would have had no basis to remand any part of the case.

Because Microsoft's judgment was affirmed in its entirety, Microsoft is a prevailing party under Rule 54(d)(1) and is therefore entitled to costs.

## II.     The Costs Sought by Microsoft Are Properly Taxed to TPL.

TPL raises several objections to the costs that Microsoft seeks in its Bill. None of TPL's objections has any merit.

*First*, TPL's suggestion that Microsoft may not obtain costs associated with its own deposition transcripts, *see* TPL's Objs. at 7, is contrary to decisions in this District, which Microsoft cited in its memorandum, allowing a party to recover costs of its own depositions, *see*

---

[3] TPL's February 15, 2013 letter to the Court does not identify any claims against Microsoft that were remanded by the Federal Circuit. *See* Dkt. No. 1576. Likewise, Yahoo! and Clickatell's recent letter to the Court acknowledges that they are the only remaining parties on remand. *See* Dkt. No. 1583 at 2 ("Based on the Federal Circuit's remand order, only two defendants – Yahoo! and Clickatell – remain in the case . . . ."). TPL has indicated that it may seek to assert *new* claims against Microsoft on remand. *See* Dkt. No. 1576 at 1. As discussed in Microsoft's February 22, 2013 letter to the Court, TPL should not be permitted to do so. Dkt. No. 1580.

Microsoft Mem. at 4–5 (citing cases). TPL ignores these decisions, as well as this Court's Guidelines for Bills of Costs, which authorize an award of costs of a "deposition of a party to the case" without further limitation. Guidelines for Bills of Costs (v. 2.0, Aug. 2011), § II.D.1.c.

*Second*, TPL acknowledges that Microsoft's own deposition transcripts were used in support of a motion for summary judgment filed by Microsoft. TPL's Objs. at 8. Contrary to TPL's assertion, the Court's denial of that motion as moot does not preclude recovery of the costs of the transcripts under the Guidelines. *See* Guidelines § II.D.1.f. Moreover, Microsoft does not seek these costs solely because the transcripts were used in support of a motion. The costs of Microsoft's transcripts are independently taxable as "[t]ranscript[s] of deposition of a party to the case" and "transcripts of an opposing party's noticed depositions." *Id.* § II.D.1.c, k.

*Third*, TPL does not dispute that the costs of the transcripts of TPL's depositions are taxable. TPL's Objs. at 9–11. Although TPL objects to the amount of the transcripts, Microsoft submitted the actual costs it incurred to purchase copies, and Microsoft should be reimbursed for those amounts.

*Fourth*, the determination of non-infringement in this case was not close or difficult. *See* TPL's Objs. at 13. On appeal, the Federal Circuit repeatedly quoted this Court's observation that "[TPL's] description of the accused system simply does not even resemble Claim 4, much less literally match it." *Tech. Patents*, 700 F.3d at 497 (alteration in original); *see also id.* at 491; *id.* at 500. The Federal Circuit affirmed summary judgment on the claims asserted against Microsoft on this basis. *See id.* at 501 ("Because TPL has not produced sufficient evidence that the accused systems are even capable of meeting those limitations [in Claim 4], the software providers cannot infringe them.").

## **CONCLUSION**

Microsoft is a prevailing party in this lawsuit and is entitled to costs. Accordingly, Microsoft respectfully requests that the Clerk order that Plaintiff be taxed with costs to Microsoft in the amount of $5,309.65, as detailed in Microsoft's Bill of Costs and supporting memorandum.

Dated: March 18, 2013

Respectfully submitted,

/s/ Peter A. Swanson
George F. Pappas (Bar No. 1539)
Peter A. Swanson (*pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave. NW
Washington, DC 20004
Tel: (202) 662-6000
Fax: (202) 662-6291
gpappas@cov.com
pswanson@cov.com

*Attorneys for Defendant
Microsoft Corporation*

## CERTIFICATE OF SERVICE

On March 18, 2013, the foregoing document was filed electronically with the Court. Pursuant to Local Rule 102.1.c, the corresponding notice of electronic filing constitutes a certificate of service as to all counsel receiving that notice.

/s/ Peter A. Swanson
Peter A. Swanson