## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TECHNOLOGY PATENTS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION 8:07-cv-03012 |
| | § | |
| DEUTSCHE TELEKOM AG ET AL., | § | |
| | § | |
| Defendants. | § | |

## MOTOROLA, INC.'S REPLY TO PLAINTIFF'S CONSOLIDATED
## OBJECTION TO DEFENDANTS' BILLS OF COSTS

Pursuant to Local Rules 109.1.c and 105.2.a, Defendant Motorola, Inc. (now known as

Motorola Solutions, Inc.) ("Motorola") hereby submits this Reply to Plaintiff Technology

Patents LLC's ("TPLLC") Consolidated Objection to Defendants' Bills of Costs ("Consolidated

Objection").[1] Doc. No. 1582.  In its Consolidated Objection, TPLLC contends that there has

been no "final judgment," such that Motorola's Bill of Costs should again be denied without

prejudice until the Court has resolved certain claims unrelated to Motorola that were remanded

for further proceedings. *Id.* at 4-5.  On the contrary, however, because the U.S. Court of Appeals

for the Federal Circuit unequivocally affirmed the Court's grant of summary judgment in favor

of Motorola, there is no impediment to the Court awarding costs to Motorola now.

---

[1]    TPLLC's Consolidated Objection contains Plaintiff's objections to Bills of Costs filed by
Defendants Sprint Nextel Corporation, Cellco Partnership, AT&T Mobility LLC, Palm, Inc.,
LG Electronics Mobilecomm U.S.A., Inc., and Motorola, Inc.  *See* Doc. No. 1582.  Motorola
responds only to those objections that relate to Motorola.

In addition, TPLLC repeats arguments previously set forth in its opposition to Motorola's initial bill of costs,[2] maintaining that the costs incurred by Motorola for certain deposition transcripts were not "necessary" to the litigation, although all these transcripts fall squarely within the types of costs typically awarded to prevailing parties.  TPLLC's efforts to prevent and delay the awarding of costs properly due to Motorola as a prevailing party should be rejected. Accordingly, Motorola respectfully requests the Court award costs to Motorola in the amount of $24,371.00.

**I.**    **Motorola Is Entitled To Costs Now Because The Court Entered A Final Judgment Which The Federal Circuit Has Affirmed in All Respects Relevant to Motorola.**

As explained in the Memorandum in Support of Motorola's Renewed Bill of Costs (Doc. No. 1579-1), on August 4, 2011, this Court granted summary judgment of noninfringement in favor of Motorola and against TPLLC.  *See* Doc. No. 1530.  The Federal Circuit affirmed that judgment.  *See* Doc. No. 1574.  TPLLC nonetheless takes contradictory positions as to whether there has been a final judgment.  First, TPLLC points out that "there was a final judgment as to all parties and all claims" and "[the Federal Circuit] affirmed the judgment in favor of the Domestic Carriers[3] against the Plaintiff." Doc. No. 1582, at 2-3. On the other hand, invoking Fed. R. Civ. P. 54(b), TPLLC states that "there is no final judgment because the claims, rights and liabilities regarding the Software Providers[4] have not been fully and finally adjudicated." *Id.* at 5.

---

[2]    *See* Doc. No. 1553.

[3]    Plaintiff TPLLC identifies the "Domestic Carriers" to be Defendants Sprint Nextel Corporation, Cellco Partnership, AT&T Mobility LLC, Palm, Inc., LG Electronics Mobilecomm U.S.A., Inc., and Motorola, Inc.  *See* Doc. No. 1582, at 1.

[4]    TPLLC identifies the "Software Providers" to be Microsoft, Yahoo, and Clickatell. *See* Doc. No. 1582, at 3.

TPLLC's tortured interpretation of Fed. R. Civ. P. 54(b) does not alter the fact that the Court entered a final judgment in favor of Motorola, which the Federal Circuit affirmed.  Fed. R. Civ. P. 54(b) governs "Judgment on Multiple Claims or Involving Multiple Parties." "The chief purpose of a Rule 54(b) certification is to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit." *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993).  In this instance, an appeal has already occurred.  Accordingly, Rule 54(b) is wholly inapplicable. *See King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560, 1563 (Fed. Cir. 1987) ("Rule 54(b), which concerns the power of the trial court *before* appeal, is not applicable in these circumstances [where Defendant] has already obtained a single judgment, most of which was affirmed by this court and only a portion of which is controverted on remand.") (emphasis in original).  Moreover, as confirmed by TPLLC's February 15, 2013 letter to the Court, Doc. No. 1574-1, the Federal Circuit did not remand any claims related to Motorola to the District Court.[5]

TPLLC's argument also runs contrary to the mandate rule, which holds that "a lower court generally is 'bound to carry the mandate of the upper court into execution and [may] not consider the questions which the mandate laid at rest.'  Because this 'mandate rule' is merely a 'specific application of the law of the case doctrine,' in the absence of exceptional circumstances, it compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (citations omitted).  Given that the Federal Circuit

---

[5]  TPLLC indicates that it is "preparing to file a Writ of Certiorari to the Supreme Court which will be filed at the end of April, 2013" but fails to elaborate at all on which issues TPLLC will be seeking review or even allege that any of those issues are germane to Motorola. *See* Doc. No. 1582, at 5.

affirmed this Court's grant of summary judgment in favor of Motorola, TPLLC is barred from litigating further claims against Motorola, and the issue of costs is ripe for decision.  Otherwise, Motorola would be forced to bear the burden of waiting for an indeterminate amount of time to recover the costs it has incurred as a result of this litigation.  Considerations of fairness therefore weigh in favor of awarding costs without further delay.

## II.    Motorola Is Entitled To Costs For Transcripts That Were Reasonably Believed To Be Necessary At The Time of Their Taking.

TPLLC's provides no adequate justification for denying any costs incurred by Motorola. As explained in greater detail below, all costs incurred by Motorola were related to deposition transcripts necessary for Motorola to defend itself in this matter.

### A.    Motorola's Transcripts of LG, Samsung, and Clickatell Should Be Taxed Because They Were Reasonably Necessary At The Time Of Their Taking.

TPLLC objects to specific transcripts Motorola ordered from other Defendants' depositions, arguing generally that those transcripts could not have been necessary because the allegations against other Defendants were different.  Doc. No. 1582, at 7-10.  TPLLC overstates the relevant standard and understates the relevance of Co-Defendants' depositions where, as here, TPLLC asserted a set of common factors with respect to similarly-situated Defendants.

Specifically, TPLLC contends that Motorola did not "need" the deposition transcripts of Defendants LG, Samsung, and Clickatell to defend against Plaintiff's claims of patent infringement. Doc. No. 1582, at 8-10.  On the contrary, however, given the similarity of Plaintiff's claims against Motorola and other handset manufacturers, as well as Plaintiff's far-reaching allegations of joint infringement, contributory infringement, and/or inducement, *see* Doc. No. 1, at ¶¶ 138-139, the preparation of Motorola's defense required Motorola to understand TPLLC's claims against LG, Samsung, Clickatell, as well as all other parties to the case.  Moreover, the Court's Guidelines specifically provide for recovery of costs for "Transcript

of deposition of a party to the case" and "Cost of copies of transcripts of an opposing party's

noticed depositions."  Guidelines for Bills of Costs, U.S. District Court for the District of

Maryland, Section II(D)(1)(c) and (k).  The deposition transcripts of LG, Samsung, and

Clickatell fall within the scope of both these categories and are therefore recoverable.

>    **B.**     **The Costs For The Deposition Transcripts of Motorola's 30(b)(6) Witness,
>              and Accompanying Exhibits, Were Necessarily Incurred by Motorola for Use
>              in this Case.**

TPLLC objects to Motorola's presumptive entitlement to the taxation of its costs for the

deposition transcript of its own 30(b)(6) witness, and accompanying exhibits.  Doc. No. 1582, at

14-16.  TPLLC's objection to these costs should be rejected for several reasons.  First, TPLLC's

objection is based *solely* on its unsupported assertion that these costs were "not necessarily

incurred" by Motorola for use in this case.  TPLLC fails to present *any* argument or evidence

supporting its assertion.

With respect to costs for obtaining copies of the deposition exhibits, TPLLC argues these

costs were unnecessary because Motorola had the documents in its possession.  Doc. No. 1582,

at 15-16.  TPLLC cites no authority for its position, and there is no basis to assume that the

exhibits introduced in the deposition were produced by the party being deposed.  Thus, TPLLC

has not presented any evidence showing this actually is the case.  See Guidelines for Bills of

Costs, U.S. District Court for the District of Maryland, Section II(D)(1)(i) (taxable costs include

"[c]osts of copies of papers obtained as exhibits in the deposition").  This alone warrants

dismissing TPLLC's objection.  However, in addition, the costs for the exhibits to Motorola's

30(b)(6) witness' deposition were likewise necessarily incurred because Motorola needed to

ensure it had true and correct copies of the labeled exhibits that TPLLC introduced at and

questioned the witness on during the deposition, including any exhibits that may have been

modified or annotated by the witness during the deposition.

Moreover, the law is clear that costs for deposition transcripts are taxable to the losing

party if they were reasonably necessary for use in the case at the time they were incurred.  *See*

*LaVay Corp. v. Dominion Fed. Savings & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987) (holding that a district court should award costs of obtaining deposition transcripts "when the taking of a deposition is reasonably necessary at the time of its taking").  In *Cengr v. Fusibond Piping Systems, Inc.*, the Seventh Circuit addressed the issue of whether a prevailing party may recover costs for deposition transcripts of its own employees, and answered in the affirmative. 135 F.3d 445, 455 (7th Cir. 1998).  Similar to Plaintiff here, the plaintiff in *Cengr* was the losing party and argued that the deposition transcripts of the defendant's employees were not necessarily obtained for use in the case, as required by 28 U.S.C. § 1920, because the employees were available to the defendant without ordering the transcripts.  *Id.*  The court rejected this argument as "ludicrous" and held that the defendant was entitled to obtain and rely on its employees' depositions.  *Id.*  The court also stated that the test was whether the deposition was "reasonably necessary" to the case at the time it was taken, not whether it was used in a motion or in court, and held that it was "entirely reasonable" for the defendant to order the deposition transcripts of its own employees.  *Id.*; *see also Simmons v. O'Malley*, 235 F.Supp.2d 442, 443-44 (D. Md. 2002) (allowing the prevailing party to recover the cost of her own deposition transcript under 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and Local Rule 109.1 because "[r]easonable trial preparation . . . ordinarily includes review of the deposition transcripts of the parties and their experts, either to prepare one's own witnesses for cross-examination or to prepare to perform the cross-examination of the adverse party and her witnesses").

Moreover, this Court's Guidelines for Bills of Costs specifically identifies these types of deposition transcripts and exhibits as items for which costs may be taxed under 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and local practice.  *See* Guidelines for Bills of Costs, Section II(D)(1).  Those guidelines identify the following as "the most commonly taxable court reporter fees": (1) "Transcript of deposition of a party to the case"; (2) "Cost of copies of transcripts of an opposing party's noticed depositions"; and (3) "Costs of copies of papers obtained as exhibits in the deposition."  *Id.*  Each of these applies here.  Motorola's 30(b)(6) deposition constitutes a

party deposition.  The deposition was noticed by Plaintiff and involved TPLLC introducing documents as exhibits.  None of these facts are in dispute.

The three district court cases cited by TPLLC do not hold to the contrary and are distinguishable from this case.  In *Legrice v. Harrington*, for example, the court did not hold, as TPLLC contends, that a prevailing party may not tax the costs of its own deposition transcript to the losing party.  2010 WL 2991670, * 1 (D. Mass. July 26, 2010).  Rather, the court found that the costs of the *individual* defendants' own deposition transcripts were not "necessarily incurred" because the two men were parties to the litigation and thus their testimony was "readily available without the need of deposition transcripts."  *Id.* (finding that "the costs of deposition transcripts purchased merely for the convenience of counsel shall not be taxed," where the individual party witnesses apparently testified or were available to testify at trial); *see also Frederick v. Oldham County Ambulance Taxing Dist.*, 2004 U.S. Dist. LEXIS 89137, * 6 (W.D. Ky. Aug. 10, 2011) (applying same reasoning as court in *Legrice*).  The situation here is far different.  Motorola's 30(b)(6) witness was not an individual party to the case, and his testimony was not "readily available without the need of deposition transcripts" as it was for the individual defendants in *Legrice*.

TPLLC's reliance on the *Liberty Mutual* case is similarly misplaced.  In *Liberty Mutual*, the court held that a party is not entitled to recover its costs for the deposition transcript of a witness whom the party may call as its witness at trial because it is primarily for the convenience of counsel to prepare the witness' trial testimony.  *Liberty Mut. Ins. Co. v. Gardere & Wynne*, 2004 WL 691229, * 1 (N.D. Tex. March 29, 2004).  Here, however, the deposition transcript of Motorola's 30(b)(6) witness was not obtained for the convenience of counsel to prepare the witness for trial, but rather as a necessary part of preparing Motorola's defense.

TPLLC chose to take multiple Defendants' 30(b)(6) party depositions as part of its infringement case against the Defendants.  Motorola ordered the transcripts of these depositions, including Motorola's 30(b)(6) witness' deposition transcript, as well as the accompanying exhibits, to properly prepare its defense of this case, and specifically to defend against TPLLC's

broad and ever-changing infringement contentions.  TPLLC's infringement theories were premised on alleged joint action and coordination between the Defendants, necessitating each of the Defendants to understand their own, as well as their Co-Defendants', testimony and evidence.  Under the circumstances at the time, it was entirely reasonable for Motorola to order the transcripts and exhibits, and the costs of obtaining them were reasonably incurred for use in this case.

For all of these reasons, TPLLC's objection to Motorola's costs for the deposition transcript of its 30(b)(6) witness, and accompanying exhibits, should be rejected, and the costs taxed to TPLLC.

## III.     Motorola Is Entitled To The Costs It Actually Incurred To Order Transcripts.

Motorola is entitled to recover the cost of every transcript it ordered, provided the transcript was "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), and "reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987).  Despite the clear law on this issue, TPLLC concludes that, even though it sued over 120 parties, Motorola should be forced to coordinate on ordering transcripts and reach an agreement with the other Defendants to share a single copy.  *See* Doc. No. 1582, at 16-20.  TPLLC misinterprets the language of the Guidelines.  The Guidelines provide that "[w]here multiple prevailing parties . . . are represented by different counsel, it is assumed **they should be treated as separate parties for purposes of taxing costs**." Guidelines, § I.E (emphasis added).  The Guidelines clearly provide that, when there are multiple parties represented by different counsel who have each separately incurred a cost, then each party is

entitled to recover for that cost, as long as that party provides "an explanation as to which costs are attributable to each party and how they should be apportioned." *Id.*[6]

TPLLC's proposed interpretation of the Court's Guidelines not only imposes an unwritten limitation on the statute and the Fourth Circuit's interpretation of that statute, but such interpretation would also result in significantly reduced fees for court reporters, who are statutorily entitled to charge and collect such fees. *Cf.* 28 U.S.C. § 753(f) ("Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference"). There is simply no basis to read unwritten limitations into the statute related to costs, and there is simply no reasoned basis to strain the Court's Guidelines to impose an unwritten limitation that is endorsed neither by Congress nor the law of this Circuit. Accordingly, because each Defendant in this case must be treated as a separate party for purposes of taxing costs, and because each Defendant has separately explained and accounted for its costs, those costs are recoverable by each Defendant.

## IV.   Motorola Is Entitled To Costs Because The Issues In This Case Were Not "Close."

TPLLC objects that the costs claimed should be limited or denied because the issues in this case were "close." Doc. No. 1582, at 20-22. On the contrary, however, the decided issues

---

[6]   Plaintiff argues that the language in the Guidelines regarding apportionment requires that the cost of a single transcript be apportioned among the Defendants. TPLLC Opp. 15. However, the language regarding apportionment merely refers to the potential need of the parties to apportion any costs that may have been shared. For example, if Defendants had collectively incurred the cost of providing a courtesy copy of a pleading to the presiding judge, that cost would need to be apportioned among the Defendants. With respect to the transcripts costs at issue here, however, those costs cannot be considered shared because each Defendant ordered a transcript for its own purposes, and each transcript was necessarily obtained for use in the case and reasonably necessary at the time of its taking. Thus, each Defendant may recover for the transcript cost given that Defendants must "be treated as separate parties for purposes of taxing costs." Guidelines, § I.E.

were not close or difficult. Motorola and the other Domestic Carrier Defendants prevailed on summary judgment of non-infringement. In disposing of the entire case on summary judgment, the Court necessarily determined that there were no genuine issues of material fact and that no reasonable jury could have found for TPLLC on infringement. That ruling was affirmed in its entirety by the Federal Circuit.

In fact, the overall weaknesses of TPLLC's case can be seen throughout the entire course of this litigation. TPLLC initially filed suit against 131 domestic and foreign companies claiming infringement of the '870 Patent and the '542 Patent. At the beginning of the case, the Court dismissed the 118 foreign companies for lack of personal jurisdiction and dismissed TPLLC's claims of infringement with respect to claims 1-5 of the '542 Patent and claims 1-3 of the '870 Patent. *See* Doc. Nos. 1082, 1083. TPLLC then dropped one patent entirely (the '542 Patent) and narrowed its infringement allegations to claims 4-37 and 39 of the '870 Patent. After the Court's claim construction opinion, TPLLC abandoned 30 more of its claims, ultimately only asserting five (claims 4-8). *See* Doc. No. 1529 at 5.

Recognizing the fatal defects in its case, TPLLC also tried to amend its infringement contentions. The Court, however, denied TPLLC's proposed amendments as futile because it determined that defendants would still be entitled to summary judgment even if TPLLC were allowed to amend its contentions. Doc. No. 1529, at 15. In doing so, the Court also noted that the "original claim charts contained theories that were unquestionably vulnerable in light of the Court's claim-construction rulings." *Id.*

Moreover, the Court's opinion shows that the issue of non-infringement was neither close nor difficult. The Court granted summary judgment to defendants based on a "multiplicity of reasons." *Id.* at 16-17. In disposing of TPLLC's arguments, the Court referred to TPLLC's

position as "untenable" and TPLLC's construction as "unpersuasive." *Id.* at 20.  The Court also noted that TPLLC's comparison of the patented system to the accused systems suffers from a fundamental deficiency, *id.* at 23, and that TPLLC presented *no scenario* in which the asserted claims could be infringed. *Id.* at 22.  In sum, the Court determined that "the system described in the Patent is fundamentally different from the accused systems as described by TPLLC's claim charts and the Bates Declaration." *Id.* at 17, n. 6.

The Court also identified the joint infringement theory as yet another independent basis for granting summary judgment to a subset the defendants. *Id.* at 17, n. 6.  The Court had granted summary judgment of no infringement because there is no basis for finding vicarious liability among the various actors—users, domestic carriers, and foreign carriers—who are alleged to perform certain elements of the claims. *Id., see also* Doc. Nos. 1428, 1429.  That previous ruling is law of the case, and TPLLC never asked the Court to reconsider that ruling. *Id.* at 17, n. 6.

Given the "multiplicity of reasons" for granting summary judgment to Motorola and the reasoning provided by the Court in its opinions, it is clear that the decided issue of non-infringement was neither close nor difficult.  Furthermore, the Federal Circuit affirmed this decision in its entirety.  Doc. No. 1574-1.  Therefore, TPLLC has failed to show that the decided issues were close or difficult, nor can TPLLC provide any good reason for overcoming the presumption that Motorola is entitled to its costs.  Accordingly, the Court should allow Motorola its costs as a prevailing party in this case.

## V.    CONCLUSION

For the foregoing reasons, Motorola respectfully requests that the Court order that TPLLC be taxed with costs to Motorola in the amount of $24,371.00.

Dated:    March 21, 2013          Respectfully submitted,


                                  */s/Andrew R. Sommer*
                                  Jonathan E. Retsky (pro hac vice)
                                  WINSTON & STRAWN LLP
                                  35 W. Wacker Drive
                                  Chicago, IL 60601
                                  T: (312) 558-3791
                                  F: (312) 558-5700
                                  Email: jretsky@winston.com

                                  Andrew R. Sommer (FBN 17359)
                                  WINSTON & STRAWN LLP
                                  1700 K Street, NW
                                  Washington, DC 20006
                                  T:  (202) 282-5896
                                  F:  (202) 282-5100
                                  Email: asommer@winston.com

                                  *Counsel for Motorola, Inc. (now known as Motorola
                                  Solutions, Inc.)*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on March 21, 2013, all counsel of record are being served with a copy of this document either: (1) by the Court's Electronic Filing System, pursuant to Local Rule CV-102.1(c), if they have consented to electronic service, or (2) by electronic mail, pursuant to FRCP 5(b)(2)(D), if they have not so consented.

*/s/ Andrew R. Sommer*

Andrew R. Sommer