**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| TECHNOLOGY PATENTS LLC, )<br>  )<br>       Plaintiff, )<br>  )<br>  v. )<br>  )<br>DEUTSCHE TELEKOM AG, et al., )<br>  )<br>       Defendants. )<br>  ) | Civil Action No. 8:07-cv-3012 (AW) |

**LG ELECTRONICS MOBILECOMM U.S.A., INC'S JOINDER OF REPLY
MEMORANDUMS IN SUPPORT OF BILL OF COSTS**

Defendant LG Electronics Mobilecomm U.S.A., Inc. ("LG") joins Defendant Motorola, Inc.'s Reply to Plaintiff's Consolidated Objection to Defendants' Bills of Costs (Dkt. 1585) (hereinafter "Motorola Reply") and Defendant Microsoft Corporation's Reply Memorandum in Support of Its Bill of Costs (Dkt. 1584) (hereinafter "Microsoft Reply").

On March 7, 2013, Plaintiff Technology Patents LLC ("TPLLC") filed a Consolidated Objection to Defendants' Bills of Costs (Dkt. 1582). As an initial matter, TPLLC argues that LG's Bill of Cost is premature because the Federal Circuit remanded certain issues with respect to Defendants Clickatell and Yahoo!. *See* Pl.'s Consolidated Obj. to Def. Bill of Costs at 4-5 (Dkt 1582). As stated in LG's Bill of Costs, the Federal Circuit affirmed summary judgment of non-infringement on all patent claims asserted against LG. *See* LG's Mem. In Supp. Of Its Bill of Costs (Dkt. 1577-2 at 1-2). LG joins Motorola's and Microsoft's Replies on whether judgment is final. *See* Motorola Reply at 2-4; Microsoft Reply at 2-3.

TPLLC also contends that the costs of the transcripts should be denied because they were not all necessarily incurred. Pl.'s Consolidated Obj. to Def. Bill of Costs at 5-20. As discussed

1

in Motorola's and Microsoft's Replies, TPLLC's argument ignores the Court's own Guidelines for Bills of Costs and decisions in this District, which authorize costs for depositions of a party to the case. *See* Motorola Reply at 5-9; Microsoft Reply at 5-6.[1] Moreover, given the similarity of Plaintiff's claims against LG and other handset manufacturers, as well as Plaintiff's allegations of induced infringement, the preparation of LG's defense required LG to understand TPLLC's claims against the other parties in the case.

Finally, TPLLC argues that the costs should be limited or denied because the issues in the case were "close." To the contrary, the issues were not close or difficult as evidenced by the fact that LG prevailed on summary judgment of non-infringement. In disposing of the case on summary judgment, the Court necessarily determined that there were no genuine issues of material fact and that no reasonable jury could have found for TPLLC on infringement. That ruling was affirmed in its entirety by the Federal Circuit. *See also* Motorola Reply at 9-11; Microsoft Reply at 6.

For the reasons set forth in Motorola's and Microsoft's Replies, LG is a prevailing party in this lawsuit and entitled to its costs. Accordingly, LG respectfully requests that the Clerk order that Plaintiff be taxed with costs to LG in the amount of $21,577.00, as demonstrated in LG's Bill of Costs and supporting memorandum.

---

[1] LG joins the Motorola and Microsoft Replies, but notes that unlike Microsoft, LG's own deposition transcripts were not cited in the motion for summary judgment.

Dated: March 22, 2013  Respectfully submitted,

   /s/ *Linda Kordziel*
Michael J. McKeon
Linda Liu Kordziel
**FISH AND RICHARDSON PC**
1425 K St NW Ste 1100
Washington, DC 20005
(202) 783-5070 (Tel.)
(202) 783-2331 (Fax)
mckeon@fr.com
kordziel@fr.com

**Attorneys for Defendant
LG Electronics Mobilecomm U.S.A., Inc.**

**CERTIFICATE OF SERVICE**

I certify that on March 22, 2013, all counsel of record are being served with a copy of the foregoing **LG'S JOINDER OF REPLY MEMORANDUMS IN SUPPORT OF BILL OF COSTS**, by the Court's CM/ECF system per Local Rule 102.1(c).

                                                                  /s/  *Linda Kordziel*