**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

|  |  |  |
|---|---|---|
| TECHNOLOGY PATENTS LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 8:07-cv-3012 (AW) |
| DEUTSCHE TELEKOM AG, et al., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT PALM, INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS BILL OF COSTS**

Defendant Palm, Inc. files this Reply to Technology Patents LLC's ("TPLLC") objection to Palm's Bill of Costs. *See* Local Rule 109.1.c, 105.2. In its consolidated opposition, TPLLC concedes that prevailing parties are "presumptively entitled to costs that were reasonably incurred." *See* Plaintiff's Consolidated Objections To Defendants' Bills Of Costs ("TPLLC Opp.") [D.I. 1582], at 5. While TPLLC presents a scattershot list of arguments why it believes Defendants' costs were not "reasonable," *id*., the crux of TPLLC's complaints arise from the fact that TPLLC named an enormous number of defendants and chose to pursue dozens of depositions. TPLLC's effort to shift responsibility for the costs resulting from TPLLC's own exceptional decisions should be rejected.

## I.     Judgment Is Final With Respect To Palm

TPLLC wrongly suggests that Rule 54(b) is a basis to deny Palm its reasonable costs of suit. Rule 54(b) has no bearing on the finality of a judgment that is affirmed on appeal, as opposed to the entry of judgment *prior* to appeal. *United States v. Philip Morris USA, Inc.*, 783 F. Supp. 2d 23, 27 (D.D.C. 2011) ("'Rule 54(b) . . . concerns the power of the trial court before appeal, [and] is not applicable' where the Court of Appeals has affirmed a portion of the judgment.") (quoting *King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560, 1563 (Fed. Cir. 1987)). After affirmance on appeal, the judgment entered by this Court is final. *King Instrument*, 814 F.3d at 1563. The issues and judgment affirmed by the Federal Circuit as to Palm are no longer before this Court. *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) ("issues actually decided [on appeal]—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration").

TPLLC does not contest that Palm prevailed on all of TPLLC's claims, both in this Court and on appeal to the Federal Circuit. *Tech. Patents LLC v. T-Mobile (UK) Ltd.*, 700 F.3d 482, 503 (Fed. Cir. 2012) ("we hold that the district court properly granted summary judgment of noninfringement to the domestic carriers"); *id*. at 489 (defining "handset companies" as part of "the domestic carriers" group). TPLLC's only dispute is that the entities that the Federal Circuit called "software providers" (Clickatell, Yahoo, and Microsoft) had certain issues remanded. TPLLC Opp. at 5. Those claims do not involve Palm, which is the prevailing party. Judgment as to Palm is final, and Palm's Bill of Costs is timely before the Court.

### II.     The Transcripts Taxed Were Reasonably Believed To Be Necessary At The Time of Their Taking

The cost of deposition transcripts should be taxed when the depositions were reasonably necessary at the time of their taking. *LaVay Corp. v. Dominion Fed. Savings & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987) (holding that a district court should award costs of obtaining deposition transcripts "when the taking of a deposition is reasonably necessary at the time of its taking"); *see also Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 586 (D. Md. 2004) ("Indeed, the rule gives rise to a presumption that costs are to be awarded to the prevailing party.") (internal citation omitted). Such was the case with the limited number of transcripts for which Palm seeks reimbursement.

#### A.     Transcripts Of Codefendants' Depositions Were Reasonably Necessary At The Time Of Their Taking

TPLLC wrongly objects to specific transcripts Palm ordered from other Defendants' depositions, arguing generally that those transcripts could not have been necessary because the allegations against other Defendants were different. TPLLC Opp. at 10-11. TPLLC's claims against the handset companies and domestic carriers, however, were substantially similar.

2

Throughout the case (including in its infringement contentions, its expert reports, during summary judgment motion practice, and on appeal) TPLLC lumped these parties together. Further, TPLLC decided to forego deposition discovery of Palm, which made it imperative for Palm to review transcripts of depositions of similarly situated co-defendants in order to understand TPLLC's theory of the case.

### 1.  The Cost of Palm's Transcripts for the Depositions of LG And Samsung Should Be Taxed to TPLLC

TPLLC argues that the transcripts of the LG and Samsung depositions Palm purchased were not "necessarily obtained for use in the case." TPLLC Opp. at 10. TPLLC attempts to support this argument by suggesting that Palm could not have derived any information to help defend against TPLLC's allegations from those transcripts because the underlying facts relevant to each Defendant were different. *Id*.

TPLLC's argument is not a basis to deny these costs to Palm for at least two reasons. First, TPLLC has not met its burden to show that the transcripts were not reasonably believed to be necessary at the time they were taken. The kinds of facts TPLLC sought to establish for other handset companies were important to Palm because, without them, Palm had only TPLLC's confusing infringement contentions to guide its understanding of TPLLC's case. Further, questions posed during a deposition can and do frequently provide insight into litigation strategy. Here, because TPLLC did not schedule a deposition of Palm, and never took a deposition of Palm, Palm reasonably sought further information by reviewing transcripts of a limited number of similarly situated co-defendants.

Second, the transcripts helped Palm determine that TPLLC's case against Palm suffered from a massive failure of proof. TPLLC's failure of proof formed the basis for Palm's motion for summary judgment of non-infringement (later found moot by the Court in light of the Court's

decision to grant summary judgment of non-infringement as to all the handset companies and domestic carriers). In sum, Palm could reasonably expect that the deposition transcripts would provide important information for Palm to present its own defense.

### B. The Costs for the Deposition Transcripts of Rule 30(b)(6) Witnesses, and Accompanying Exhibits, Were Necessarily Incurred by the Defendants for Use in this Case

TPLLC unreasonably objects to Palm's request to tax costs for the deposition transcripts of Defendants' Rule 30(b)(6) witness (and accompanying exhibits). TPLLC Opp. at 14-16. The Court should overrule TPLLC's objection to these costs.

First, TPLLC's objection is based solely on its conclusory, unsupported assertion that these costs were "not necessarily incurred" by the Defendants for use in this case. TPLLC fails to present *any* argument or evidence supporting its assertion. As noted above, however, deposition transcripts of similarly situated co-defendants' Rule 30(b)(6) designees were highly relevant to Palm as it worked to prepare its case for motion practice and trial.

Second, the Court should reject TPLLC's argument that Palm should be denied costs for copying the exhibits to TPLLC's own witness's deposition. Surprisingly, TPLLC argues that defendants must have had the exhibits already in their possession, making them unnecessary. Of course, exhibits to a deposition transcript are treated as part and parcel of the transcript itself.

Again, costs for deposition transcripts are taxable to the losing party if they were reasonably necessary for use in the case at the time they were incurred. *See LaVay Corp. v. Dominion Fed. Savings & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987) (holding that a district court should award costs of obtaining deposition transcripts "when the taking of a deposition is reasonably necessary at the time of its taking"). Further, this Court's Guidelines for Bills of Costs specifically identify these types of deposition transcripts and exhibits as items for which costs may be taxed under 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and local practice. *See* Guidelines for Bills of Costs, Section II(D)(1). Those guidelines identify the following as "the most commonly taxable court reporter fees": (1) "Transcript of deposition of a party to the case";

4

(2) "Cost of copies of transcripts of an opposing party's noticed depositions"; and (3) "Costs of copies of papers obtained as exhibits in the deposition." *Id.* Each of these applies here. Co-defendants' Rule 30(b)(6) depositions constitute party depositions. Those depositions were all noticed by Plaintiff. Those depositions all involved TPLLC introducing documents as exhibits.

The three district court cases cited by TPLLC are not to the contrary. In *Legrice v. Harrington*, for example, the court was dealing with a dispute between two individuals not multiple defendants in a complex patent infringement case, and the transcripts were prepared for the convenience of counsel rather than due to need. 2010 WL 2991670, * 1 (D. Mass. July 26, 2010); *see also Frederick v. Oldham County Ambulance Taxing Dist.*, 2004 U.S. Dist. LEXIS 89137, * 6 (W.D. Ky. Aug. 10, 2011) (applying same reasoning as *Legrice*). Similarly, *Liberty Mut. Ins. Co. v. Gardere & Wynne*, 2004 WL 691229, * 1 (N.D. Tex. March 29, 2004), involved a request for costs for transcripts of a witness who the requesting party itself planned to testify at trial.

Here, Palm's similarly situated co-defendants' 30(b)(6) witnesses were not individual parties in the case, their testimony was not "readily available without the need of deposition transcripts," and their testimony was important in order for Palm to prepare its case for motion practice (particularly concerning TPLLC's failure of proof as to Palm) and for trial.

TPLLC chose to take these 30(b)(6) party depositions as part of its infringement case against the Defendants. Palm (and many co-defendants) ordered the transcripts of these depositions and accompanying exhibits to properly prepare their defense of this case, and specifically to defend against TPLLC's exceptionally broad infringement contentions. TPLLC's infringement theories were premised on alleged joint action and coordination between the defendants, necessitating each of the defendants to understand their own, as well as their co-defendants', testimony and evidence. Under the circumstances at the time, it was entirely reasonable for the Defendants to order the transcripts and exhibits, and the costs of obtaining them were reasonably incurred for use in this case.

### III. Palm Is Entitled To The Costs It Actually Incurred To Order Transcripts

Palm seeks its very reasonable costs actually incurred in obtaining deposition transcripts, and the total amount Palm seeks is among the lowest of the defendants. Nevertheless, TPLLC objects to awarding Palm's costs because, according to TPLLC, Palm should have shared transcripts more efficiently with its co-defendants.

Palm did in fact share with its co-defendants the costs of obtaining transcripts, including those of TPLLC's experts, and Palm is seeking only its actual costs incurred to obtain a transcript. Further, the Court's Guidelines regarding costs provide that "[w]here multiple prevailing parties . . . are represented by different counsel, it is assumed **they should be treated as separate parties for purposes of taxing costs**." Guidelines, § I.E (emphasis added). Each party is entitled to recover for the costs of obtaining a transcript and its exhibits as long as that party provides "an explanation as to which costs are attributable to each party and how they should be apportioned." *Id.*[1] Palm has done so.

TPLLC's proposed interpretation of the Court's Guidelines not only imposes an unwritten limitation on the statute and the Fourth Circuit's interpretation of the costs statute, but would also result in significantly reduced fees for court reporters, who are statutorily entitled to charge and collect such fees. *Cf.* 28 U.S.C. § 753(f) ("Each reporter may charge and collect fees

---

[1] Plaintiff argues that the language in the Guidelines regarding apportionment requires that the cost of a single transcript be apportioned among the Defendants. TPLLC Opp. 16. However, the language regarding apportionment merely refers to the potential need of the parties to apportion any costs that may have been shared. For example, if Defendants had collectively incurred the cost of providing a courtesy copy of a pleading to the presiding judge, that cost would need to be apportioned among the Defendants. With respect to the transcripts costs at issue here, however, those costs cannot be considered shared because each Defendant ordered a transcript for its own purposes, and each transcript was necessarily obtained for use in the case and reasonably necessary at the time of its taking. Thus, each Defendant may recover for the transcript cost given that Defendants must "be treated as separate parties for purposes of taxing costs." Guidelines, § I.E.

for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference"). There is simply no basis to read unwritten limitations into the statute related to costs, nor to interpret the Court's Guidelines to short-change court reporters with a rule that is not endorsed by Congress nor the law of this Circuit. Each Defendant in this case should be treated as a separate party for purposes of taxing costs, as per the cost Guidelines. Palm has separately explained and accounted for its costs, which are very reasonable (and, in Palm's opinion, low), and the Court should award them.

**IV.   The Costs Are Not "Excessive" Nor Were The Issues "Close"**

TPLLC objects that the cumulative costs claimed are "excessive," though it stops short of arguing that Palm's costs are unreasonable. TPLLC has only itself to blame for the total amount of costs due in this case. TPLLC chose to sue 131 defendants, take substantial discovery, and pursue theories of infringement that Defendants repeatedly told TPLLC would not stand up on summary judgment or on appeal.

TPLLC is also wrong to suggest that the case involved issues that were particularly close or difficult. First, TPLLC's case against Palm suffered from a massive failure of proof. [Dkt. No. xx.] Simply put, TPLLC did not (and could not) even try to prove up a case against Palm in discovery. *Id.* While the Court denied Palm's motion on those grounds as moot, it did so because it found TPLLC was asserting infringement arguments against the handset companies and domestic carriers that were flat-out unsupported by the patent-in-suit. *See* [D.I. 1529, 1530]. In disposing of the entire case on summary judgment, the Court necessarily determined that there were no genuine issues of material fact and that no reasonable jury could have found for TPLLC on infringement.

Second, the exceptional weaknesses of TPLLC's case were evident at the outset of the case. TPLLC initially filed suit against 131 domestic and foreign companies claiming infringement of the '870 Patent and the '542 Patent. At the beginning of the case, the Court dismissed the 118 foreign companies for lack of personal jurisdiction and dismissed TPLLC's claims of infringement with respect to claims 1-5 of the '542 Patent and claims 1-3 of the '870 Patent. *See* [D.I. 1082, 1083]. TPLLC then dropped one patent entirely (the '542 Patent) and narrowed its infringement allegations to claims 4-37 and 39 of the '870 Patent. After the Court's claim construction opinion, TPLLC abandoned 30 more of its claims, ultimately only asserting five (claims 4-8). *See* Doc. No. 1529 at 5.

Third, recognizing the fatal defects in its case, TPLLC also tried to amend its infringement contentions. The Court, however, denied TPLLC's proposed amendments as futile because it determined that defendants would still be entitled to summary judgment even if TPLLC were allowed to amend its contentions. [D.I. 1529] at 15. In doing so, the Court also noted that the "original claim charts contained theories that were unquestionably vulnerable in light of the Court's claim-construction rulings." *Id.*

Finally, the Court's opinion itself shows that the decided issue of non-infringement is neither close nor difficult. The Court granted summary judgment to defendants based on a "multiplicity of reasons." *Id.* at 16-17. In disposing of TPLLC's arguments, the Court referred to TPLLC's position as "untenable" and TPLLC's construction as "unpersuasive." *Id.* at 20. The Court also noted that TPLLC's comparison of the patented system to the accused systems suffers from a fundamental deficiency, *id.* at 23, and that TPLLC presented *no scenario* in which the asserted claims could be infringed. *Id.* at 22. In sum, the Court determined that "the system

described in the Patent is fundamentally different from the accused systems as described by TPLLC's claim charts and the Bates Declaration." *Id.* at 17, n. 6.

The Court also identified the joint infringement theory as yet another independent basis for granting summary judgment to a subset the defendants. *Id.* at 17, n. 6. The Court had granted summary judgment of no infringement because there is no basis for finding vicarious liability among the various actors—users, domestic carriers, and foreign carriers—who are alleged to perform certain elements of the claims. *Id., see also* [D.I. 1428, 1429]. That previous ruling is law of the case, and TPLLC never asked the Court to reconsider that ruling. *Id.* at 17, n. 6.

Given the "multiplicity of reasons" for granting summary judgment to the defendants and the reasoning provided by the Court in its opinions, it is clear that the decided issue of non-infringement is neither close nor difficult. TPLLC has failed to show that the costs are excessive and that decided issues are close and difficult and thus, cannot provide any good reason for overcoming the presumption that defendants are entitled to their costs. Accordingly, the Court should allow defendants their costs as the prevailing parties in this case.

On appeal, the Federal Circuit did not find the issues involving the handset companies or domestic carriers to be close either. Instead, it endorsed the opinion of this Court that "[TPL's] description of the accused system simply does not even resemble Claim 4, much less literally match it." *Tech. Patents LLC v. T-Mobile (UK) Ltd.*, 700 F.3d 482, 497 (Fed. Cir. 2012) (alteration in original); *see also id*. at 491; *id*. at 500. This Court's grant of summary judgment on the claims asserted against Palm were granted on this basis. *See id*. at 501 ("Because TPL has not produced sufficient evidence that the accused

systems are even capable of meeting those limitations [in Claim 4], the software providers cannot infringe them.").

Finally, TPLLC is also incorrect when it states that "the Court's decision is in conflict with two on-point decisions from the Federal Circuit." TPLLC Opp. at 21. The Court's decision was affirmed by the Federal Circuit over 20 months after the case relied on by TPLLC, *Centillion*, was decided. *Centillion Data Sys., LLC v. Qwest Communications Int'l, Inc.*, 631 F.3d 1279 (Fed. Cir. Jan. 20, 2011). The Federal Circuit explicitly considered *Centillion* in its opinion, as it did *NTP*, with respect to claims not asserted against Palm. *Id*. at 501. The Federal Circuit was certainly aware of the precedent cited by TPLLC and did not find them to be in conflict with this Court's holding, which it affirmed.

## V.     CONCLUSION

For the foregoing reasons, Palm's costs should be taxed to TPLLC as set forth in Palm's Bill of Costs.

Dated:   March 26, 2013              Respectfully submitted,

/s/ George F. Pappas
George F. Pappas
**COVINGTON & BURLING, LLP**
1201 Pennsylvania Ave., NW
Washington, DC 20004-2401
(202) 662-6000 (Tel.)
(202) 662-6291 (Fax)
GPappas@cov.com

Michael M. Markman (*Pro Hac Vice*)
Robert J. Williams (*Pro Hac Vice*)

10

**COVINGTON & BURLING LLP**
One Front St.
San Francisco, CA 94111
(415) 591-6000 (Tel.)
(415) 591-6091 (Fax)
MMarkman@cov.com
RWilliams@cov.com

*Attorneys for Defendant P<sub>ALM</sub>, I<sub>NC.</sub>*

## CERTIFICATE OF SERVICE

I certify that on March 26, 2013, all counsel of record are being served with a copy of the foregoing Defendant Palm, Inc.'s Reply Memorandum in Support of its Bill of Costs by the Court's CM/ECF system per Local Rule 102.1(c).

/s/George F. Pappas