IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TECHNOLOGY PATENTS, LLC,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. 8:07-cv-3012-AW** |
| **DEUTSCHE TELEKOM, ET AL.,** | * | |
| **Defendants.** | * | |
| | *** | |

## CLERK'S ORDER TAXING COSTS

Plaintiff Technology Patents, LLC, (TPLLC) brought an infringement suit against 131 domestic and foreign defendants for patent infringement, which have been categorized in three divisions: (1) domestic telecommunications and handheld companies, (2) domestic software companies, and (3) foreign telecommunications companies. The suit with respect to the foreign defendants was dismissed for lack of personal jurisdiction, and the suit against domestic software companies and the domestic telecommunications and handset companies was decided on summary judgment on August 4, 2011. ECF No. 1529 & 1530. On September 2, 2011, TPLLC appealed to the Federal Circuit. ECF No. 1548. All previous Bills of Cost for the Defendants still involved in the litigation were denied without prejudice pending this appeal. ECF No. 1563. The Federal Circuit affirmed the decision with respect to the domestic and foreign telecommunications companies. ECF No 1566. The Federal Circuit affirmed in part and vacated in part with respect to the software companies. *Id.*

Seven defendants have filed Bills of Costs in response to this judgment: (1) Sprint Nextel Corporation (Sprint), ECF No. 1567, (2) Cellco Partnership (Verizon), ECF No. 1568, (3) AT&T Mobility, LLC (AT&T), ECF No. 1570, (4) Palm, Inc. (Palm), ECF No 1571, (5) Microsoft Corp. (Microsoft), ECF No. 1575, (6) LG Electronics Mobilecomm U.S.A., Inc. (LG), ECF No.

1577, and (7) Motorola, Inc. (Motorola), ECF No. 1579.  One of these companies, Microsoft, is categorized as a domestic software company.  The other six companies are categorized as domestic telecommunication and handheld companies.

Microsoft's Bill of Costs, with its case vacated in part and remanded to this Court from the Federal Circuit, is denied without prejudice as premature pending a final judgment on all matters of infringement.  The costs requested by the remaining six Defendants are taxed in full against TPLLC in the amount of **$117,495.89**, as explained below.

## Standard of Review

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  *See Fed. R. Civ. P.* 54(d)(1).  There is a presumption that the prevailing party will be awarded costs, *Wyne v. Medo Indus.*, 329 F. Supp. 2d 584, 586 (D. Md. 2004) (citing *Cherry v. Champion Int'l Corp.,* 186 F.3d 442, 446 (4th Cir. 1999)), and "it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Wyne*, 329 F. Supp. 2d at 586 (citing 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2668 at 232 (3d ed. 1998)).  However, not every litigation expense is recoverable under Rule 54(d); the costs that "may" be taxed are enumerated in 28 U.S.C. §§ 1920, 1921, and 1923.  *Charter Med. Corp. v. Cardin*, 127 F.R.D. 111, 113 (D. Md. 1989); *Advance Bus. Sys. & Supply Co. v. SCM Corp.*, 287 F. Supp. 143, 162 (D. Md. 1968), *aff'd*, 415 F.2d 55 (4th Cir. 1969).  Taxation of costs is entrusted to the Clerk in the first instance, but the Clerk's discretion to award costs is limited.  In the exercise of this discretion, the Clerk may deny costs not permitted by statute, case law, or the Court's *Guidelines for Bills of Costs*, even if the opposing party has failed to make an objection.  *See U.S. District Court for the District of Maryland Guidelines for Bills of Costs* § I.A (2013) [hereinafter *Guidelines*].

**Analysis**

Seven defendants have requested taxation by the Clerk by submitting the required Bill of Costs, supporting memoranda, and accompanying invoices and affidavits.  These Defendants and their total dollars requested are detailed here:

| **Defendant** | **ECF No.** | **Amount** |
|---|---|---|
| Sprint | 1567 | $15,846.40 |
| Verizon | 1568 | $20,616.84 |
| AT&T | 1570 | $22,854.10 |
| Palm | 1571 | $12,230.55 |
| Microsoft | 1575 | $5,309.65 |
| LG | 1577 | $21,577.00 |
| Motorola | 1579 | $24,371.00 |
| **TOTAL** | - | **$122,805.54** |

TPLLC responded to all seven Bills of Costs in Plaintiff's Consolidated Objection to Defendants' Bills of Costs.  ECF No. 1582.  In this opposing memorandum, TPLLC objects under four major categories: (1) there is no final judgment and all Bills of Costs are premature; (2) transcripts were not all necessarily incurred; (3) many costs claimed are redundant and can only be taxed once to plaintiff and apportioned among the defendants; and (4) the closeness of the decided issues dictates that costs be denied or severely limited.  *Id.*  Each of the defendants replied to the objections of TPLLC.  ECF Nos. 1584-1590.  The first and fourth objections of TPLLC are general objects to the entire taxation request, and the second and third objections are specific to individually requested items. The decisions regarding each of the requested costs by the seven defendants are organized according to the categories of objections defined by TPLLC. After all the objections of TPLLC are addressed, the taxation of each defendant's legitimately requested costs will be totaled and addressed.

**I.      TPLLC's General Objections to Defendants' Requests for Taxation**

In its Consolidated Objection to Defendants' Bills of Costs, TPLLC raises two general objections to the Defendants' requests for taxation.  TPLLC claims that all costs should be

denied because (1) there is no final judgment in this case since *Fed. R. Civ. P.* 54(b) requires that all issues be decided among all parties before there is a final judgment with respect to any party, and (2) the issues decided were of such a similar nature as to justify denying costs. While there is some merit to this first objection as it relates to Microsoft's Bill of Costs, it does not apply to the other Defendants in the manner that TPLLC asserts. The second objection is also without merit. Therefore, while the claimed expenses of Microsoft are denied without prejudice as premature, the remaining Bills of Costs from the other six defendants are considered in further detail in this order.

### A. TPLLC's Claim That There is No Final Judgment

TPLLC claims that since there is no final judgment on all claims and parties for the Software Providers in this case, there is also no final judgment for all the parties on all the claims in this matter according to *Fed. R. Civ. P.* 54(b). *See* ECF No. 1582 at 4-5.

Concerning final judgments, the applicable section of Rule 54 states the following:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision . . . that adjudicates fewer than all the claims or the rights . . . of all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Federal Circuit and Supreme Court have discussed the meaning of this rule. Prior to the Federal Rules of Civil Procedure, generally "there was no authority for treating anything less than the whole case as a judicial unit." *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.* 975 F.2d 858, 861 (Fed. Cir. 1992) (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 432 (1956), regarding *Fed. R. Civ. P.* 54(b) and whether there was a final decision for the purposes of appellate authority). However, with the development of the Federal

Civil Rules and in the interests of judicial administration, "Congress enacted Rule 54(b) to relax the restrictions upon what should be treated as a judicial unit . . . [which allows] a district court to sever an individual claim that has been finally resolved." *Id.*

After a final entry of judgment, there is a presumption that the prevailing party in a matter will be awarded costs. *See Wyne,* 329 F. Supp. 2d at 586. "Federal Circuit law defines a 'prevailing party' for the purposes of patent litigation," and "just because a party can be said to have 'prevailed' on a claim does not necessarily make him a 'prevailing party' as the term is used in Rule 54." *Shum v. Intel Corp.,* 629 F.3d 1360, 1366-67 (Fed. Cir. 2010) (holding that to become a prevailing party for the purpose of taxing costs, a decision must give a direct benefit to the party, even though that party does not have to prevail on every single claim). To be a "prevailing party," a party must receive relief that beneficially alters their legal relationship between the opposing parties. *Id.* at 1367. However, if a defendant remains at risk of another suit on the same claim, he cannot claim to be a prevailing party. *See Mitchell-Tracey v. United Gen. Title Ins. Co.,* 839 F. Supp. 2d 821, 827 (D. Md. 2012).

TPLLC quotes Rule 54(b) at length in its Consolidated Objection to support its claim that costs can only be assessed after a final entry of judgment on all claims and that there is no final judgment in this case because some claims were remanded. ECF No. 1582 at 4-5. TPLLC interprets Rule 54 to prevent costs from being awarded to all defendants on all patent claims in this case due to a narrow remand on a small subset of claims for the narrowly defined Software Provider defendants. Despite this broad reading, TPLLC offers no case law to support this interpretation.

In light of Federal Circuit case law on this subject, the Clerk cannot accept this argument for the further delay of costs. The domestic handheld and telecommunication defendants (AT&T, Verizon, LG, Motorola, Palm, and Sprint) do not have any claims or issues remaining

5

before this Court.  All the claims against these defendants were dismissed in the Federal Circuit opinion, and the legal relationship between the parties was altered in their favor.  For these reasons, there is no justification based on the lack of a final judgment to delay their Bills of Cost.

Regarding Microsoft, however, this argument for no final judgment has greater weight. The Federal Circuit remanded to this Court regarding several counts as they apply to the Software Providers, and Microsoft was specifically named as one of the Software Providers. ECF No. 1566 at 12, 40.  Microsoft argues that these specific claims did not in any way apply to Microsoft, and claims that the group association by the Federal Circuit judgment is only because of a joint summary judgment motion on all claims of the Software Providers.  ECF No. 1584 at 5.  Microsoft also argues that TPLLC's indication that it will seek to assert new claims against Microsoft due to this partial vacated judgment remand should not be permitted.  *Id.*

However, the merits of TPLLC's intended claims are not within the Clerk's power to determine.  Instead, because of the language and categorization of the Federal Circuit's decision and because Microsoft is still somewhat vulnerable to a suit on the same claims of this case, there does not yet appear to be a final judgment on these issues, and the Clerk cannot tax Microsoft's requested costs.  Therefore, Microsoft's requested costs in the amount of $5,309.65 are denied without prejudice as premature.

**B.  TPLLC's Claim That the Issues Were Difficultly Decided, Which Gives Warrant for a Denial of Costs.**

TPLLC argues that because the issues in this case were so difficult, closely decided, and complex, a sufficient justification exists to deny taxing costs in favor of Defendants.  ECF No. 1582 at 21.  However, the Clerk's authority in taxation does not include any equitable authority. *Guidelines* § I.A.  Further, "[i]f a party believes a case was unusually difficult and that the awarding of costs imposes an undue hardship, a party should move for a review of the Clerk's order taxing costs after the Clerk enters an order taxing costs."  *Id.*; *see also Ellis v. Grant Thornton LLP,* No. 10-1509, 434 Fed. App'x 232, 2011 WL 2356855, at *2 (4th Cir. June 15, 2011); *Taniguchi v. Kan Pac. Saipan, Ltd.,* 132 S. Ct. 1997, 2006 (2012) (explaining that the Clerk's role in taxing costs is often merely a clerical duty).

TPLLC contends the issues are close and complex, and cites cases which they claim will be the grounds for a certiorari petition to the Supreme Court.  ECF No. 1582 at 21.  Defendants counter by citing the weakness of TPLLC's case throughout the litigation: (1) the dismissal of 118 defendants on personal jurisdiction grounds, (2) TPLLC's voluntary withdrawal of all claims regarding Patent '870, and (3) this Court's summary judgment decision and the Federal Circuit's affirmation in favor of Defendants based on a "multiplicity of reasons," which included an "untenable" position by TPLLC and an "unpersuasive" claim construction.  ECF No. 1585 at 10-11.  The Clerk cannot decide the merits of these opposing claims, because it is not within the authority of the Clerk to determine degrees of closeness in litigation and tax accordingly.  In fact, the *Guidelines* specifically state, "If a party believes a case was unusually difficult . . . a party should move for review of the Clerk's order taxing costs after the Clerk enters an order taxing costs."  *Guidelines* § I.A.  In other words, TPLLC cannot request the denial of costs due to the closeness of a case until after the Clerk actually taxes those costs, not before.  Therefore, the

Clerk declines to evaluate this argument by TPLLC, and the individual objections to specific claims will be reviewed further.

**II.      Specific Claims of Costs Not Necessarily Incurred.**

In the second category of objections, TPLLC argues that certain individual transcript costs sought by Defendants should not be taxed because these transcripts were not relevant and reasonable for Defendants.  *See* ECF No. 1582 at 5-15.  There are three categories of these specific objections, including: (1) objections to the unnecessary duplication of transcript requests among Defendants, (2) objections to parties' requests for deposition transcript and exhibit costs for the depositions of their own witnesses and provided exhibits, and (3) objections the necessity of obtaining the deposition transcripts of co-defendants in the case. Each is discussed below.

As an overarching matter, TPLLC claims that "[a]lthough these categories are commonly taxable, the mere fact that a transcript falls into one of these categories does not automatically deem them taxable in every instance. Instead, the *Guidelines* still emphasize that all must be "necessarily obtained for use in the case, and reasonably necessary at the time of its taking." *Id.* at 6.  While correct that it is possible for certain costs to fit into a named category in the *Guidelines* and not be taxable, TPLLC's strict reading of the *Guidelines* as stated here and applied throughout its Consolidated Objection seems to call for each Defendant to provide more information than the required Bill of Costs, supporting memorandum, and accompanying affidavits and exhibits.  This heightened scrutiny of Defendants' requested costs is not the practice of the Clerk since, "[t]here is a presumption that the prevailing party will be awarded costs," *Wyne v. Medo Indus.*, 329 F. Supp. 2d at 586, and neither the Federal nor Local Rules require this level of detail, *see Fed. R. Civ. P.* 54(d), Local Rule 109.1 (D. Md. 2010).  Therefore, the objections of TPLLC to each party's requested costs are not that of a heightened standard, but instead the taxation of costs by the Clerk is done by the ordinary standard through

its clerical role as provided by *Fed. R. Civ. P.* 54(d).  *See Taniguchi v. Kan Pac. Saipan, Ltd.,* 132 S. Ct. at 2006.

### A.  Objections Based Upon Unnecessary Duplication of Transcript Requests

TPLLC contends that the costs of individual transcripts should be taxed only once against TPLLC and apportioned among the Defendants.  ECF No. 1582 at 16-17.  There are twenty-nine depositions and copies of exhibits that overlap among the taxation requests of the seven Defendants, which encompass every single deposition requested by a defendant.  To adjust the total requested costs according to TPLLC's Consolidated Objection, the requested $122,725.54 of transcript costs would be cut to only $24,371.00, and apportioned among the Defendants. This apportionment would be specific to each requested transcript cost and would correspond in proportion to the number of Defendants who requested a particular transcript.  TPLLC gives a detailed table to show which transcripts were requested by each Defendant and how they overlapped.  ECF No. 1582 at 17-19.  However, because the Clerk does not agree with the substance of this objection, it is unnecessary to detail further the exact distribution of costs according to this scheme.  For the reasons stated below, the costs are not denied to Defendants based on unnecessary duplication.

The *Guidelines* state, "In cases involving more than a single plaintiff and a single defendant, the Clerk will not award the same cost more than once."  *Guidelines* § I.E.  However, the section goes on to say, "Where multiple prevailing parties or multiple losing parties are represented by different counsel, it is assumed they should be treated as separate parties for purposes of taxing costs.  In this situation, the party filing the Bill of Costs or the opposing party should provide an explanation as to which costs are attributable to each party and how they should be apportioned." *Id.*

TPLLC claims that this section of the *Guidelines* makes it clear that when parties are represented by separate attorneys, a single transcript cost should be apportioned between the parties.  ECF No. 1582 at 16-17.  TPLLC also notes that one of the depositions was stipulated by some of the Defendants to be a shared cost, giving further proof that such costs should be apportioned among the defendants.

However, this is not the case.  When the *Guidelines* say that parties should be treated as separate parties for the purposes of taxing costs, it means that they can independently order the copies of transcripts, not that they have to apportion the cost of a single transcript.  If TPLLC's interpretation of *Guidelines* § I.E is accepted, it is unclear how there would be any difference between multiple parties being treated as a single party and multiple arties being treated as separate parties at the conclusion of a case.  While some Defendants did stipulate a shared cost for one transcript, this was a voluntary action for an otherwise valid full cost and cannot be construed as a requirement to apportion all other transcript costs.  For this reason, the Defendants did not need to individually show why each copy of each transcript should be taxed to each defendant in the way that TPLLC requests.  *See* ECF No. 1582 at 16-17.  Instead, the explanations of the Defendants for their costs as presented in their Bills of Costs are sufficient to overcome this objection of TPLLC, and the Clerk rejects TPLLC's objection based on duplication.

### B.  Objections to Parties' Requests for Deposition Transcript and Exhibit Costs for the Depositions of Parties' Own Witnesses and Provided Exhibits.

TPLLC objects to Defendants' request for costs of their own *Fed. R. Civ. P.* 30(b)(6) designated witnesses and the exhibits produced by Defendants for these depositions as they are not necessarily incurred, as the Defendants have unlimited access to their own witnesses and documents.  ECF No. 1582 at 14-15.  Defendants reply that TPLLC ignores the rules of the

Court which specifically allow awarded costs for both noticed depositions and all exhibits attached to depositions. *See* ECF No. 1585 at 6; ECF No. 1587 at 2; ECF No. 1586 at 1-2; ECF No. 1590 at 2.

The *Guidelines* state that transcripts of depositions for parties to the case, transcripts of an opposing party's noticed depositions, and costs of copies of papers obtained as exhibits in the deposition are taxable by the Court. *See Guidelines* § II.B(c), (i), and (k). And as already discussed, "the Clerk's authority to tax costs does not include any equitable authority." *Guidelines* § I.A.; *see also supra* § I.B. If a party believes that the awarding of costs imposes an undue hardship, a party should move for review of the Clerk's order taxing costs after the Clerk enters and order taxing costs. *Id.*

TPLLC claims in several ways that the costs of Defendants' own 30(b)(6) transcripts and exhibits do not meet the burden of necessity required for taxation. TPLLC cites case law from other districts that have decided a prevailing party may not tax these costs against a non-prevailing party. ECF No. 1582 at 14-15. They also claim the need for additional documentation of these transcripts' necessity and the necessity of the exhibits that were provided by the Defendants to their witnesses in the depositions. *Id.* at 15. The objected transcripts and exhibits include the following:

| Defendant | Transcript | Requested Cost |
|-----------|-----------|----------------|
| Motorola | 7/24/2009, Mundelin, IL (Requested in ECF No. 1579-1 at 6) | Transcripts: $696.95 Exhibits: $558.50 |
| LG | 7/29/2009, San Diego CA (Requested in ECF No. 1577-2 at 4) | Transcripts: $814.90 Exhibits: $589.00 |
| AT&T | 6/4/2009, Dallas, TX (Requested in ECF No. 1570-1 at 4) | Transcripts: $840.00 Exhibits: $554.75 |
| Sprint | 6/15/2009 (Requested in ECF No. 1567-2 at 3) | Transcripts: $740.00 Exhibits: $659.25 |

Contrary to TPLLC's assertion, the *Guidelines* specifically list these noticed and 30(b)(6) depositions as taxable costs.  *See Guidelines* § II.D.1(c) and (k).  Defendants accurately point to the provisions of the *Guidelines* which allow these costs and have provided all the necessary documentation in their Bills of Costs and supporting memoranda.  While TPLLC cites, and Defendants dispute, case law from other jurisdictions that deem it unfair that such costs are taxed, regardless of the merits of this objection, the Clerk does not have the authority to change the Court's current case law on taxation or decide such equitable questions.[1]  The appropriate place for these objections to be addressed is with a motion to review the Clerk's order taxing costs.  *See Guidelines* § I.A.  For these reasons, the Clerk must refuse to acknowledge this objection to costs based on unnecessary transcripts.

### C.  Objections to Defendants' Costs Based on the Necessity of Obtaining the Deposition Transcripts of Co-Defendants in the Case

TPLLC objects to several transcript costs requested by Defendants because they were unnecessarily-incurred.  ECF No. 1582 at 8-14.  While objections are individually made against the requested costs of four separate defendants, the explanations for the objections are consistent enough to respond to them all together. Defendants dispute these objections, and for the following reasons, the Clerk agrees that these objections cannot be accepted.

As discussed above, transcripts of depositions for parties to the case, transcripts of an opposing party's noticed depositions, and costs of copies of papers obtained as exhibits in the deposition are taxable by the court. *Guidelines* § II.B(c), (i), and (k); *see supra* § I.B.  While section I.D.2(c) of the 2011 edition of the *Guidelines* describe costs incurred as a result of mounting a defense as "not taxable," the U.S. Court of Appeals for the Fourth Circuit has

---

[1] Similarly, it would be inappropriate for the Clerk to deviate in a pending case from the previously published *Guidelines*, absent binding case law demonstrating the *Guidelines* are no longer based on current law.

subsequently declined to affirm this interpretation of 28 U.S.C. § 1920.  *See Country Vintner of*

*N.C., LLC, v. E & J Gallo Winery, Inc.*, __ F.3d __, No. 12-2074, 2013 WL 1789728, at *7 (4th

Cir. Apr. 29, 2013) (clarifying that the phrase "necessarily obtained for use in the case" under

§ 1920(4) did not preclude taxation of materials obtained for use in discovery or for trial

preparation).  The current edition of the *Guidelines* has been adjusted to reflect this change.  *See*

Guidelines § I.D.1

The costs objected to by TPLLC include the following:

| Motorola's Requested Costs | | |
|---|---|---|
| Rule 30(b)(6) Deposition of LG | 7/29/2009, San Diego, CA (Requested in ECF 1579-1 at 6) | Transcript: $513 Exhibits: $589.00 |
| Rule 30(b)(6) Deposition of Samsung | 7/30/2009, Los Angeles, CA (Requested in ECF 1579-1 at 6) | Transcripts: $619.50 Exhibits: $512.50 |
| Rule 30(b)(6) Deposition of Clickatell | 6/12/2009, Palo Alto, CA (Requested in 1579-1 at 5) | Transcript: $466.90 Exhibits: $23.35 |
| Palm's Requested Costs | | |
| Rule 30(b)(6) Deposition of LG | Requested in ECF 1571-1 at 3. | Transcript: $513.30 |
| Rule 30(b)(6) Deposition of Samsung | Requested in ECF 1571-1 at 3. | Transcript: $401.20 |
| LG's Requested Costs | | |
| Rule 30(b)(6) Deposition of Motorola | 7/24/2009 Mundelein, IL (Requested in ECF No. 1577-2 at 4) | Transcript: $696.95 Exhibits: $535.75 |
| Rule 30(b)(6) Deposition of Samsung | 7/30/2009 Los Angeles, CA (Requested in ECF No. 1577-2 at 4-5) | Transcript: $619.50 Exhibits: $492.00 |
| Rule 30(b)(6) Deposition of Clickatell | 6/12/2009 Palo Alto, CA (Requested in ECF No. 1577-2 at 4) | Transcript: $466.90 Exhibits: $23.25 |

| Verizon's Requested Costs | | |
|---|---|---|
| Rule 30(b)(6) Deposition of Aicent | Requested in ECF No. 1568-2 at 7) | Transcript: $298.70<br>Exhibits: $87.25 |

TPLLC's objections to these depositions are of two varieties.  First, they claim that when these Defendants request costs of other parties to the case, these depositions are not necessary because the claims and allegations against one defendant are independent of the allegations against the requesting defendant.  ECF No. 8-14.  Second, they claim that certain depositions were only used to "mount a defense." ECF No. 10, 12.

These two objections cannot be accepted. First, the necessity of a deposition cost is measured by being reasonable and relevant at the time of its taking, and the depositions of parties to a case are specifically mentioned as taxable in the *Guidelines.*  This makes it impossible for the Clerk to accept the first objection of TPLLC.  It is difficult to imagine how the claims of one defendant in a civil case are not reasonably related to a similarly situated defendant in an expansive and far-reaching civil patent claim.  In addition, such an objection does not overcome the burden placed upon the non-prevailing party, since depositions of parties to the case are listed as taxable costs in the *Guidelines* § II.D.1(c).

Second, while costs associated for mounting a defense have previously been deemed "not taxable," the Fourth Circuit no longer accepts this interpretation of 28 U.S.C. § 1920.  *See Country Vintner of N.C.,* at *7.  The most recent version of the *Guidelines* has amended its list of non-taxable costs to reflect this change. For this reason, the second objection also cannot be accepted by the Clerk.

14

### III.     Summary of Defendants' Requested Costs

Having addressed all the objections to the requested costs of Defendants in TPLLC's

Consolidated Objection to Defendants' Bills of Cost, each Defendant's requested costs are

reviewed for taxation.

### A.  Sprint's Requested Costs

Prevailing Defendant Sprint requests a total of $15,846.40 for transcripts necessarily

obtained for use in a case.  ECF No. 1567.  These costs are requested as they are deposition

transcripts of a party to a case, transcripts used in support of a motion, transcripts of opposing

party's noticed depositions, and the copies of exhibits presented at these depositions—all of

which are listed in the *Guidelines* as taxable.  The requests are accompanied by the required

documentation, and as discussed above, the objections raised by TPLLC did not affect any of the

requested costs.  The total requested costs are granted as follows:

| Guideline Justification | Requested Costs |
|---|---|
| *Guidelines* § II.D.1.(c), (i) | $13,427.70 |
| *Guidelines* § II.D.1.(f), (i) | $1,545.30 |
| *Guidelines* § II.D.1.(k), (i) | $625.40 |
| **TOTAL** | **$15,846.40** |

For the reasons stated above, the Clerk will tax **$15,846.40** in favor of Sprint.

### B.  Verizon's Requested Costs

Prevailing Defendant Verizon requests a total of $20,616.84 for transcripts necessarily

obtained for use in the case and witness fees.  ECF No. 1568.  These costs are requested as they

are deposition transcripts of a party to a case, transcripts used in support of a motion, transcripts

of opposing party's noticed depositions, the copies of exhibits presented at these depositions, and

statutorily determined witness fees—all of which are listed in the *Guidelines* as taxable.  The

requests are accompanied by the required documentation, and as discussed above, the objections

raised by TPLLC did not affect any of the requested costs.  The total requested costs are granted as follows:

| Guideline Justification | Requested Costs |
|---|---|
| *Guidelines* § II.D.1.(c), (i) | $15,202.49 |
| *Guidelines* § II.D.1.(k), (i) | $2,160.65 |
| *Guidelines* § II.D.1.(f), (i) | $3,173.70 |
| *Guidelines* § II.F.1.(a) | $80.00 |
| **TOTAL** | **$20,616.84** |

For the reasons stated above, the Clerk will tax **$20,616.84** in favor of Verizon.

### C.  AT&T's Requested Costs

Prevailing Defendant AT&T requests a total of $22,854.10 for transcripts necessarily obtained for use in the case.  ECF No. 1570.  These costs are requested as they are deposition transcripts of the opposing party's noticed depositions, transcripts of a party to the case, transcripts used in support of a motion, and copies of exhibits presented at these depositions—all of which are listed in the *Guidelines* as taxable.  The requests are accompanied by the required documentation, and as discussed above, the objections raised by TPLLC did not affect any of the requested costs.  The total requested costs are as follows:

| Guidelines Justifications | Requested Costs |
|---|---|
| *Guidelines* § II.D.1.(k), (i) | $18,778.80 |
| *Guidelines* § II.D.1.(c), (i) | $2,779.05 |
| *Guidelines* § II.D.1.(f), (i) | $1,296.25 |
| **TOTAL** | **$22,854.10** |

For the reasons stated above, the Clerk will tax **$22,854.10** in favor of Verizon.

### D.  Defendant Palm's Requested Costs

Prevailing Defendant Palm requests a total of $12,230.55 for transcripts necessarily obtained for use in the case.  ECF No. 1571.  These costs are requested as they are deposition transcripts of parties to the case, transcripts used in support of a motion, and the copies of exhibits presented at these depositions, all of which are listed in the *Guidelines* as taxable.  The

requests are accompanied by the required documentation, and the objections raised by TPLLC did not affect any of the requested costs.  The total requested costs are granted as follows:

| Guidelines Justification | Requested Costs |
|---|---|
| *Guidelines* § II.D.1.(c), (i) | $10,685.25 |
| *Guidelines* § II.D.1.(f), (i) | $1,545.30 |
| **TOTAL** | **$12,230.55** |

For the reasons stated above, the Clerk will tax **$12,230.55** in favor of Palm.

### E.  Defendant Microsoft's Requested Costs.

Defendant Microsoft requests $5,309.65 in costs for deposition transcripts of parties to the case, transcripts used in support of a motion, transcripts of noticed depositions, and copies of exhibits presented in those depositions.  ECF No. 1575.  TPLLC has challenged Microsoft's status as a prevailing party due to the contents of the opinion of the Federal Circuit, specifically the remand of the claims that related to software providers.  ECF No. 1582 at 4-5.  As discussed above, Microsoft is not a prevailing party in this case as they remain at risk of an action on the same claim as this case.  Therefore, Microsoft's Bill of Costs is denied without prejudice as premature.

### F.  Defendant LG's Requested Costs.

Prevailing Defendant LG requests $21,577.00 in costs for deposition transcripts necessarily obtained for use in the case.  ECF No. 1577.  These costs are requested as they are deposition transcripts of parties to the case, transcripts of opposing party's noticed depositions, transcripts used in support of a motion, and copies of exhibits produced at these depositions – all of which are listed in the *Guidelines* as taxable.  The requests are accompanied by the required documentation, and as discussed above, the objections raised by TPLLC did not affect any of the requested costs.  The total requested costs are granted as follows:

| Guidelines Justification | Requested Costs |
|---|---|
| *Guidelines* § II.D.1.(c), (i) | $17,871.05 |
| *Guidelines* § II.D.1.(k), (i) | $2,160.65 |
| *Guidelines* § II.D.1.(f), (i) | $1,545.30 |
| **TOTAL** | **$21,577.00** |

For the reasons stated above, the Clerk will tax **$21,577.00** in favor of LG.

**G. Defendant Motorola's Requested Costs.**

Prevailing Defendant Motorola requests $24,371.00 in costs for deposition transcripts necessarily obtained for use in the case. ECF No. 1579. These costs are requested as they are deposition transcripts of parties to the case, transcripts of noticed depositions of parties to the case, noticed depositions, and copies of exhibits presented in these depositions—all of which are listed in the *Guidelines* as taxable. The requests are accompanied by the required documentation, and the objections raised by TPLLC did not affect any of the requested costs. The total requested costs are granted as follows:

| Guidelines Justification | Requested Costs |
|---|---|
| *Guidelines* § II.D.1.(c), (i) | $2,765.55 |
| *Guidelines* § II.D.1.(c), (k), (i) | $16,680.20 |
| *Guidelines* § II.D.1.(f), (i) | $2,764.60 |
| *Guidelines* § II.D.1.(k), (i) | $2,160.65 |
| **TOTAL** | **$24,371.00** |

**Conclusion**

Accordingly, the costs are hereby taxed in favor of Defendants Sprint, Verizon, AT&T, Palm, LG, and Motorola, and against TPLLC in the amount of **$117,495.89**, distributed among defendants as detailed above, and included in the judgment. Costs are denied without prejudice as to Defendant Microsoft, pending entry of a final judgment.

FELICIA C. CANNON, CLERK

By: _____/s/_____
Jarrett B. Perlow, Deputy Clerk

Dated this 9th day of August, 2013.